**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**ZANE BROWN,**

**Plaintiff,**

**vs.** **No. 2:23-cv-355**

**LEA COUNTY SHERIFF'S DEPARTMENT; COREY HELTON; MICHAEL WALKER; MIKE GALLAGHER; and CRAIG BOVA,**

**Defendants.**

**COMPLAINT FOR VIOLATIONS OF THE WHISTLEBLOWER PROTECTION ACT, AND FOR VIOLATIONS OF THE FOURTEENTH AND FIRST AMENDMENTS OF THE UNITED STATES CONSTITUTION**

Plaintiff Zane Brown (hereinafter referred to as "Plaintiff"), a Hispanic police officer, and a member of a protected class bring this complaint under NMSA 1978, § 10-16C-1 through Section 10-16C-6, the Whistleblower Protection Act, and 42 U.S.C. § 1983 for damages resulting from the violation of the due process clause of the United States Constitution; and, resulting from the retaliation against him for engaging in protected activities, and engaging in speech while employed by the Lea County Sheriff's Department (hereinafter referred to as "LCSD") as a police officer voicing public concern for the safety, wellbeing, and constitutional rights of civilians and other officers working for the LCSD.

**JURISDICTION AND VENUE**

Plaintiff brings this Complaint under 42 U.S.C. § 1983 for damages resulting from the Deprivation of Civil Rights inflicted upon him by Defendants. This Court has subject matter jurisdiction pursuant to 28 U.S.C § 1331. Personal jurisdiction is proper since all parties reside, are employed, or have significant contacts in the District of New Mexico.

Additionally, Defendants' actions giving rise to Plaintiff's claims took place within the District of New Mexico. Venue is properly laid in this Court pursuant to 28 U.S.C. § 1391(b) as Defendants' actions causing injury to the Plaintiff took place within the District of New Mexico. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 for Plaintiff's claims brought under NMSA 1978, § 10-16C-1 through Section 10-16C-6 of the Whistleblower Protection Act.

## PARTIES

1. Plaintiff was an officer employed by LCSD in the City of Hobbs, New Mexico.

2. Defendant LCSD is an entity within the County of Lea, State of New Mexico, and a municipality and person pursuant to Section 1983.

3. Defendant Corey Helton (hereinafter referred to as "Helton") was always an employee of LCSD, and the acting Sheriff of Lea County at all times relevant hereto. Helton is sued in his official and individual capacity.

4. Defendant Michael Walker (hereinafter referred to as "Walker") was always an employee of LCSD, and the acting Undersheriff of Lea County at all times relevant hereto. Walker is sued in his official and individual capacity.

5. Defendant Mike Gallagher (hereinafter referred to as "Gallagher") was always an employee of and a policymaker for Lea County. At all times relevant hereto, Gallagher was the acting County Manager. Gallagher is sued in his official and individual capacity.

6. Defendant Craig Bova (hereinafter referred to as "Bova") was always an employee of Lea County, and the acting Human Resources Director of Lea County at all times relevant hereto. Bova is sued in his official and individual capacity.

## FACTUAL BACKGROUND

7. During the time LCSD employed Plaintiff, he never had any disciplinary issues or complaints from the public or other officers.

8. In the initial 8 years that Plaintiff worked for the LCSD on two different occasions he was awarded the Good Conduct Medal that is awarded for having not been disciplined in 3 consecutive years.

9. Plaintiff reported wrongdoings he witnessed in the operation and conduct of the Sheriff and LCSD, such as Sheriff Helton placing bounties on people's heads for arrests, threatening other officers, unlawful searches and seizures/arrests, and nothing being done on certain investigations.

10. Plaintiff endured subsequent retaliatory actions for reporting any wrongdoings he witnessed or complaints with superiors that he had.

11. Halfway through his 9th year of employment with LCSD he was written up for the following:

a. Plaintiff was written up for not farrow scanning a suicide scene in which an individual killed himself in a small bathroom;

b. Bullying of Deputy Diana Garcia by stating that she was lazy; and

c. Another claim of bullying of Diana Garcia and exclusion was filed weeks later.

12. Each time Plaintiff was written up he was required to sign the write-up; however, the write-ups were never placed in his personnel file.

13. The reason the write-ups were never placed in his personnel file is because they were baseless and frivolous.

14. An individual by the name of Jeremy Holliman was murdered and the victim's family began posting billboards throughout Lea County that the District Attorney, Dian Luce was not taking the necessary steps to bring the murderer to justice.

15. Plaintiff was the lead detective assigned to the investigation of the death of Jeremy Holliman and Defendant Helton accused Plaintiff of providing information to the family as to the District Attorneys lack of effort.

16. The retaliatory actions forced Plaintiff to seek employment elsewhere; although, when he tried to apply elsewhere, individuals at LCSD ensured they would not get hired.

17. Plaintiff never found employment.

18. Below are some of the accounts of what Plaintiff faced, in retaliation for unveiling unlawful LCSD practices.

19. Plaintiff received good evaluations every year prior to his objecting to the practices of Sheriff Helton, Undersheriff Walker, and the LCSD.

20. After Plaintiff reported his objections to the LCSD unlawful practices and work environment, Defendant Walker began to harass Plaintiff with frivolous write-ups and disciplinary actions.

21. Plaintiff then tried to file a complaint against Defendant Walker for creating a hostile work environment.

22. However, Defendant Bova did not allow him to do so.

23. Plaintiff applied to Hobbs Police Department (hereinafter "HPD").

24. Robert Blanchard (hereinafter "Blanchard"), who is in charge of investigating potential new hires for HPD, requested to inspect Plaintiff's employment file with LCSD.

25. Defendant Bova gave Blanchard and HPD a copy of Plaintiff's employment file that contained false and fabricated information and did not match the employment file that Plaintiff was given a copy of.

26. Upon review of Plaintiff's employment file, Blanchard noticed that something was out of order. He had noticed that Plaintiff had never received a write-up or disciplinary action in seven-plus years, and then within a matter of months received multiple write-ups for minor, or outdated reasons.

27. Blanchard asked LCSD what was going on with Plaintiff's file and what was with the write-ups all of a sudden.

28. Once, Defendant Helton heard Blanchard was looking into this, and questioning his practices, Defendant Helton immediately met with HPD Police Chief and advised him that Blanchard was acting out of authority and to not hire Plaintiff.

29. HPD then reprimanded Blanchard, and Plaintiff never heard back from HPD.

30. Defendant Helton actively made it known that he would make sure HPD would not ever hire Plaintiff, and that would file a LEA90 on Plaintiff to have his certification revoked.

31. Defendant Gallagher was the County Manager and was made aware of these incidences but never took any action to prevent, stop, or correct any wrongdoings that were reported by Plaintiff.

32. Defendant Gallagher sat idly by, while Defendant Helton desperately tried to ruin the career of Plaintiff.

## COUNT I – VIOLATIONS OF THE NEW MEXICO WHISTLEBLOWER PROTECTION ACT

33. Plaintiff re-alleges and incorporate each paragraph above as if stated herein.

34. LCSD is a public employer as defined by NMSA 1978, § 10-16C-2.

35. During all times relevant to this Complaint, Plaintiff was a public employee as defined by NMSA 1978, § 10-16C-2B.

36. Plaintiff had reasonable bases to believe that his coworkers and supervisors had acted unlawfully and improperly; and when he reported that misconduct, Plaintiff acted in good faith.

37. Through attempts to report the misconduct and discrimination at LCSD, and ultimately unveil the culture, Plaintiff engaged in activities expressly protected by § 10-16C-2E and § 10-16C-3 A and B of the New Mexico Whistleblower Protection Act (hereinafter referred to as "WPA").

38. When Plaintiff unveiled the illegal practices at LCSD, Defendants retaliated by out-casting Plaintiff and ensuring that Plaintiff would have to work in a difficult environment.

39. Defendants violated the WPA by retaliating against Plaintiff for engaging in these activities, through their attempts at preventing Plaintiff from seeking further employment elsewhere.

40. As a direct result of LCSD's illegal retaliation against Plaintiff, they are and continue to be damaged in an amount to be proven at trial, which includes but is not limited to; lost past and future wages, lost employment benefits, lost overtime, humiliation including loss of professional reputation and standing, loss of opportunities for promotions, emotional distress, and other compensatory damages.

41. Defendants effectively created a work environment that forced Plaintiff out of LCSD and was trying to leave Plaintiff jobless. Plaintiff has still not been able to get another law enforcement job.

42. Public policy encouraged Plaintiff to speak out concerning the misconduct at LCSD.

43. Defendants' retaliatory conduct was such that the imposition of punitive damages is authorized.

**COUNT II – VIOLATIONS OF THE FIRST AMENDMENT RIGHTS TO FREE SPEECH TO ASSOCIATION UNDER THE UNITED STATES CONSTITUTION**

44. Plaintiff re-alleges and incorporate each paragraph above as if stated herein.

45. Under the First Amendment of the United States Constitution, "Congress shall make no law… abridging the freedom of speech, or of the pre…." U.S.C.A. Const. Amend. I.

46. Plaintiff intended to bring to light wrongdoings and breaches of public trust by LCSD and disclose evidence of impropriety and malfeasance within the Department to protect citizens and other officers from invidious discrimination. Police officers are, as a class, the members of a community most likely to have informed and definite opinions as to how to police communities.

Plaintiff is, as a police officer, in a valuable and unique position to provide community policing to heal distrust between the civilian community and LCSD. Accordingly, it is essential that they be able to speak out freely on questions of policing communities without fear of retaliatory actions or dismissal.

47. This was a First Amendment-protected speech on a matter of public concern.

48. Defendants' interest in promoting the efficiency of its public service did not outweigh this public concern, nor invidious retaliation.

49. This protected speech was a motivating factor in the adverse employment actions by Defendants, taken against Plaintiff.

50. Defendants violated Plaintiff's rights to free speech and to free association, guaranteed under the First Amendment when they unreasonably subjected Plaintiff to retaliation for exercising his protected rights.

51. Plaintiff was not afforded his constitutional right, as a police officer, to speak out about the police departments' unlawful practices against citizens and other officers.

52. Defendants punished and retaliated against Plaintiff for his speaking out against LCSD unlawful practices.

53. Defendants violated constitutional law and were deliberately hostile toward Plaintiff.

54. Defendants are liable under 42 U.S.C. § 1983.

55. Plaintiff seeks relief from this Court under the First Amendment of the United States Constitution.

## COUNT III – FOURTEENTH AMENDMENT<br>VIOLATIONS OF SUBSTANTIVE DUE PROCESS

56. Plaintiff hereby incorporates by reference each of the allegations set forth in the preceding paragraphs as if re-alleged fully herein.

57. Plaintiff has a liberty interest and/or property interest in his employment as a law enforcement officer and his right to air his grievances for the harassment, discrimination, and retaliation he endured and witnessed at LCSD to his chain of command.

58. Defendants violated Plaintiff's liberty interests which entitled him to the right to prevent persons in governmental positions of power from depriving individuals of their constitutional right to due process.

59. Defendants discriminated against Plaintiff, in violation of his right to liberty and property interests and they are thus liable in violation of 42 U.S.C. § 1983 and violations of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

60. Defendants discriminated against Plaintiff, for his voicing of the unlawful practices of Defendant Helton and LCSD.

61. Defendants had notice of a hostile environment at the LCSD for Plaintiff and those who speak out against unlawful practices, and the Defendants failed to adequately respond to a hostile environment and instead retaliated against Plaintiff.

62. Defendants are liable for punitive damages for their invidious discrimination and retaliation against Plaintiff.

63. Defendants' actions towards Plaintiff shocks the conscience.

64. Defendants' actions intentionally and willfully deprived Plaintiff of his liberty interests and property interests without due process of law and without recourse for the arbitrary, abusive, and harassing conduct of Defendants toward Plaintiff.

65. Defendants' actions proximately caused damages to Plaintiff as previously alleged.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests the Court grant judgment in his favor and against Defendants based on the violations of the New Mexico Whistle Blower Protection Act and the Equal Protection Clause and the First Amendment of the United States Constitution; award actual damages; attorney fees and costs; special damages; and punitive damages against individual Defendants Sheriff Corey Helton, Undersheriff Michael Walker, Human Resource Director Craig Bova, and County Manager Mike Gallagher for their hateful conduct towards Plaintiff and other law enforcement officers working in Lea County, New Mexico.

Respectfully submitted,

**ZEBAS LAW FIRM, L.L.C.**

By: */s/ Joseph M. Zebas*
Joseph M. Zebas, Esq.
P.O. Box 1675
Hobbs, NM 88241-1675
T: (575) 393-1024
F: (575) 393-1234
joe.zebas@zebaslaw.com

*Attorney for Plaintiff*