IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ZANE BROWN,
    Plaintiff,

No. 2:23-CV-00355-GBW-GJF

v.

LEA COUNTY SHERIFF'S
DEPARTMENT; COREY HELTON;
MICHAEL WALKER; MIKE
GALLAGHER; and CRAIG BOVA,
    Defendants.

## LEA COUNTY DEFENDANTS' MOTION TO DISMISS

MYNATT SPRINGER P.C. (Benjamin J. Young and Jennifer M. Meyer), counsel for Lea County Sheriff's Department, Corey Helton, Michael Walker, Mike Gallagher, and Craig Bova ("Lea County Defendants"), hereby submit this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Lea County Defendants have requested concurrence of opposing counsel pursuant to D.N.M. LR-Civ 7.1(a). The Motion is opposed.

## INTRODUCTION

Plaintiff makes the following claims arising out of his employment at the Lea County Sheriff's Office: Count 1-violation of the New Mexico Whistleblower Protection Act; Count 2- violations of the First Amendment rights of free speech and free association under the United States Constitution; and Count 3- violation of substantive due process under the Fourteenth Amendment. [Doc. 1].

The Court must dismiss Plaintiff's Complaint for failure to state claims upon which relief can be granted. Plaintiff's repeatedly fails to meet the required pleading standards and, thus, deprives Lea County Defendants of notice regarding the claims raised against them. [Doc. 1]. First,

Plaintiff has improperly alleged claims against the Lea County Sheriff's Department which is an entity without the capacity to sue or be sued. Second, Plaintiff's claims against Lea County, incorrectly pled as official capacity claims, fail to assert a plausible *Monell* claim.

## LEGAL STANDARDS

Under the Federal Rules of Civil Procedure 12(b)(6), a Court should dismiss a complaint for "failure to state a claim upon which relief can be granted." When a party moves to dismiss claims under Rule 12(b)(6), the Court's role is not to weigh the potential evidence, but to determine whether the complaint alone is sufficient to assert a claim for which relief may be granted. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

To survive a motion to dismiss, the complaint must contain factual allegations that, when taken as true, "state a claim of relief that is plausible on its face." *Kansas Pen Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). In construing the complaint, the Court accepts as true only well-pleaded factual allegations, not legal conclusions. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009)). Additionally, the court must accept as true the complaint's factual allegations and view them in the light most favorable to the nonmoving party. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 126, 1236 (10th Cir. 1999).

## ARGUMENT

**A. THIS COURT MUST DISMISS PLAINTIFF'S CLAIMS AGAINST DEFENDANT LEA COUNTY SHERIFF'S OFFICE UNDER FED. R. CIV. P. 12(b)(6) BECAUSE THE SHERIFF'S OFFICE IS A SUBDIVISION OF LEA COUNTY AND NOT AN ENTITY SUBJECT TO SUIT.**

In New Mexico, for "all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be the board of county commissioners of the county[.]" NMSA 1978, § 4-45-1. Indeed, counties are granted the same powers as municipalities which are "body

politic and corporate [and] may…sue and be sued." NMSA 1978, § 4-37-1; NMSA 1978, §3-18-1.

While New Mexico jurisprudence has yet to specifically address the issue, the Tenth Circuit has held that subsidiary departments of governing bodies are not proper parties to a suit. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985). This holiday applies to local law enforcement departments as the "Tenth Circuit has stated that police departments are not suable entities…because they lack legal identities apart from the municipality." *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1186 (D.N.M. 2014). Furthermore, the "United States District Court for the District of New Mexico has consistently held that the [Albuquerque Police Department] is not a suable entity[] [b]ecause [it] is merely a department of the City of Albuquerque[.]" *Id*. This principal is not limited to New Mexico jurisprudence as a majority of jurisdictions hold that municipal departments are not proper defendants and cannot be held liable. *Id*.; *see Boren v. City of Colorado Springs*, 624 F. Supp. 474, 479 (D. Colo. 1985 (City police department is not a proper party because it is merely a vehicle through which the city fulfills its policing functions); *Reed v. Ottawa County Sheriff's Dept.*, 2010 U.S. Dist. LEXIS 134139, *4-*5 (N.D. Okla. 2010) (claims against county clerk's office and sheriff's department must be dismissed because they have no independent identity); *Reese v. Chicago Police Dep't.*, 602 F. Supp. 441, 443 (N.D. Ill. 1984) (Chicago Police Department and the Cook County Attorney's office are not suable entities because they have no legal existence independent of the City and County).

Here, Plaintiff has sued an improper party: the Lea County Sheriff's Office. The Sheriff's Office does not have a separate legal identity or authority to initiate or defend lawsuits because the New Mexico Legislature has only granted such authority to New Mexico's counties and

municipalities. NMSA 1978, § 3-18-1. Thus, Plaintiff's claims against the Sheriff's Office must be dismissed with prejudice since it is not a recognized entity, and, therefore, is an improper party.

### B. THIS COURT MUST FURTHER DISMISS PLAINTIFF'S CLAIMS AGAINST LEA COUNTY DEFENDANTS IN THEIR OFFICIAL CAPACITY BECAUSE OFFICIAL CAPACITY CLAIMS ARE CLAIMS AGAINST THE ENTITY AND PLAINTIFF HAS FAILED TO ALLEGE A POLICY, PRACTICE OR CUSTOM CAUSED HIS INJURY.

The Court must dismiss all claims against Lea County Defendants in their official capacities since Plaintiff's claims are against the County. *See Brown v. Montoya*, 662 F.3d 1152, 1164, n. 8 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.") (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Indeed, a suit against a government official in his or her official capacity under §1983 is in truth a suit against the government entity of which the officials are agents. *See Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 921 F. Supp. 2d 1137, 1203 (D.N.M. 2013). When a government entity receives notice of a claim, and has an opportunity to respond, the official capacity suit is treated as a suit against the government entity. Id. As such, Plaintiff's claims against all Lea County Defendants in their official capacities is a suit against Lea County.

Plaintiff's claims against Lea County must be dismissed as Plaintiff has also failed to plead sufficient facts demonstrating plausible municipal liability claims against Lea County. Section 1983 is the exclusive vehicle for bringing constitutional claims against individuals acting under the color of law. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994) (Section 1983 creates no substantive rights and, instead, is the means through which a Plaintiff may seek redress for deprivations of civil rights under the United States Constitution).

"Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy or some nature caused a constitutional tort." *Monell v. Dep't of Social Servs.*,

436 U.S. 658, 691-692 (1978). To bring a suit under Section 1983, a plaintiff must plead sufficient facts showing that (1) a municipal employee committed a constitutional violation and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation. *See Jiron v. City of Lakewood*, 392 F.3d 410, 419 (10th Cir. 2004).

Indeed, a plaintiff must show that there is "a causal relationship between the policy or custom and the underlying violation and (2) deliberate indifference." *Burke v. Regalado*, 950 P.3d 960, 999 (10th Cir. 2019). A municipality is only liable "when execution of a government's policy or custom [can be ] said to represent official policy, inflicts the injury that the government as an entity is responsible for under § 1983." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013). Specifically, Plaintiff must "identify a specific deficiency that was obvious and 'closely related' to his injury, [] so that it might fairly be said that the official policy or custom was both deliberately indifferent to his constitutional rights and the moving force behind his injury." *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010) (internal citations omitted).

Here, the Plaintiff has failed to allege—or mention—a policy or custom of Lea County which was the moving force behind his constitutional claims. Moreover, Plaintiff's claims lack any plausible factual assertions and are nothing more than conclusory allegations. As such, Plaintiff has not stated a viable claim against Lea County upon which relief can be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Therefore, because Plaintiff's official capacity claims are against Lea County and Plaintiff he has not alleged that any policy, custom, or practice caused his injury, Plaintiff has failed to state a claim upon which relief can be granted. Thus, the Court must dismiss Plaintiff's official capacity claims against all Lea County Defendants.

## CONCLUSION

Plaintiff cannot maintain his claims against the Lea County Sheriff's Office because it is an improper party. Additionally, Plaintiff has failed to state claims upon which relief can be granted against Lea County Defendants in their individual capacities since he has failed to allege that Lea County Defendants acted outside the scope of their duties. Thus, Lea County Defendants request the Court dismiss these claims with prejudice.

Respectfully submitted,

MYNATT SPRINGER P.C.

_/s/ Benjamin J. Young_
BENJAMIN J. YOUNG
New Mexico Bar No. 144702
JENNIFER M. MEYER
New Mexico Bar No. 160319
P.O. Box 2699
Las Cruces, NM 88004
(575) 524-8812
bjy@mmslawpc.com
jmm@mmslawpc.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 18th day of August 2023, a copy of the foregoing pleading was served on the following via CM/ECF and electronic mail:

Joseph M. Zebas
ZEBAS LAW FIRM, L.L.C.
P.O. Box 1675
Hobbs, NM 88241-1675
(575) 393-1024
Joe.zebas@zebaslaw.com
*Attorney for Plaintiff*

_____
BENJAMIN J. YOUNG
JENNIFER M. MEYER