IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ZANE BROWN,

    Plaintiff,

v.                                                 No. 2:23-CV-00355-GBW-GJF

LEA COUNTY SHERIFF'S
DEPARTMENT;  COREY HELTON;
MICHAEL WALKER; MIKE
GALLAGHER;  and CRAIG BOVA,

    Defendants.

**PLAINTIFF'S RESPONSE TO
LEA COUNTY DEFENDANTS' MOTION TO DISMISS**

COMES NOW, Plaintiff Zane Brown (hereinafter "Plaintiff"), by and through his attorney of record, Joseph M. Zebas, ZEBAS LAW FIRM, L.L.C., and in response to Lea County Defendants' Rule 12(b)(6) Motion to dismiss for failure to state a claim responds as follows:

**I. INTRODUCTION**

Plaintiff's claims arise out of his employment at the Lea County Sheriff's Office: Count I-violation of the New Mexico Whistleblower Protection Act; Count 2- violations of the First Amendment rights of free speech and free association under the United States Constitution; and Count 3- violation of substantive due process under the Fourteenth Amendment. [Doc. 1]. Plaintiff's Complaint is properly pled, and states claims upon which relief can be granted. Plaintiff meets the required pleading standards and, thus, does not deprive Lea County Defendants notice of the claims raised against them. [Doc. 1]. Additionally, the Lea County Sheriff's Department is a suable entity. And Plaintiff's claims satisfy a *Monell* claim.

## II. LEGAL STANDARDS

Under the Federal Rules of Civil Procedure 12(b)(6), a 12(b)(6) motion should not be granted "unless it appears beyond doubt that [claimant] can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Court, in reviewing a 12(b)(6) motion, should accept all well-pleaded factual allegation as true, see *Ash Creek Mining Co. v. Lujan*, 969 F.2d 868, 870 (10th Cir. 1992) and view them in the light most favorable to the non-moving party. See *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). "A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint, not the factual allegations of the pleadings which, for purposes of ruling on the motion, the court must accept as true." *Baldonado v. El Paso Natural Gas Co.*, 2008-NMSC-005, ¶ 6, 143 N.M. 288, 176 P.3d 277 (quoted authority omitted). A Rule 1-012(B)(6) motion to dismiss should be granted "when it appears the plaintiff cannot be entitled to relief under any state of facts provable under the claim." *Runyan v. Jaramillo*, 1977-NMSC-061, ¶ 21, 90 N.M. 629, 567 P.2d 478. Additionally, the court must accept as true the complaint's factual allegations and view them in the light most favorable to the nonmoving party. *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 126, 1236 (10th Cir. 1999).

## III. ARGUMENT

### A. LEA COUNTY SHERIFF'S OFFICE IS A SUABLE ENTITY

Lea County Sherrif's Office is a suable entity because it is a sub-unit of the County of Lea. It has its own leadership and is a separate branch of the government and pursuant to *Monell,* municipalities and local governments are "persons" who may be sued under § 1983, *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), "[g]enerally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010) (citing *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (City of Denver Police Department was not a separate suable entity); *see also Ketchum v. Albuquerque Police Dept.*, 958 F.2d 381. However, in *Monell*, *supra*, the Supreme Court held that

municipalities can be liable under § 1983 for damages when the municipality inflicts constitutional injury through a "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." 436 U.S. at 694. Such a policy or custom may include what is, in effect, a "policy of inaction" in the face of knowledge that municipal officials are routinely violating a specific constitutional right, thus becoming "the functional equivalent of a decision by the [municipality] itself to violate the Constitution." *Connick v. Thompson*, 563 U.S. 51, 61-62, 131 S. Ct. 1350, 179 L. Ed. 2d 417 (2011) (internal quotation marks omitted); *see also Monell*, 436 U.S. at 690-91 (discussing § 1983's application to "customs and usages," not just formally adopted policies and practices) (Emphasis added).

In this case, Defendant Helton established hostile customs in the workplace including, but not limited to: threatening officers who do not go along with his "good ol' boys club" culture that he has fostered, condoning unlawful searches and seizures, preventing Plaintiff from gaining employment as a police officer with Hobbs Police Department or any other municipality, and condoned, encouraged, and allowed his management team to develop customs that consist of hostility and retaliation. Specifically, Defendant Helton allowed Travis Hobbs, Michael Walker, Jeannette Sandoval, Mike Gallagher, and Chris Bova to retaliate against Plaintiff when he filed a complaint against management or went against the grain. These managers retaliated against Plaintiff by issuing frivolous write-ups and recommended that Plaintiff be demoted because it was believed by Defendant Walker that he was responsible for a complaint against Defendant Walker for drinking and driving, which was actually lodged by Aaron Rodriguez. When Plaintiff expressed his concerns of Micheal Walkers retaliatory behavior to Chris Bova (who did nothing about it), he was placed on administrative leave.

Also see, *Cordova v. Aragon*, 569 F.3d 1183, 1194 (10th Cir. 2009) ("A failure to investigate or reprimand might also cause a future violation by sending a message to officers that such behavior is tolerated."). The latter theory (inadequate discipline/supervision) falls under the general rubric of "failure to train." *Estate of Reat v. Rodriguez*, 2014 U.S. Dist. LEXIS 122500, 2014 WL 4358333, at

*2 n.4 (D. Colo. Sept. 3, 2014) ("Allegations of inadequate discipline and/or supervision are treated as failures to train " (citing *Okolo v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931, 943 (M.D. Tenn. 2012)) (Emphasis added). Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover, although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 "person," by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decision-making channels. Had Defendant Helton or Defendant Bova handled the misconduct of Travis Hobbs, Michael Walker, Jeannette Sandoval, Mike Gallagher, this lawsuit would have been avoided. Instead, Lea County Defendants have promulgated a culture that has allowed for retaliation and hostility towards integrous and just officers. Plaintiff had never had a single write up, issue or complaint in the eight (8) years he worked for LCSD until he spoke up about the unlawfulness of Training Coordinator Travis Hobbs instructing Plaintiff to fail a fellow officer's (Ahmaad White's) background check because Ahmaad was black.

### B. LEA COUNTY DEFENDANTS NAMED IN THEIR OFFICIAL CAPACITY ARE PROPERLY NAMED CLAIMS BECAUSE PLAINTIFF'S INJURY WAS CAUSED BY POLICY, PRACTICE OR CUSTOM OF LCSD.

Plaintiff's claims against Lea County Defendants in their official capacities are valid since the Lea County Defendants were acting in their official capacity and outside the scope of their duties. Plaintiff's claims are against the County. *See Brown v. Montoya,* 662 F.3d 1152, 1164, n. 8 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.") (quoting *Will v. Mich. Dep't of State Police,* 491

U.S. 58, 71 (1989)). Indeed, a suit against a government official in his or her official capacity under §1983 is in truth a suit against the government entity of which the officials are agents. *See Jarita Mesa Livestock Grazing Ass'n v. US Forest Serv.*, 921 F. Supp. 2d 1137, 1203 (D.N.M. 2013). When a government entity receives notice of a claim, and has an opportunity to respond, the official capacity suit is treated as a suit against the government entity. Id. As such, Plaintiff's claims against all Lea County Defendants in their official capacities is a suit against Lea County.

Defendants state in their motion, "Plaintiff's claims against Lea County must be dismissed as Plaintiff has also failed to plead sufficient facts demonstrating plausible municipal liability claims against Lea County." However, Plaintiff has specifically plead relevant, legally significant facts, including but not limited to:

- Plaintiff reported wrongdoings he witnessed in the operation and conduct of the Sheriff and LCSD, such as Sheriff Helton placing bounties on people's heads for arrests, threatening other officers, unlawful searches and seizures/arrests, and nothing being done on certain investigations. [Paragraph 9, Doc 3].

- Each time Plaintiff was written up he was required to sign the write-up; however, the writeups were never placed in his personnel file because they were frivolous. [Paragraph 12-13, Doc 3].

- In September 2021, Plaintiff was assigned a background investigation for a Hobbs Police Department employee, Ahmaad White. During the course of the background investigation, the plaintiff was asked to do a specific task to purposely fail Ahmaad Whites's background investigation. This task was given by Training Coordinator Travis Hobbs per Walker. Plaintiff expressed his concern about this unethical conduct to his supervisor Jeremy Grady and Investigator Jeannette Sandoval. [Paragraph 14, Doc 3].

- Wednesday, July 6, 2022, Aaron Rodriguez sent a complaint to Helton for Walker drinking and driving after he observed him consuming alcohol at a restaurant. Plaintiff was recommended for demotion by Walker after he found out that Plaintiff was part of the complaint filed against him. [Paragraph 16-17, Doc 3].

- Plaintiff emailed Bova expressing his concerns about Walker wanting him to be demoted being unfair and biased. On Wednesday, July 20, 2022, Plaintiff was placed on administrative leave by Helton for "evidence of your attempting to

- influence an investigation of alleged misconduct of department personnel". Which is the complaint from Aaron Rodriquez. [Paragraph 18-19, Doc 3].

- Upon Plaintiff submitting his application to HPD, Robert Blanchard was tasked with reviewing the employment file of Zane Brown to determine if he was eligible for hire. Officer Blanchard has been performing background investigations on behalf of HPD for many years. In his investigation he determined that there were improper alterations of Brown's employment file. Officer Blachard certainly determined that Plaintiff was eligible for hire. Blanchard's findings upset Defendant Helton who made sure the Plaintiff would not be hired by HPD. *Summarized from paragraphs 34-41 of Document 3.*

Document 3, 2:23-cv-00355-GBW-GJF.

Defendants must not have read the complaint, are looking at Document 1 rather than Document 3, or are attempting to downplay their civil wrongdoings. When in fact, Plaintiff has shown that there is "a causal relationship between the policy or custom and the underlying violation and (2) deliberate indifference." *Burke v. Regalado,* 950 P.3d 960, 999 (10th Cir. 2019). Here, the custom of supervisors and undersheriffs being allowed to retaliate against complaining/whistleblowing officers (like that of Plaintiff) when a complaint is made about them is the direct cause of the underlying constitutional violation. For example, when Defendant Walker thought that Plaintiff submitted the complaint about Defendant Walker driving drunk, Defendant Walker recommended that Plaintiff be demoted. Furthermore, When Plaintiff raised concerns about Defendant Walker's retaliatory and unprofessional behavior to Defendant Chris Bova, Plaintiff was placed on administrative leave.

Therefore, because Plaintiff has sufficiently pled the facts that Defendant LCSD's policy, custom, or practice caused his injury, Plaintiff has satisfied the well-pleaded complaint standard. Thus, the Court must deny Defendant's Motion.

## CONCLUSION

Therefore, Lea County Defendants must remain in this lawsuit as a proper party to the cause of action. Moreover, Plaintiff has shown that Lea County Defendants are also properly named in their individual capacities because the Lea County Defendants acted outside the scope of

their duties. Thus, Plaintiff request the Court deny Defendant's Motion to Dismiss.

Dated the 7th of September 2023.

                                            Respectfully Submitted by:

                                            ZEBAS LAW FIRM, L.L.C.

                                            By: */s/ Joseph M. Zebas*
                                            Joseph M. Zebas, Esq.
                                            P.O. Box 1675
                                            Hobbs, NM 88241-1675
                                            T:  575-393-1024
                                            *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of September 2023, a copy of the foregoing pleading was served on the following via CM/ECF and electronic mail:

Benjamin J. Young
MYNATT SPRINGER, P.C.
P.O. Box 2699
Las Cruces, NM 88004
(575) 524-8812
bjy@mmslawpc.com
jmm@mmslawpc.com
*Attorneys for Defendants*

Respectfully Submitted by:

ZEBAS LAW FIRM, L.L.C.

By: */s/ Joseph M. Zebas*
Joseph M. Zebas, Esq.
P.O. Box 1675
Hobbs, NM 88241-1675
T: 575-393-1024
*Attorney for Plaintiff*