IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ZANE BROWN,

    Plaintiff,

v.                                                                              2:23-cv-00355-DHU-GJF

LEA COUNTY SHERIFF'S
DEPARTMENT, COREY HELTON,
MICHAEL WALKER, MIKE
GALLAGHER, and CRAIG BOVA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

        This matter is before the Court on a motion to dismiss brought by the Lea County Sheriff Department ("LCSD"), and other individuals employed by Lea County or the LCSD (collectively "Defendants"). Doc. 10. Plaintiff filed a response, Doc. 16, to which Defendants filed a reply. Doc. 20. After carefully considering the motion, briefs, arguments, and being fully advised of the premises, the Court concludes that the motion will be **GRANTED in part** and **DENIED in part** as explained below.

### I. BACKGROUND

        Plaintiff's claims arise out of his time as an officer employed at the LCSD in Hobbs, New Mexico. First Am. Compl. ¶ 1, Doc. 3. Plaintiff worked LCSD for multiple years without any problems. *Id*. ¶ 8. However, he alleges he was eventually retaliated against for reporting wrongdoings of the Lea County Sheriff and other LCSD officials. *Id*. ¶ 9. As Plaintiff describes it, he was subject to several baseless "write-ups" and was the target of several internal investigations or complaints. *Id*. ¶¶ 13, 15, 16, 21. Defendant Walker, the Lea County undersheriff, eventually

demoted Plaintiff. *Id*. ¶¶ 22-23. Plaintiff states that he tried to find employment outside of LCSD but "individuals at LCSD ensured [that he] would not get hired." *Id*. ¶ 25.

On July 21, 2023, Plaintiff filed a three-count First Amended Complaint. He sued the following five Defendants: (1) the LCSD, (2) Acting LCSD Sheriff Corey Helton, (3) Acting LCSD Undersheriff Michael Walker, (4) Acting Lea County Manager Mike Gallagher, and (5) Acting Lea County Human Resources Director Craig Bova. *Id*. ¶¶ 2-6. He sued all Defendants under 42 U.S.C. § 1983 and the New Mexico Whistleblower Protection Act ("WPA"), NMSA 1978, § 10-16C-2. Plaintiff sued the four individual defendants in their "official and individual capacit[ies]." *Id*. ¶¶ 2-6. Defendants moved to dismiss the complaint, which the Court will analyze below.

## II. LEGAL STANDARD

In reviving a motion to dismiss brought under Fed. R. Civ. Proc. 12(b)(6), the court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation marks omitted). However, "mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "Accordingly, in examining a complaint under Rule 12(b)(6), we will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id.* Stated differently, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. DISCUSSION

Defendants move to dismiss the First Amended Complaint on two grounds: (1) Plaintiff's § 1983 claims against LCSD must be dismiss because LCSD is not a suable entity under § 1983, (2) Plaintiff's § 1983 claims against Lea County fail because Plaintiff has not plausibly alleged that a municipal policy, custom, or practice caused his alleged constitutional injuries.

**1.      Plaintiff's Claims Against the Lea County Sheriff's Department under 42 U.S.C. § 1983 Are Dismissed**

Defendants first argue that LCSD is not a suable entity under § 1983. "The Tenth Circuit has stated that 'police departments ... are not suable entities under § 1983, because they lack legal identifies apart from the municipality.'" *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1186 (D.N.M. 2014) (quoting *Ketchum v. Albuquerque Police Dep't,* No. CIV 91–2200, 1992 WL 51481, at *2 (10th Cir. Mar. 12, 1992) (unpublished)). Therefore, the Tenth Circuit has on numerous occasions dismissed § 1983 claims against police departments. *See Stone v. Jefferson Cnty. Det. Facility*, 838 F. App'x 348, 350 (10th Cir. 2020) ("the Jefferson County Sheriff's Department—[is] not [a] suable entit[y] under § 1983") (unpublished); *Mohammad v. Albuquerque Police Dep't*, 699 F. App'x 838, 839 (10th Cir. 2017) ("the Albuquerque Police Department is not a 'person' under § 1983") (unpublished); *Lindsey v. Thomson*, 275 F. App'x 744, 747 (10th Cir. 2007) ("the Plaintiff has attempted to sue [three police departments] … that are not legally suable entities") (unpublished); *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that the City of Denver Police Department "is not a separate suable entity"). This Court has also held that police departments are not proper parties in § 1983 actions. *See Young*, 77 F. Supp. 3d at 1186 (collecting cases). Consistent with this authority, the Court dismisses the Lea County Sheriff's Department from this action because it is an improper defendant under § 1983.

2.  **Plaintiff Has Stated a Plausible Claim for Relief under *Monell*[1]**

Counties may be liable for suit under Section 1983. *See Moss v. Kopp*, 559 F.3d 1155, 1168 (10th Cir. 2009) ("municipalities (*e.g.,* local officials in their official capacity and counties, among others) do not enjoy absolute immunity from suit under § 1983") (citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 165–66 (1993)). To establish a claim for damages under § 1983 against municipal entities or local government bodies, "a plaintiff must show 1) the existence of a municipal policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged." *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (citation omitted). A policy or custom for § 1983 municipal-liability purposes may take the following forms:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Waller v. City & Cty. of Denver*, 932 F.3d 1277, 1283–84 (10th Cir. 2019) (citation omitted).

Defendants argue that Plaintiff cannot establish either element of his *Monell* claim. *See* Doc. 10 at 5 ("Plaintiff has failed to allege - or mention - [1] a policy or custom of Lea County [2] which was the moving force behind his constitutional claims.") Beginning with the policy or custom element, while Plaintiff's First Amended Complaint does not appear to mention an official policy, it does contain sufficient allegations about Defendants' practices. For example, Plaintiff

---

[1] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 658 (1978).

alleges that he was retaliated against after reporting wrongdoings by Acting Sheriff Helton. After many years of an unblemished job record, Plaintiff was then written-up several times, but the write-ups were not placed in his file because they were allegedly baseless. Plaintiff further alleges that Acting Undersheriff Walker recommend Plaintiff for demotion after Walker discovered Plaintiff participated in a complaint against Walker. He further alleges that Acting Sheriff Walton ensured that Hobbs Police Department would not hire Plaintiff when Plaintiff sought work there. At the motion to dismiss stage, these allegations are sufficient to show the existence of custom or practice, thereby satisfying the first element.

Plaintiff's allegations also sufficiently establish "a direct causal link between the policy or custom and the injury alleged." *Bryson*, 627 F.3d at 788. He alleges that during his initial eight years of employment he was never disciplined. However, after reporting Acting Sheriff Helton for misconduct and participating in a complaint against Acting Undersheriff Walker, Plaintiff was retaliated against, targeted for baseless write-ups, and recommended for demotion by Acting Undersheriff Walker. These allegations demonstrate causation. When Plaintiff attempted to file a complaint against Walker, Defendant Bova (the County's acting HR director), prevented him from doing so. Acting County Manager Mike Gallagher was aware of the other Defendants' alleged conduct. However, he "but never took any action to prevent, stop or correct any wrongdoings" and instead "sat idly by … while Defendant Helton desperately tried to ruin the career of Plaintiff." First Am. Compl. ¶¶ 42-43. These allegations against Bova and Gallagher indicate that as county officials they sanctioned other Defendants' conduct and therefore were the moving force behind Plaintiff's alleged constitutional injury. Plaintiff's allegations sufficiently establish the second element of his *Monell* claim. In summary, Defendants motion to dismiss Plaintiff's *Monell* claim is denied.

## CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss (Doc. 10) is **GRANTED in part** and **DENIED in part** as follows: Defendants' motion to dismiss Plaintiff's § 1983 claims against the Lea County Sheriff's Department is **GRANTED**. In all other respects, the motion is **DENIED**.

**IT IS SO ORDERED**.

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE