## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ZANE BROWN,

      Plaintiff,

v.                                                                2:23-cv-00355-DHU-GJF

LEA COUNTY SHERIFF'S
DEPARTMENT, COREY HELTON,
MICHAEL WALKER, MIKE
GALLAGHER, and CRAIG BOVA,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Lea County Defendants Corey Helton, Michael Walker, Mike Gallagher, and Craig Bova's ("Defendants") Motion to Dismiss. Doc. 11. Zane Brown ("Plaintiff") filed a response, Doc. 17, to which Defendants filed a reply. Doc. 21. After carefully considering the motion, briefs, arguments, and being fully advised of the premises, the Court concludes that the motion will be GRANTED in part and DENIED in part as explained below.

## I. BACKGROUND

**Plaintiff's Allegations**

Plaintiff's claims arise out of his time as an officer employed at the Lea County Sheriff's Department ("LCSD") in Hobbs, New Mexico. Doc. 3, First Am. Compl. ¶ 1. During the initial eight years that Plaintiff worked at LCSD he claims he never received any disciplinary issues or complaints from citizens or fellow officers. *Id*. ¶¶ 7, 8. However, Plaintiff alleges that he was retaliated against after reporting misconduct on the part of Defendant Corey Helton, the acting Sheriff of LCSD. *Id*. ¶¶ 3, 9, 10. Plaintiff further contends that after making or participating in

these reports, he became a target and received several "baseless and frivolous" write-ups that were never actually placed in Plaintiff's employment file. *Id*. ¶¶ 12, 13.

Plaintiff also asserts that, in September 2021, he expressed his concern about unethical conduct on the part of Defendant Michael Walker, the acting undersheriff of LCSD. *Id*. ¶¶ 2, 14. Plaintiff alleges that, after reporting this conduct to his supervisor and an investigator, he was placed under an internal affairs investigation for an incident that occurred at a bar in April 2022. *Id*. ¶ 14, 15.   Plaintiff also states that in July 2022, he participated in another complaint against Defendant Michael Walker. *Id*. ¶¶ 2, 16, 17. The complaint alleged that Acting Undersheriff Walker had engaged in drinking and driving. *Id*. ¶ 19.

Plaintiff contends that,"[a]fter [he] reported his objections to the LCSD [about] unlawful practices and work environment, Defendant Walker began to harass Plaintiff [with the previously mentioned] frivolous write-ups and disciplinary actions." *Id*. ¶ 31. For instance, after Walker learned that Plaintiff was part of the complaint against him, Walker recommended that Plaintiff be demoted. *Id*. ¶ 17. Soon after, Defendant Helton placed Plaintiff on administrative leave for "attempting to influence [the] investigation" into Acting Undersheriff Walker. *Id*. ¶ 19.  Plaintiff then tried to file a complaint against Defendant Walker "for creating a hostile work environment." *Id*. ¶ 32. However, Defendant Craig Bova, Lea County's acting human resources director, prevented Plaintiff from filing a complaint. *Id*. ¶ 33.

According to Plaintiff, "[these] retaliatory actions forced Plaintiff to seek employment elsewhere; although, when he tried to apply elsewhere, individuals at LCSD ensured [that Plaintiff] would not get hired." *Id*. ¶ 25. For example, when Plaintiff applied to work at the Hobbs Police Department ("HPD") Defendant Bova gave HPD a copy of Plaintiff's employee file that "contained false and fabricated information." *Id*. ¶ 36.  Robert Blanchard, the HPD employee who

reviewed Plaintiff's file, thought Plaintiff's file seemed "out of order" because of the many recent write-ups. *Id.* ¶ 37. When Blanchard asked LCSD personnel about Plaintiff's file, Defendant Helton "immediately met with [the] HPD Police Chief and advised him … not to hire Plaintiff." *Id.* ¶ 38. After that, Plaintiff never heard back from HPD and Defendant Helton ensured that HPD "would never hire Plaintiff and that [Helton] would file a LEA90 on Plaintiff to have his certification revoked." *Id.* ¶¶ 40, 41.

According to Plaintiff, Defendant Mike Gallagher was the acting manager of Lea County during the events in question. *Id.* ¶¶ 5, 42.  Defendant Gallagher "was made aware of these incidents but never took any action to prevent, stop, or correct any wrongdoings" that Plaintiff reported. *Id.* ¶ 42. Instead, alleges Plaintiff, "Defendant Gallagher sat idly by, while Defendant Helton desperately tried to ruin the career of Plaintiff." *Id.* ¶ 43.

**Plaintiff's Lawsuit**

On July 21, 2023, Plaintiff filed a three-count First Amended Complaint. In Count I, Plaintiff alleges a violation of the New Mexico Whistleblower Protection Act ("WPA"), NMSA 1978, § 10-16C-2. *Id.*  ¶¶ 44-54. In Count II, Plaintiff alleges violations of his First Amendment rights and seeks a remedy under 42 U.S.C § 1983.  *Id.* ¶¶ 55-66. And in Count III Plaintiff alleges that Defendants deprived him of a protected interest in violation of the Fourteenth Amendment. *Id.* ¶¶ 67-76. Plaintiff's pleading named the following five Defendants: (1) the LCSD, (2) Acting Sheriff Helton, (3) Acting Undersheriff Walker, (4) Acting Lea County Manager Gallagher, and (5) Acting Lea County Human Resources Director Bova. *Id.* ¶¶ 2-6. Plaintiff sued the four individual defendants in their "official and individual capacit[ies]." *Id.* ¶¶ 2-6.

On August 18, 2023, Defendants filed the instant motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6). According to Defendants, the First Amended Complaint contains "overly

broad generalizations" rather than well-pleaded allegations. Doc. 11 at 1. Defendants argue that the claims against Defendants Bova and Gallagher are particularly vague and should be dismissed for that reason alone. As for the claims against Defendants Helton and Walker, Defendants argue that Plaintiff fails to establish a plausible claim for relief against them.

## II. LEGAL STANDARD

In reviewing a motion to dismiss brought under Fed. R. Civ. Proc. 12(b)(6), the court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation marks omitted). Although Federal Rule of Civil Procedure 8 does not require detailed factual allegations, "mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "Accordingly, in examining a complaint under Rule 12(b)(6), we will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id.* Stated differently, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Although municipalities and local governments are "persons" subject to suit under § 1983, *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 690,

98 S.Ct. 2018, 56 L.Ed. 611 (1978), "generally, governmental sub-units are not separate suable entities that may be sued under § 1983," *Hinton v. Dennis*, 362 Fed. App'x. 904, 907 (10th Cir. 2010) (unpublished).  County Sheriff's Departments are governmental sub-units and are thus not persons or entities capable of being sued under 1983.  *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that "'[t]he City of Denver Police Department' is not a separate suable entity, and the complaint will be dismissed as to it"); *Brown v. City of Las Cruces Police Dep't*, 347 F. Supp. 3d 792, 806–07 (D.N.M. 2018) (holding that the Dona Ana County Sheriff's Department was not a person and suable entity under § 1983).

### III. DISCUSSION

### A. Plaintiff Has Alleged a Plausible Claim under the New Mexico Whistleblower Protection Act Against Defendant Lea County Sheriff's Department.

Defendants move to dismiss Plaintiff's WPA claim (Count I). The New Mexico Whistleblower Protection Act "prohibits a public employer from taking retaliatory action against a public employee because the public employee [1] communicates information about conduct that the public employee believes in good faith to be unlawful or improper, [2] provides information to a public body as part of an inquiry into an unlawful or improper act, or [3] 'objects to or refuses to participate in an activity ... that constitutes an unlawful or improper act.'" *Flores v. Herrera*, 384 P.3d 1070, 1072 (N.M. 2016) (quoting N.M. Stat. Ann. § 10-16C-3)). The WPA defines an "unlawful or improper act" as a practice, procedure, action or failure to act on the part of a public employer that:

> (1) violates a federal law, a federal regulation, a state law, a state administrative rule or a law of any political subdivision of the state;
> (2) constitutes malfeasance to public office; or
> (3) constitutes gross mismanagement, a waste of funds, an abuse of authority or a substantial and specific danger to the public.

N.M. Stat. Ann. § 10-16C-2(E).

The Court concludes that Plaintiff has plausibly alleged claim under the WPA. While the Defendants are correct that the First Amended Complaint is not a model of clarity, the requisite WPA allegations are present.  Plaintiff alleges that during his first eight years of employment with Defendant LCSD, he had no disciplinary issues or complaints against him until after he began to report misconduct within the LCSD.  Doc. 3, ¶¶ 7,8.  For instance, Plaintiff alleges that he reported alleged misconduct by Defendant Helton which included "placing bounties on people's heads for arrests, threatening other officers, unlawful search and seizures/arrests, and nothing being done on certain investigations." *Id.*  ¶ 9.  He also alleges that he twice reported or participated in reporting misconduct on the part of Defendant Walker.  In one instance, Plaintiff states that he reported unethical conduct on the part of Defendant Walker to his supervisor, Jeremy Grady, and Investigator Jeannette Sandoval.  *Id*. ¶ 14.  His report was made after he was assigned to conduct a background investigation for a prospective applicant to the LCSD but was asked to purposely fail the applicant at the behest of Defendant Walker.  *Id*.  He also claims he participated in a complaint regarding Defendant Walker unlawfully drinking and driving. *Id*. ¶ 16.

There is no dispute that the LCSD is a public employer and Plaintiff was a public employee for purposes of the applicability of the WPA.  Furthermore, the conduct that Plaintiff alleges he reported constitute "unlawful or improper" acts because it includes what could be, if proven, violations of the law, gross mismanagement, or an abuse of authority on the part of Defendant Helton and Defendant Walker.  *See* N.M. Stat. Ann. § 10-16C-2(E).  Subsequent to these reports, Plaintiff alleges that he was subjected to retaliation by LCSD employees in the form of baseless disciplinary write-ups, an unwarranted internal affairs investigation, recommendations that he be demoted, placement on administrative leave, the placement of false information in his employment file, interference with other employment opportunities, and his actual demotion.  Doc. 3,  ¶¶ 10-

13, 15, 17, 19, 21, 24, 27, 36, 39, 41. Each of these actions on the part of the LCSD and its employees, if proven, could constitute unlawful retaliation against Plaintiff. The Court thus concludes that Plaintiff has sufficiently stated a plausible WPA claim. *See Flores*, 384 P.3d at 1072.

Defendants' Rule 12(b)(6) motion to dismiss Plaintiff's WPA claim (Count I) is therefore denied.

**B.      Plaintiff Has Not Sufficiently Alleged a First Amendment Retaliation Claim Under 42 U.S.C. § 1983.**

Defendants next move to dismiss Plaintiff's First Amendment retaliation claim (Count II). Through Count II of his FAC, Plaintiff alleges that "Defendants punished and retaliated against Plaintiff for his speaking out against LCSD unlawful practices." Doc. 3, ¶ 63. According to Plaintiff, his reports of misconduct and unlawful practices at the LCSD constituted "First Amendment-protected speech on a matter of public concern." *Id*. ¶ 58. Thus, "Defendants violated Plaintiff's rights to free speech and to free association, guaranteed under the First Amendment, when they unreasonably subjected Plaintiff to retaliation for exercising his protected rights." *Id*. ¶ 61. In their motion to dismiss, Defendants assert that, under the test used by courts to analyze claims of First Amendment retaliation, Plaintiff has not shown that his speech (i.e., his reports of misconduct) were made outside his official duties, precluding his constitutional claim. Defendants also argue that Plaintiff's vague and general allegation that "Defendants" violated his civil rights do not meet the required pleading standard for a Section 1983 claim.

**1)      Defendants have not shown that Plaintiff's speech was not protected by the First Amendment.**

"[P]ublic employees do not surrender all their First Amendment rights by reason of their employment. Rather, the First Amendment protects a public employee's right, in certain

circumstances, to speak as a citizen addressing matters of public concern." *Garcetti v. Ceballos*, 547 U.S. 410, 417, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006). "On the other hand, a public employer has a legitimate interest in promoting the efficiency of the public services it performs through its employees." *Singh v. Cordle*, 936 F.3d 1022, 1034 (10th Cir. 2019) (quoting *Garcetti*, 547 U.S. at 417, 126 S.Ct. 1951); *Pickering v. Board of Ed. of Twhp. High Sch. Dist. 205, Will Cty.*, 391 U.S. 563, 568, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). Courts apply "[t]he familiar *Garcetti/Pickering* analysis" *Trant v. Oklahoma*, 754 F.3d 1158, 1165 (10th Cir. 2014), "[t]o evaluate whether the public employee's constitutionally protected interest in free speech was violated[.]" *Singh*, 936 F.3d at 1034. The *Garcetti/Pickering* test considers:

> (1) whether the speech was made pursuant to an employee's official duties;
> (2) whether the speech was on a matter of public concern;
> (3) whether the government's interests, as employer, in promoting the efficiency of the public service are sufficient to outweigh the plaintiff's free speech interests;
> (4) whether the protected speech was a motivating factor in the adverse employment action; and
> (5) whether the defendant would have reached the same employment decision in the absence of the protected conduct.

*Knopf v. Williams,* 884 F.3d 939, 945 (10th Cir. 2018). "The first three elements are issues of law for the court to decide, while the last two are factual issues typically decided by the jury. To prevail, a plaintiff must [ultimately] establish all five elements." *Id.* (internal quotation and citations omitted).

In this case, Defendants argue that Plaintiff's First Amendment claim fails on the first prong of the *Garcetti/Pickering* test, which is that "[i]f the employee speaks pursuant to his official duties, then there is no constitutional protection because the restriction on speech simply reflects the exercise of employer control over what the employer itself has commissioned or created." *Couch v. Bd. of Trs. of Mem'l Hosp.*, 587 F.3d 1223, 1235 (10th Cir. 2009) (quotations omitted).

The Court notes that this argument is more appropriate for summary judgment because Defendants appear to be asserting that, given the facts here, they are entitled to judgment as a matter of law on this claim. *See* FED. R. CIV. P. 56(a). Nevertheless, the Court will address whether Plaintiff has sufficiently pled a First Amendment claim.

The inquiry under the first prong of the *Garcetti/Pickering* test is whether Plaintiff spoke as a citizen or as a public employee when he reported the misconduct at issue in this case. *See Reinhardt v. Albuquerque Pub. Sch. Bd. of Educ.*, 595 F.3d 1126, 1135 (10th Cir. 2010). In the context of reporting workplace misconduct, "[s]peech about workplace matters communicated through proper chain of command is typically deemed within the scope of official duties." *Trant v. Oklahoma*, 426 F. App'x 653, 659–60 (10th Cir. 2011) (citing *Rohrbough v. Univ. of Colo. Hosp. Auth.,* 596 F.3d 741, 747 (10th Cir. 2010)). However, two factors may suggest that than an employee reporting misconduct was speaking as a private citizen rather than a public employee: "(1) the employee's job responsibilities did not relate to reporting wrongdoing and (2) the employee went outside the chain of command when reporting the wrongdoing." *Reinhardt*, 595 F.3d at 1135–36. Ultimately, the question is whether "the employee was 'perform[ing] the task[] [they were] paid to perform' when they spoke." *Knopf*, 884 F.3d at 946 (quoting *Lane v. Franks*, 573 U.S. 228, 239 (2014)). "If so, the 'speech was therefore commissioned by his employer, and it enjoys no First Amendment protection.'" *Id.* (quoting *Thomas v. City of Blanchard*, 548 F.3d 1317, 1323 (10th Cir. 2008)).

Here, although it appears that Plaintiff communicated the alleged misconduct of his superiors through the proper chain of command, that factor is not dispositive in determining whether Plaintiff's speech was protected by the First Amendment. *See Rohrbough,* 596 F.3d at 747 (speech made outside chain of command is not dispositive). At this stage of the litigation,

Plaintiff's allegations satisfy the other factor under *Reinhardt*—which considers whether Plaintiff's job responsibilities related to reporting wrongdoing. There is no evidence that Plaintiff was hired to report alleged misconduct committed by his superiors. Instead, the allegations indicate that he was a detective and that his job duties were to investigate crime.  Thus, it does not appear that Plaintiff's job responsibilities related to reporting wrongdoing in any way or that he was under a legal obligation to report the type of misconduct he alleges occurred. *Cf. Casey v. W. Las Vegas Indep. Sch. Dist.*, 473 F.3d 1323, 1330–32 (10th Cir. 2007) (employee was acting in the scope of her duties when she reported fraud because she had an underlying legal obligation to report fraud). Although Plaintiff could have provided more details about the nature of his job duties, his allegations are sufficient to draw the reasonable inference that Plaintiff went beyond his normal job duties when he reported his superiors' alleged misconduct.[1]

> **2)  Plaintiff's First Amendment claim must nevertheless be dismissed because Plaintiff has not identified the individual Defendants he claims violated his constitutional rights or how each such Defendant restricted his speech.**

In order to adequately plead a Section 1983 claim a plaintiff must show that the alleged constitutional deprivation was committed by a *person* acting under color of state law. *West,* 487 U.S. at 48, 108 S.Ct. 2250 (emphasis added).  In this case, although Plaintiff repeatedly states in his complaint that "Defendants" are liable for the violation of his First Amendment rights, he does not specify which of the Defendants he has named engaged in such unconstitutional conduct.  The claim cannot be brought against the LCSD because it is not a "person" suable under Section 1983. *See Martinez*, 771 F.2d at 444; *Brown*, 347 F. Supp. 3d at  806–07.  Therefore, the claim must be against either Defendant Helton, Defendant Walker, Defendant Bova, or Defendant Gallagher,

---

[1] Because the Defendants did not argue that Plaintiff has failed to adequately allege the remaining *Garcetti/Pickering* elements, the Court does not address them here.

each of whom are sued in their official and individual capacities.  If this is the case, Plaintiff fails

to identify which one (or more) of these Defendants is liable to him under Section 1983 and what

they alleged did to violate his First Amendment rights.  "[W]here the defendants are a government

agency and a number of government actors sued in their individual capacities[,] . . . the complaint

[must] make clear who is alleged to have done what to whom, to provide each individual with fair

notice as to the basis of the claims against him or her as distinguished from collective allegations

against the [government agency]." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008).

In this case, Plaintiff has not stated how any of these individual Defendants are alleged to have

violated his right to free speech and therefore, Defendants' motion as to this claim must be granted

and Plaintiff's First Amendment claim will be dismissed without prejudice.

### C.    Plaintiff Has Not Sufficiently Alleged a Due Process Violation Under 42 U.S.C. § 1983.

Finally, Defendants move for dismissal of Plaintiff's due process claims (Count III).

Plaintiff has not been clear about the contours of this claim. Count III is labeled "Violations of

Substantive Due Process" suggesting that Plaintiff is bringing a substantive due process claim.

Doc. 3, ¶ 9. However, in his response brief Plaintiff states that "[t]here is both a procedural and

substantive due process violation in this case." Doc. 17 at 7. Reading the allegations broadly for

purposes of considering this motion, the Court will analyze whether Plaintiff's allegations

sufficiently plead either a substantive or procedural due process claim.

#### 1)    Plaintiff's substantive due process claim must be dismissed.

"The Due Process Clause of the Fourteenth Amendment ensures that one cannot be

deprived of a property right absent due process of law." *Potts v. Davis Cnty.*, 551 F.3d 1188, 1192

(10th Cir. 2009); U.S. CONST. amend. XIV, § 1. "Substantive due process bars 'certain government

actions regardless of the fairness of the procedures used to implement them.'" *Brown v. Montoya*,

662 F.3d 1152, 1172 (10th Cir. 2011) (quoting *Cnty. of Sacramento v. Lewis,* 523 U.S. 833, 840, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998)). There are "two strands of the substantive due process doctrine. One strand protects an individual's fundamental liberty interests, while the other protects against the exercise of governmental power that shocks the conscience." *Seegmiller v. LaVerkin City*, 528 F.3d 762, 767 (10th Cir. 2008) (citing *Chavez v. Martinez*, 538 U.S. 760, 787, 123 S.Ct. 1994, 155 L.Ed. 2d 984 (2003) (Stevens, J., concurring in part and dissenting in part)). Thus, to establish a substantive due process claim, the plaintiff must have "suffered from governmental action that either (1) infringes upon a fundamental right, or (2) shocks the conscience." *Id*. 528 F.3d at 768.

Here, Plaintiff essentially lumps together multiple protected interests. For example, in one sentence he states that he "has a liberty interest and/or property interest in his employment as a law enforcement officer and his right to air grievances for the harassment, discrimination, and retaliation he endured." Doc. 3, ¶ 68. However, the "liberty" and "property" components of the Due Process Clause are quite distinct matters, as are Plaintiff's "interest in his employment" and the "right to air grievances." *Id*. In another sentence Plaintiff states that he has a liberty interest in preventing officials "from depriving individuals of their constitutional right to due process." *Id*. ¶ 69. And in the last relevant sentence in Count III, Plaintiff states that Defendants "discriminated against [him], in violation of his right to liberty and property interests." *Id*. ¶ 70. Beyond these statements, Count III of Plaintiff's pleading contains no other material allegations.

The lack of clarity is problematic because Plaintiff is obligated to identify the distinct due process interest that is implicated. *See Roberts v. Winder*, 16 F.4th 1367, 1376 (10th Cir. 2021) (dismissing an employee's substantive due process challenge to his job transfer because the employee failed to identify an implicated liberty interest) (citation omitted); *Workman v. Jordan*,

32 F.3d 475, 480 (10th Cir. 1994) (stating that a plaintiff must show that "a liberty interest exists" and that "the liberty interest was infringed upon"). Aside from the lack of clarity, another issue is that the Tenth Circuit has "not decided whether an employee with a property right in state-created employment is protected by the substantive due process clause." *Roberts*, 16 F.4th at 1376. Defendants pointed this out in their motion, but Plaintiff made no responsive arguments. At this stage, Plaintiff's allegations are devoid of sufficient "factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable" for a substantive due process violation. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (citation omitted).

In addition to the lack of factual content, Plaintiff's claim here suffers from the same infirmity as his First Amendment claim in that he does not specify which of the Defendants he alleges violated his rights under the substantive due process or how. *See Robbins*, 519 F.3d at 1249-50. Plaintiff's substantive due process claim is therefore dismissed without prejudice.

### 2) Plaintiff's procedural due process claim must be dismissed.

[P]rocedural due process ensures that a state will not deprive a person of life, liberty or property unless fair procedures are used in making that decision[.]" *Hennigh v. City of Shawnee*, 155 F.3d 1249, 1253 (10th Cir. 1998) (citation omitted). "The requirements of procedural due process apply only to the deprivations of interests encompassed by the [constitutional] protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). "A constitutionally protected liberty or property interest may be a creation of federal law (including the Constitution itself—at least for liberty interests) or of state law." *Al-Turki v. Tomsic*, 926 F.3d 610, 614 (10th Cir. 2019) (citing *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005)). "Once a protected property or liberty interest is recognized, the Constitution may require certain procedures, such as a hearing, before depriving a person of that

interest." *Id*. (citing *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)).
"To determine whether a plaintiff was denied procedural due process, [courts] engage in a two-
step inquiry: (1) Did the individual possess a protected interest to which due process protection
was applicable? (2) Was the individual afforded an appropriate level of process?" *Roberts*, 16
F.4th at 1376 (citation omitted). The plaintiff "must identify a liberty or property interest of which
[he was] deprived." *Stein v. Disciplinary Bd. of Sup. Ct. of NM*, 520 F.3d 1183, 1192 (10th Cir.
2008).

Plaintiff identifies the following interests of which he was allegedly deprived: (1) his
"liberty interest and/or property interest in his employment as a law enforcement officer and his
right to air grievances for the harassment, discrimination, and retaliation he endured," (2) his
liberty interest in preventing officials "from depriving individuals of their constitutional right to
due process." Doc. 3, ¶¶ 68, 69. He also states that the Defendants discriminated against him "for
voicing unlawful practices." *Id*. ¶ 71. Finally, a central allegation is that Defendants harmed his
future career opportunities.

The Court concludes that Plaintiff's procedural due process claim will be dismissed
without prejudice. As with his substantive due process claim, Plaintiff has not been entirely clear
about the contours of his procedural due process claim. He pleaded a substantive due process claim
while his response brief mentioned both types of due process claims. Additionally, one of
Plaintiff's central allegations has been that that Defendants harmed his employment prospects,
which could support a procedural due process claim. *See McDonald v. Wise*, 769 F.3d 1202, 1212
(10th Cir. 2014). However, he did not develop these arguments in his response brief. He instead
focused his procedural due process arguments only on Defendants' alleged retaliation. The burden
is on Plaintiff to clearly identify an implicated liberty or property interest. *See Stein*, 520 F.3d at

1192. Given the lack of clear arguments on the issue, the Court concludes that the Plaintiff has failed to articulate property or liberty interests of which he was deprived.

As with his other constitutional claims, the Court also observes that Plaintiff has not identified the Defendants whom he alleges violated his procedural due process rights and how that deprivation is alleged to have occurred.  Plaintiff's procedural due process claim will therefore be dismissed without prejudice.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants Corey Helton, Michael Walker, Mike Gallagher, and Craig Bova's Motion to Dismiss **(Doc. 11)** is **GRANTED in part** and **DENIED in part**.  Defendants' request to dismiss Count I of Plaintiff's Second Amended Complaint is denied. Defendants' request to dismiss the claims brought under Count II and Count III is granted, and those claims are dismissed without prejudice.

**IT IS SO ORDERED**.

_____
 HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE