IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ZANE BROWN,

**Plaintiff,**

v.  2:23-cv-00355-DHU-GJF

**LEA COUNTY BOARD OF
COUNTY COMMISSIONERS,
COREY HELTON, and
MICHAEL WALKER,**

**Defendants.**

## PLAINTIFF'S MOTION TO CONSOLIDATE RELATED CASES

Plaintiff Zane Brown ("Plaintiff Brown") respectfully requests that the Court consolidate the above-captioned matter ("*Brown*") with two later-filed cases pending in this District: *Tello v. Lea County Board of Commissioners et al*, 2:24-cv-00390-KG-KRS ("*Tello*") and *Burke v. Lea County Board of County Commissioners et al*, 2:24-cv-00601-JHR-GBW ("*Burke*").

Each of these three cases involve former Lea County Sheriff's Department ("LCSO") officers suing the Lea County Board of County Commissioners (the "Board") and Lea County's sheriff, Corey Helton ("Helton"). The cases allege the same or similar causes of action, and all stem from retaliation by Helton and his cronies, perpetrated in each case via similar means and methods. The allegations span approximately the same period and involve many of the same witnesses. Moreover, most parties are represented by the same attorneys, and all three cases are at the same procedural stage. Discovery has not started in any of the cases.

But while the cases involve common factual and legal questions, each case has a different judge and magistrate assigned. That is inefficient and inconvenient. When situations like this arise in the District of New Mexico, it is typical for later-filed cases to be consolidated with the earliest-filed case. *Payne v. Tri-State Careflight, LLC*, 327 F.R.D. 433, 451 (D.N.M. 2018) ("the tradition and practice has been to consolidate the cases with the highest numbers into the one with the lowest

1

numbers."). In keeping with that tradition and practice, the Court should exercise the discretion vested to it by Federal Rule of Civil Procedure 42(a) and order consolidation.

### A. Parties' Positions.

Pursuant to LRCP 7.1(a), undersigned counsel has contacted all parties in *Brown*, *Tello*, and *Burke* for their positions on this motion.

The motion is unopposed by Plaintiff Tello and Plaintiff Burke.

The motion is opposed by Defendants the Board, Helton, Michael Walker ("Walker"), Sean Roach ("Roach"), and Fernando Jimenez ("Jimenez").

Defendants Diana Garcia ("Garcia"), Sonia Estrada ("Estrada"), Aileen Vizcarra ("Vizcarra"), and Alyssa Porras ("Porras") did not provide positions on this motion.

Notice of the instant motion to consolidate will also be filed in *Burke* and *Tello*.

### B. Procedural and Factual Background.

The plaintiffs in *Brown*, *Tello*, and *Burke* are former LCSO deputies who seek redress for wrongful, retaliatory actions taken against them by their former employer and Helton.

#### 1. *Brown*.

Plaintiff Brown worked at LCSO from 2014 until October of 2022, when he was constructively discharged. *See* Ex. A at ¶¶ 9, 53.[1] Plaintiff Brown was targeted by Helton and a clique within LCSO that included the undersheriff (Walker), as well as Garcia, Estrada, and Vizcarra. *Id*. at ¶ 16, 38 Plaintiff Brown incurred the clique's wrath when he objected to discriminatory hiring practices at LCSO and complained about Walker's drunk driving. *Id*. at ¶¶ 25-32. Since Brown left LCSO, Helton has used the power and influence of his office to prevent him from working at any other law enforcement agency in Lea County. *Id*. at ¶¶ 54-65, 69-70.

The operative complaint alleges violations of the New Mexico Civil Rights Act ("NMCRA"), the New Mexico Whistleblower Protection Act ("NMWPA"), the New Mexico Human Rights Act ("NMHRA"), Title VII federal Civil Rights Act ("Title VII"), and 42 U.S.C. §

---

[1] The operative complaints in *Brown*, *Tello*, and *Burke* are attached as Exhibits A, B, and C, respectively.

1983 ("Section 1983"). As part of his Section 1983 claim, Plaintiff Brown alleges that the Board is directly liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) ("*Monell*"). More specifically, Plaintiff Brown contends that the Board has "a custom or practice of … punishing employees who object to, complain about, or refuse to participate in wrongful conduct by LCSO officials." Ex. A at ¶ 102.

*Brown* was filed on August 26, 2023. Since then, the Court has ruled on two dispositive motions. *See* Dkt. Nos. 24-25.

The Board, Helton, and Walker (the only named defendants in *Brown*) are all represented by Mynatt Springer P.C. ("Mynatt Springer"). Plaintiff Brown is represented by Waldo Gubernick Law Advocates LLP ("WGLA").

  2. ***Tello*.**

Plaintiff Karina Tello ("Plaintiff Tello") worked at LCSO from February 2023 to July 2023, when she was terminated. Ex. B at ¶¶ 20, 51. Like Plaintiff Brown, she was targeted for harassment by Garcia, Estrada, Vizcarra, and Walker. *Id*. at ¶¶ 21, 26, 29-34. That harassment included distributing a private video Plaintiff Tello had made for her romantic partner. *Id*. at 29-34. Plaintiff Tello was punished for making the video, on the grounds that her personal life was "sullied," even though LCSO condoned analogous conduct by male deputies. *Id*. at ¶ 55, 61-65. Plaintiff Tello was ultimately fired after she alerted the New Mexico State Police to the violation of New Mexico's revenge pornography law—a violation that LCSO had refused to investigate. *Id*. at ¶¶ 44-51.

Plaintiff Tello claims damages under the NMCRA, NMWPA, NMHRA, Title VII, and Section 1983, as well as intentional infliction of emotional distress. Plaintiff Tello's theories for Section 1983 liability include the same *Monell* and retaliation claims brought by Plaintiff Brown. *Compare* Ex. B at ¶¶ 126-25 *with* Ex. A at ¶¶ 92-120.

*Tello* was filed in state court on March 19, 2024, and removed to the District of New Mexico on April 25, 2024. A Fed. R. Civ. P. 12(b)(6) motion to dismiss was filed on May 31,

---

2024. No oral arguments have been held on the motion, nor orders issued. The case was reassigned to Judge Gonzales on June 3, 2024.

Defendants the Board, Helton, Walker, Jimenez, and Roach are represented by Mynatt Springer. Cody R. Rogers of Serpe Andrews, PLLC represents defendants Estrada, Garcia, and Vizcarra. A final defendant, Alyssa Porras, is represented by Michael T. Newell. WGLA represents Plaintiff Tello.

### 3. *Burke.*

Plaintiff Burke was an LCSO deputy from 2015 to 2021. He resigned after Helton sent an underling to his house to assault him. Ex. C at ¶¶ 9, 14-17, 19. Helton's retaliation was motivated by Plaintiff Burke's decision to accept a job offer from a different employer. *Id.* at ¶¶ 12-13, 18. Ever since then, Helton has used the authority and influence of his office to prevent Plaintiff Burke from making a living. Helton's tactics have included demanding that private employers fire him. *Id.* at ¶ 30. And withholding resources from law enforcement agencies that have considered hiring him. *Id.* at ¶¶ 27-29. These tactics mirror the ones Helton used to sabotage Plaintiff Brown's career. *See* Ex. A at ¶¶ 61-62. Similar to how Helton vowed to prevent Plaintiff Brown from ever working in Lea County again, Helton has declared Plaintiff Burke *persona non grata* in Lea County. *Compare id.* at ¶ 64 *with* Ex. C at ¶¶ 32-34.

Plaintiff Burke alleges violations of the NMCRA, the New Mexico Tort Claims Act, and Section 1983.

*Burke* was filed on June 13, 2024. No responsive pleadings have been filed. Defendants Helton and the Board are represented by Mynatt Springer. Plaintiff Burke is represented by WGLA.

### C. **Legal Standard.**

Federal Civil Rule of Procedure 42 allows a court to consolidate actions "involv[ing] a common question of law or fact[.]" The District of New Mexico local rules are silent on when cases should be consolidated. However, it is generally accepted that a "court should initially

consider whether the cases to be consolidated involve a common question of law or fact." *Cheney v. Judd*, 429 F. Supp. 3d 931, 936 (D.N.M. 2019).

If common questions exist, the court then "weigh[s] the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause." *Id*. In performing that balancing test, relevant considerations include: "(1) whether the relief sought varies substantially between the two actions; (2) whether defendants are being sued in different capacities; and (3) what would be gained by consolidation and what injury would be suffered by failure to consolidate." *Davis v. Walmart, Inc*., No. 2:23-CV-2309-TC-TJJ, 2024 WL 2700674, at *4 (D. Kan. May 24, 2024) (discussing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978)).

Whether to consolidate cases lies squarely within the district court's discretion—a court's ruling on a motion to consolidate "will not be reversed on appeal absent clear error or exigent circumstances." *Shump*, 574 F.2d at 1344.

D. **Argument**.

The instant motion boils down to a straightforward application of Rule 42(a). The factual allegations in each case are substantially similar—the cases all involve LCSO deputies who were retaliated against by the same sheriff, in similar ways, for similar reasons. Unsurprisingly, the plaintiffs' claims overlap and will rise or fall based on common legal questions, too. Consolidation will also promote judicial economy, eliminate the risk of inconsistent adjudications, and minimize the burden placed on witnesses and the parties. Finally, consolidation will not prejudice anyone. Thus, consolidation is desirable, and the motion should be granted.

1. **Common Questions of Fact and Law.**

The three cases involve common factual issues. For example, Plaintiff Tello and Plaintiff Brown allege that they were targeted pursuant to LCSO's policy, custom, or practice of retaliating against employees who report official misconduct. The existence of a policy, custom, or practice—an essential element of a *Monell* claim—can be established by showing "a pattern of multiple similar instances of misconduct." *Griego v. City of Albuquerque*, 100 F. Supp. 3d 1192, 1213

(D.N.M. 2015). Accordingly, the evidence Plaintiff Tello and Plaintiff Brown present will be cross-admissible.

Similarly, Plaintiff Brown alleges a "custom or policy" of preventing former employees "from securing other employment in Lea County." Ex. A at ¶ 102. That overlaps with *Burke*, where Helton is alleged to have repeatedly "intervened to prevent Plaintiff [Burke] from finding employment." Ex. C at ¶ 30. Thus, Plaintiff Burke's evidence is "intrinsic evidence … directly connected to the factual circumstances" of Plaintiff Brown's claim. *United States v. Anglin*, 566 F. Supp. 3d 1200, 1202 (W.D. Okla. 2021). Moreover, Plaintiff Brown's evidence is admissible in *Burke* to establish "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Additionally, Rule 404(b) makes *all* of Estrada, Garcia, and Vizcarra's misconduct admissible in *Brown* and *Tello*. In both cases, those defendants are alleged to have worked in concert to get a targeted deputy fired. Indeed, Plaintiff Tello suspected those defendants of disseminating her private video because she saw them target Plaintiff Brown. Ex. B at ¶ 57. Thus, there is "sufficient overlap and similarities between the joined charges to be admissible to establish identity or plan under Rule 404(b)." *United States v. Akina*, No. 1:22-CR-01008-KWR-1, 2024 WL 326460, at *6 (D.N.M. Jan. 29, 2024).

Big picture, these three cases are variations of the same melody: Helton and other senior LCSO officials abusing their authority to punish former employees. All relevant events occurred between 2021 and the present, and every defendant except Porras works for Lea County. In discovery, all three plaintiffs will turn over the same rocks and see the same things crawl out. The common factual questions in these cases can and should be resolved together.

**2. Common Questions of Law.**

The cases also have common legal questions. To start, all three plaintiffs allege NMCRA violations, and resolving those claims will require interpretation of NMSA 1978, § 41-4A-3(D). That provisions states: "[i]ndividuals employed by a public body shall be prohibited from using the New Mexico Civil Rights Act to pursue a claim arising from the individual's employment by

the public body." *Id*. In its pending motion to dismiss the NMCRA claim in *Tello*, the Board has argued the prohibition applies to anything that "happen[s] because [the plaintiff] was employed by the County." Ex. D At 2.[2] According to the Board, the dispositive inquiry is whether the plaintiff's claim would have "develop[ed] but for the relational dynamic in the workplace." *Id*. Relevant to the instant motion, the Board's broad interpretation of Section 41-4A-3(D) would also apply to Plaintiff Brown and Plaintiff Burke's NMCRA claims, as their employment was a but-for cause of the retaliation they experienced.

Along the same lines, Plaintiff Brown and Plaintiff Burke have alleged that Helton and the Board have violated the NMCRA in essentially the same way. Their claims hinge on whether, as a matter of law, the New Mexico Constitution protects them from interference with future employment opportunities.

Moreover, the Section 1983 claims in all cases contain substantial overlap in legal questions, such as whether Helton acted under color of law. And as already discussed, one of the *Monell* liability theories raised in *Tello* and *Brown* is identical.

3. **Convenience and Judicial Economy.**

In addition to finding that a common question of law or fact exists, the Court is to "weigh[] the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause." *Payne*, 327 F.R.D. at 452. Here, the balancing test weighs towards consolidation.

Most basically, consolidation is warranted because the three cases have "common parties, underlying factual backgrounds, claims, and legal questions[.]" *Martinez v. Colorado Dep't of Corr*., No. 18-CV-02160-CMA-MEH, 2024 WL 199059, at *4 (D. Colo. Jan. 18, 2024). Thus, consolidation will "simplify pretrial matters" and "conserve resources by not having to conduct [three] separate iterations of discovery and motion practice." *Dreger v. Progressive Leasing LLC*,

---

[2] The quoted language is from the Board's reply brief, which is attached as Exhibit D. Plaintiff Tello's opposition to the motion vigorously disagreed with the Board's interpretation of Section 41-4A-3(D).

No. 223CV00783DBBCMR, 2024 WL 115854, at *3 (D. Utah Jan. 10, 2024). That is especially true given that the plaintiffs and most of the defendants in all three cases are represented by the same attorneys,[3] enhancing the benefit of coordinated discovery and pre-trial deadlines. *Brown*, *Tello*, and *Burke* are also currently assigned to different judges and magistrates, an inefficient state of affairs that raises the specter of "inconsistent rulings on the same facts." *Id*. *See also*, *Nieto v. Kapoor*, 210 F.R.D. 244, 249 (D.N.M. 2002) ("Since [the unconsolidated case] has been reassigned to this Court, there is little likelihood of inconsistent results in both cases. Moreover, Magistrate Judge Leslie C. Smith has also been assigned to both [c]ase[s]").

Moreover, motion practice and trial will likely focus on Helton's conduct and LCSO's policies, customs, and practices, as opposed to issues related solely to individual plaintiffs. *Noe v. Seroski*, No. 21-CV-03340-CMA-STV, 2023 WL 6464922, at *2 (D. Colo. Oct. 4, 2023) ("consolidation is appropriate and efficacious" because "common questions of law and fact, including common parties and common claims, predominate in these two cases"). And as discussed, much of the plaintiff-specific evidence would be cross-admissible at trial, either as intrinsic evidence or under Rule 404(b). "It would be an undue burden on witnesses to present the same testimony in three separate trials, it would be an unnecessary expense on the parties to endure three separate trials, and it would be a grossly inefficient use of the court's time and jury resources." *C.T. v. Liberal Sch. Dist*., 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008). And "[t]o the extent that … there are differences between the … cases, consolidation would preserve each plaintiff's individual case." *Garcia v. Hickman*, No. 123CV01040KWRJMR, 2024 WL 1741427, at *2 (D.N.M. Apr. 23, 2024)

Finally, consolidation comes with "negligible risk of delay, confusion, or prejudice." *Dreger*, 2024 WL 115854 at *3. Delay is unlikely because these cases "are in the early stages of litigation; they are in the same procedural posture." *Id*. And any "concerns about juror confusion and possible prejudice can be cured easily with appropriate jury instructions at trial. *C.T*., 562 F.

---

[3] As described above, certain defendants in *Tello* are represented by other attorneys due to conflict rules, but the Board and Helton are represented by Mynatt Springer, as in *Burke* and *Brown*.

Supp. at 1346 (D. Kan. 2008). It is difficult to see "how consolidation could cause delay or prejudice; there appears to be no upside to keeping these cases separate." *Payne*, 27 F.R.D. at 452. Accordingly, the motion should be granted.

### E. Conclusion.

For the foregoing reasons, Plaintiff Brown's Motion to Consolidate should be granted, and *Tello* and *Burke* should be consolidated with *Brown*.

                                      Respectfully submitted,

                                      WGLA, LLP

By:_____
Benjamin Gubernick (SBN 145006)
E-mail: ben@wglawllp.com
Telephone 346-277-0287
Fax: 346-341-0169
717 Texas Ave. Suite 1200
Houston, TX 77002

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed on July 24 and served on all counsel of record, in compliance with the Federal Rules of Civil Procedure.

                                      */s/ Benjamin Gubernick*
                                      Benjamin Gubernick