# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**KARINA TELLO,**

      **Plaintiff,**

v.                                                     2:24-cv-00390-JHR-KRS

**LEA COUNTY BOARD OF COUNTY
COMMISSIONERS, COREY HELTON,
MICHAEL WALKER, FERNANDO JIMENEZ,
SEAN ROACH, SONIA ESTRADA,
DIANE JURADO-GARCIA,
AILEEN VIZCARRA, ALYSSA PORRAS,
DOE DEFENDANTS 1-50,**

      **Defendants.**

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS COUNT III OF PLAINTIFF'S AMENDED COMPLAINT [DOC. 1-1, pp. 18-33]

Defendants Lea County Board of County Commissioners, Corey Helton, Michael Walker, Fernando Jimenez, and Sean Roach ("County Defendants"), by and through counsel, MYNATT SPRINGER P.C. (Benjamin J. Young and Sara E. Woods), submit the following reply concerning their *Motion to Dismiss Count III of Plaintiff's Amended Complaint* [Doc. 4].

Plaintiff's Response [Doc. 7] attempts to make the issue before this Court far more complicated than it needs to be. Simply, Plaintiff's claims for damages under the New Mexico Civil Rights Act against County officials in their official capacity are barred because they arise from Plaintiff's employment with the County.

The sordid tale Plaintiff tells in the Amended Complaint [Doc. 1-1] and the Response [Doc. 4] are, in essence, an X-rated version of *Mean Girls* (Dir. Mark Waters, Broadway Video 2004). While the events described by Plaintiff in the *Amended Complaint* and *Response* as alleged are

salacious and, if true, disturbing, the *Response* [Doc. 4] fails overcome the clear restriction established by the New Mexico Legislature. NMSA 1978, Section 41-4A-3(D) ("Individuals employed by a public body shall be prohibited from using the New Mexico Civil Rights Act to pursue a claim arising from the individual's employment by the public body"). The *Response* [Doc. 4] strains to show how the injuries Plaintiff suffered did not "arise from" her employment by detailing how she was mistreated by her former colleagues, primarily through their obtaining and disseminating her "private" video. To be sure, every event that occurs in the factual narratives of both the *Amended Complaint* [Doc. 1-1] and the *Response* [Doc. 4] happened because she was employed by the County. The alleged breakdown of Plaintiff's relationship with her colleagues resulting in the dissemination of the alleged "private" video is precisely the type of hostile environment that can develop in the workplace and would not develop but for the relational dynamic in the workplace. Surely, if the Legislature intended to carve out a hostile workplace exception to its prohibition against public employees using the NMCRA to sue their public employers, it would have done so.

Importantly, Plaintiff concedes the actions subsequent to the dissemination of the video, including the decision to place individuals on administrative leave, the investigations that ensued, and ultimately any disciplinary action that was taken against Plaintiff, all occurred in the context of her employment as well. To the extent Plaintiff suffered damages as she alleges, they arise from her status as an employee of the County and the NMCRA does not permit such claims to proceed. Plaintiff has other avenues for those claims, which she has asserted.

While Plaintiff attempts to circumvent this restriction with her Mean Girl narrative, the plot of the story, as she alleges, hinges on a clearly personal vendetta, utilizing private resources and individual decisions. The *Response* [Doc. 4] neglects the fact that any claim brought under the

NMCRA requires that a party who violates an individual's rights must be acting "on behalf of, under color of or within the course and scope of authority of a public body." NMSA 1978 Section 41-4A-3A. Simply, nothing in the *Amended Complaint* or the *Response* meets that threshold.

In Plaintiff's Response, she cites *Flores v. McKay Oil Corp.*, 2008-NMCA-123, ¶ 10 to define the term "arising out of" to show how her former colleagues' obtaining and disseminating the intimate video did not arise out of her employment with the County. Even assuming that position is accurate, the "arising out of" definition in *Flores* undermines Plaintiff's efforts to pin the harmful actions on the County Defendants. Simply, there is no plausible allegations asserting that the individuals involved in obtaining and disseminating the video under color of law or in the course and scope of their authority as law enforcement officers. The obtaining and disseminating of the video are not plausibly alleged to have occurred through the use of law enforcement pressure or tools such as warrants, use of force, subpoenas, or any other mechanism or tool a law enforcement official would use to obtain such a video. The alleged actions to obtain and disseminate the video simply do not "arise out of" the color of law or the law enforcement officers' authority but, rather, out of an alleged personal animus that developed between colleagues. Thus, Plaintiff also fails to meet the first statutory step for a claim under the New Mexico Civil Rights Act, in addition to being barred from bringing a claim against her employer as an employee of Lea County.

As Plaintiff's claims under the NMCRA arise from her employment with the County and the named Defendants are not plausibly alleged to have obtained and disseminated the video under color of law, Defendants' *Motion to Dismiss* must be granted.

Respectfully submitted,

MYNATT SPRINGER P.C.

/s/ Benjamin J. Young

BENJAMIN J. YOUNG
New Mexico Bar No. 144702
SARA E. WOODS
New Mexico Bar No. 149555
P.O. Box 2699
Las Cruces, New Mexico 88004-2699
(575) 524-8812
bjy@mynattspringer.com
sew@mynattspringer.com
*Attorneys for County Defendants*

## CERTIFICATE OF SERVICE

I certify that, on May 31, 2024, a copy of the foregoing pleading was served on the below counsel of record via electronic mail:

Benjamin Gubernick
ben@wglawllp.com
*Attorney for Plaintiff*

Curtis Waldo
curtis@wglawllp.com
*Attorney for Plaintiff*

/s/ Benjamin J. Young

BENJAMIN J. YOUNG
SARA E. WOODS