IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ZANE BROWN,
    Plaintiff,

No. 2:23-CV-00355-DHU-GJF

v.

LEA COUNTY SHERIFF'S
DEPARTMENT; COREY HELTON;
MICHAEL WALKER; MIKE
GALLAGHER; and CRAIG BOVA,
    Defendants.

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO CONSOLIDATE RELATED CASES [DOC. 36]

Defendants Lea County Sheriff's Department, Corey Helton, Michael Walker, Mike Gallagher, and Craig Bova ("Lea County Defendants"), by and through counsel, MYNATT SPRINGER P.C. (Benjamin J. Young), object to Plaintiff's effort to consolidate the present suit with *Tello v. Lea County Board of Commissioners, et al.* 2:24-cv-00390-KG-KRS ("*Tello*") and *Burke v. Lea County Board of County Commissioners, et al.*, 2:24-cv-00601-JHR-GBW ("*Burke*"). As grounds for the opposition to Plaintiff's Motion, Lea County Defendants assert the following:

### INTRODUCTION

Plaintiff seeks to consolidate his case with *Tello* and *Burke* under a theory that each Plaintiff is a former employee of the County and that the County violated their rights at or around the time their employment ended. Although the three cases involve claims against Lea County, members of its administration, and employees under various employment and constitutional theories, that is where the similarities end. Fed. R. Civ. P. 42 grants the District Court discretion to consolidate cases for "convenience, to avoid prejudice, or to expedite and economize" the litigation of pending matters. As the Court can see from reviewing the complaints which were attached to Plaintiff's motion, these cases are factually distinct, involve the application of law in

different contexts, and, ultimately, consolidation would create delay, confusion, and prejudice to the County Defendants in all of the cases. *See Servants of the Paraclete v. Great American Insurance Co.*, 866 F.Supp. 1560, 1572 (D.N.M. 1994). Simply, they must not be consolidated.

## STANDARD FOR CONSOLIDATION

Under Fed. R. Civ. P. 42, the movant requesting consolidation bears the burden to show that it is desirable. *Id.* The decision to grant consolidation involves, first, an assessment of whether the cases involve common questions or law and/or facts and, second, the Court weighs the interest of judicial convenience against the prospect of delays, confusion, and prejudice. *Id.*; s*ee also Payne v. Tristate Care Flight, LLC*, 327 F.R.D. 433, 455 (2018 D.N.M.) (consolidation is a highly contextual decision depending on the court's discretion in weighing common questions of law, fact, and the court's desire for convenient judicial administration).

## ARGUMENT

**1. The Lea County cases do not involve common questions or fact or law.**

Under the paradigm for analyzing Fed. R. Civ. P. 42, Plaintiff had the burden of showing the three cases involve common questions of law and fact. The *Payne* case cited in Plaintiff's Motion, while ultimately reaching an approval of consolidation, is factually distant from the three cases here. In that case the Plaintiffs were all employees of Tristate Care Flight, LLC who, at different times, believed they had not been compensated properly for overtime. *Payne*, 327 F.R.D. 433, 435. One case had already been resolved and reached judgment and the new plaintiffs attempted to consolidate with the nearly completed case in order to achieve the same result. *Id.* at 435-437. Ultimately, the Court agreed with the plaintiffs and consolidated the cases as the plaintiffs were all employees who were asserting a similar dispute with their employer: they were

not being paid properly. *Id.* at 453; *compare Servants of the Paraclete*, 866 F.Supp. 1560, 1573 (the Court declined to consolidate).

That is not what is occurring in the Lea County cases. In *Brown*, the Plaintiff contends that he was improperly investigated and retaliated against for reporting misconduct by one particular supervisor. His claim was investigated but, at the same time, Plaintiff was the subject of an internal affairs investigation relating to his handling of a number of criminal cases and his treatment of colleagues in the workplace. This investigation was conducted by Attorney Cody Rogers of Serpe Andrews in Las Cruces.[1] In the course of the investigation, Plaintiff resigned.

The *Tello* case is distinct. While it also involves another deputy subject to an investigation, *Tello* claims her various rights were violated due to the disclosure of an intimate video of her. Additionally, Tello pressed criminal charges against four of her colleagues in law enforcement. Prior to criminal charges, however, Plaintiff had been the subject of an internal investigation due to her failure to comply with directives from her supervisors. Both *Tello* and *Burke* involved investigations for different reasons, different witnesses are involved, and, ultimately, different employment outcomes resulted: Plaintiff Brown resigned during an investigation and Plaintiff Tello was terminated following an investigation.

With respect to the *Burke* lawsuit, this case is also distinct as his claims arose following his voluntary resignation and effort to obtain employment with another agency. The *Burke* Plaintiff has an entirely different theory of retaliation in his complaint: namely, that his prospects for future employment and his ability to travel have been allegedly limited by the actions of county officials after he resigned. Notably, no investigations were occurring prior to his resignation.

---

[1] Ms. Rogers and her firm presently represent three named defendants in the *Tello* case as conflict counsel.

Simply, a face value reading of each of the complaints indicate stark differences in relevant facts as well as the application of areas of employment and constitutional law to those facts. Thus, consolidation must be denied.

**II. Lea County Defendants would be prejudiced by consolidation.**

Even assuming the Court agrees with Plaintiff that there is adequate overlap between the facts and the law in these cases, the Court must also weigh the danger of prejudice, delay, and confusion against the Court's preference for convenience. In this case, primarily due to the *Tello* lawsuit, there is ample opportunity for prejudice to the County in litigating the cases in a consolidated fashion. The *Tello* lawsuit will require an immense amount of work through discovery and motion practice, before reaching trial. Additionally, individually named Defendants who have been exonerated in the criminal proceedings may now have the opportunity to bring counterclaims against the Plaintiff as well as third-party claims against state agencies involved in prosecuting them without basis. *See* Ex. 1, Dismissals with Prejudice. Experts will also be required to opine on various aspects of the investigation.

These three Defendants would also be prejudiced in that their legal counsel may be disqualified from representing them in the *Tello* matter as she is a key witness in the *Brown* lawsuit. This possibility is undoubtedly prejudicial to County Defendants which can be avoided by not consolidating the cases.

The *Brown* and *Burke* matters are much more straightforward, involving fewer depositions and written discovery. It is unlikely experts will be required to opine in any of the issues involved. And, moreover, motion practice has already begun in both matters in order to chip away at Plaintiffs' claims. Those cases, however, remain factually and legally distinct from one another.

While it may be initially convenient for the Court to have these cases together under one banner, the reality is the delays, confusion, and prejudice that will occur by doing so should not be desirable to the Court. Therefore, the motion should be denied.

## CONCLUSION

Simply, Plaintiff has not met his burden under Fed. R. Civ. P. 42 as there is inadequate overlap between these cases factually and with the theories of law presented. Moreover, the delays, confusion, and prejudice that will be caused by consolidating them outweigh the minimal convenience the Court might receive by bringing them together under one heading. For these reasons, Lea County Defendants respectfully request the Court deny Plaintiff's motion.

Respectfully submitted,

MYNATT SPRINGER P.C.

*/s/ Benjamin J. Young*

BENJAMIN J. YOUNG
New Mexico Bar No. 144702
P.O. Box 2699
Las Cruces, NM 88004
(575) 524-8812
bjy@mynattspringer.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

     I hereby certify that on this 13th day of August 2024, a copy of the foregoing pleading was served on the following via CM/ECF and electronic mail:

Benjamin Gubernick
ben@wglawllp.com
*Attorney for Plaintiff*

                              /s/ Benjamin J. Young
                              BENJAMIN J. YOUNG