IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ZANE BROWN,

    Plaintiff,

v.                                                                                      2:23-cv-00355-DHU-GJF

LEA COUNTY BOARD OF
COUNTY COMMISSIONERS,
COREY HELTON, and
MICHAEL WALKER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Brown's Motion to Consolidate Related Cases, filed July 24, 2024 ("Motion"). Doc. 36. Plaintiff Brown seeks to consolidate his case with *Tello v. Lea County Board of Commissioners, et al.* 2:24-cv-00390-KG-KRS ("*Tello*") and *Burke v. Lea County Board of County Commissioners, et al.*, 2:24-cv-00601-JHR-GBW ("*Burke*"). *Id.* On August 13, 2024, Defendants responded in opposition, and Plaintiff replied on August 14, 2024. Doc. 38, 39. Having considered the parties briefs, the record of the case, and applicable law, the Court finds that the Motion shall be **DENIED**.

### I. BACKGROUND

Briefly stated, Plaintiffs Zane Brown ("Brown"), Karina Tello ("Tello"), and Patrick Burke ("Burke"), allege that they are each former employees of the Lea County Sherriff's Office ("LCSO") and that the LCSO violated their rights in similar ways, for similar reasons. Doc. 36 at 5. Each Plaintiff also brings specific and individual allegations against a number of LCSO Defendants. The details of the allegations are explained below.

1

**a. Brown**

The facts of Brown's case have been addressed at length in previous Memorandum Opinions and Orders (Doc. 24, 25) and by the parties. Therefore, the Court need not restate at length the same here. In summary, Brown's claims arise out of his time as an officer employed at the Lea County Sheriff's Office ("LCSO") in Hobbs, New Mexico. Doc. 35, Third Am. Compl. ¶¶ 7-71. Plaintiff alleges that he was employed by the LCSO from 2014 to 2022, and during the initial seven years that he worked at the LCSO he never had disciplinary issues or received any disciplinary complaints. *Id.* ¶¶ 9, 10. Plaintiff alleges, however, that he was subjected to retaliation by Corey Helton, the Sheriff of Lea County, beginning in or around September 2021, after he raised concerns regarding questionable hiring practices within the LCSO. *Id.* ¶¶ 11- 24. He adds that he also raised concerns about misconduct on the part of Defendant Michael Walker, the acting LCSO Undersheriff. *Id.* ¶¶ 65-71. Plaintiff contends that after making or participating in these reports, he became a target and received several "baseless" write-ups that were never actually placed in Plaintiff's employment file. *Id.* ¶¶ 19-71. He submits that he was demoted, and his salary was drastically reduced. *Id.* ¶ 52. Brown alleges he was unable to work in the hostile environment and subsequently submitted his resignation. *Id.* ¶¶ 53.

Consequently, Brown commenced suit on April 26, 2023, in this Court. Doc. 1. He filed his Third Amended Complaint on July 24, 2024. Doc. 35. Brown names the following Defendants in his lawsuit: (1) Lea County Board of County Commissioners, the local governing authority for Lea County, New Mexico, whose subsidiary includes the Lea County Sheriff's Office (the "LCSO"), (2) Corey Helton, the Sheriff of Lea County, and (3) Michael Walker, the Undersheriff of Lea County. *Id.* ¶¶ 2-6. He has sued all Defendants under the New Mexico Civil Rights Act ("NMCRA"), the New Mexico Whistleblower Protection Act ("NMWPA"), the New Mexico

Human Rights Act ("NMHRA"), Title VII of the Civil Rights Act ("Title VII"), and 42 U.S.C. § 1983. *Id.* ¶¶ 72-126. He alleges the Lea County Board of County Commissioners is directly liable to him under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) ("Monell"). *Id.* ¶¶ 92-107. Brown also sued Defendants Helton and Walker in their individual capacities. *Id.* ¶¶ 108-120.

### b. Burke

Burke's claims also arise out of his time serving as a deputy at the LCSO. *Burke*, Doc. 1. Burke alleges that he was employed by the LCSO from 2015 to 2021. *Id.* ¶ 9. He submits that during his time at the LCSO, he received awards and honors for his service to the department and the community. *Id.* He also states he achieved numerous certifications, including as a driving instructor, negotiator, and field training officer. *Id.* Burke alleges, however, that he was retaliated against by Corey Helton, the Sheriff of Lea County, after he accepted a position with the federal government as a civilian military police supervisor stationed in Germany. *Id.* ¶¶ 9-36. Burke contends that he was offered the position in July 2021, and thereafter was reprimanded over the phone and accused of disloyalty by Helton on several occasions. *Id.* ¶¶ 12-18. Specifically, on August 03, 2021, Chan Kim, an LCSO chief deputy, showed up unannounced at Burke's home screaming and scolding him for his purported disloyalty to the LCSO. *Id.* ¶ 14. Burke adds that he believes it was Helton who sent Kim to his home. *Id.* ¶¶ 17-18. Following this behavior, Plaintiff Burke submitted his resignation via email on August 04, 2021. *Id.* ¶¶ 17-19. However, when Burke entered the building to turn in his badge and gun, he was informed by Undersheriff Michael Walker that he was being suspended and terminated. *Id.* ¶ 20. He adds that in retaliation, Helton tried to get Burke's officer certification revoked but was unsuccessful. *Id.* ¶ 21.

Burke alleges that by September 2021 he moved to Germany with his family, but on or around November 2021, he was terminated from his position due to false information provided by

3

Helton to his new employer. *Id.* ¶¶ 22-25. Burke adds that in March 2022, he moved back to the United States and started to search for another job in law enforcement, but his application has been rejected by several potential employers because of malicious actions taken by Helton. *Id.* ¶¶ 26-31. Burke now works for the Carlsbad Police Department in Eddy County, New Mexico. *Id.* ¶ 31. However, he adds that he continues to be accosted by Helton, most recently in October 2023. ¶¶ 31-36.

Subsequently, Burke commenced his lawsuit on June 13, 2024. *Burke*, Doc. 1. Burke names the following Defendants: (1) Lea County Board of County Commissioners, and (2) Corey Helton, the Sheriff of Lea County. *Id.* He alleges violations of the New Mexico Civil Rights Act ("NMCRA"), the New Mexico Tort Claims Act ("NMTCA"), and 42 U.S.C. § 1983. *Id.* ¶¶ 9-53. Burke also sued Defendant Helton in his individual capacity. *Id.* ¶¶ 48-53.

   c. **Tello**

Tello's claims also arise out of her time as a deputy employed at the Lea County Sheriff's Office. *Tello,* Doc. 1. She alleges she began working at the LCSO in February 2023 and was terminated on July 18, 2023. *See generally, id*. She submits that, beginning May 2023, she was a victim of "criminal, discriminatory conduct" when LCSO employees "launched a revenge pornography plot" against her. *Id.* ¶ 1. In support of this claim, she states that two LCSO employees disliked Tello because she reported a friend of theirs for sexual harassment. *Id.* ¶ 21. She submits that in revenge, the two LCSO employees began spreading rumors about her alleged infidelity to her fiancé and began plotting against her. *Id.* ¶¶ 22-26. She adds that her colleagues acquired an intimate video that Tello had made for her romantic partner and anonymously disseminated it to other LCSO officials. *Id.* ¶¶ 26-38. Tello alleges that LCSO supervisors Michael Walker and Fernandez Jimenez, approved of the distribution of the video. *Id.* She adds that on July

4

03, 2023, she reported this to the New Mexico State Police and a criminal investigation was commenced. *Id.* ¶ 44. Tello believes LCSO may have launched an investigation. *Id.* ¶ 62. However, the investigation was not intended to be fruitful and LCSO officials, including Sheriff Helton, decided that because she had made a private video for her romantic partner, Tello had to be terminated. *Id.* ¶ 50. On July 18, 2023, Tello was fired. *Id.* ¶ 51.

Thereafter, Tello commenced suit in state court on March 19, 2024, which was removed to this Court on April 25, 2024. *Tello*, Doc. 1. On July 12, 2024, Tello filed her Second Amended Complaint. *Tello*, Doc. 21. Tello names the following Defendants: (1) Lea County Board of County Commissioners, (2) Corey Helton, the Sheriff of Lea County, (3) Michael Walker, the Undersheriff of Lea County, (3) Fernando Jimenez, chief deputy of Lea County, (4) Sean Roach, a captain at the LCSO, (5) Sonia Estrada, a sergeant at the LCSO, (6) Dinae Jurado-Garcia, a deputy at the LCSO, (7) Aileen Vizcarra, a LCSO public relations officer, (7) Alyssa Porras, a police officer at the Jal Police Department, and (8) Doe Defendants 1-50. *Id.* ¶¶ 7-16. Tello sued all Defendants under 42 U.S.C. § 1983 and the New Mexico Whistleblower Protection Act ("WPA"), NMSA 1978, § 10-16C-2. *Id.* ¶¶ 17-163. Tello also sued Defendants Helton, Walker, Jimenez, Roach, Estrada, Vizcarra, Jurado-Garcia, and Porras in their individual capacities. *Id.*

## II.
## LEGAL STANDARD

Pursuant to Federal Rules of Civil Procedure Rule 42(a), a court has discretion to consolidate cases "[w]hen actions involving a common question of law or fact are pending before the court." Fed. R. Civ. P. 42(a). In addition, in deciding whether to consolidate, "the court should weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause." *Payne v. Tri-State Careflight, LLC*, 327 F.R.D. 433, 449 (D.N.M. 2018). "District courts enjoy substantial discretion in deciding whether and to what

5

extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77, 138 S. Ct. 1118, 1131, 200 L. Ed. 2d 399 (2018). The party moving for consolidation, bears the burden of proving that consolidation is desired and would promote trial convenience and economy in administration. *Servants of the Paraclete, Inc. v. Great American Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994).

### III.
### DISCUSSION

Although the three cases seem to share some common legal issues, the Court finds that Plaintiffs have not carried their burden of proving that consolidation is desirable, as there are significant factual and procedural differences that necessitate treating the cases separately. Although all three cases are brought under 42 U.S.C. § 1983, the allegations in each complaint are factually distinct. They arise from incidents on different dates and are based on different allegedly unlawful employment actions. For example, Brown submits that he was retaliated against by Corey Helton, the Sheriff of Lea County, beginning around September 2021, after he raised concerns about questionable hiring practices within the LCSO, and alleged misconduct on the part of Defendant Michael Walker. Burke, on the other hand, alleges that he was subjected to retaliation by Sheriff Helton around July 2021, after he accepted a position with the federal government as a civilian military police supervisor stationed in Germany. The facts of Tello's complaint are the most distinct. Generally, Tello alleges her rights were violated by the LCSO as a result of her coworker's unauthorized disclosure of an intimate video of her. She alleges she was fired from the LCSO around July 18, 2023, after she reported her co-workers' unauthorized conduct to the New Mexico State Police.

The differences in the named defendants across cases also weigh against consolidation. While the Lea County Board of County Commissioners and Helton are named in each complaint as Defendants, the remaining Defendants differ across all three complaints. Brown alleges he was

retaliated against by Helton and Walker and that the retaliation included "baseless" write-ups, a demotion, and salary reduction. Contrast to Burke who alleges he was retaliated against by only Helton for his alleged disloyalty to the LCSO. He adds that Helton attempted to revoke his officer certification, provided false information to his new employer to facilitate his termination, and engaged in malicious efforts to prevent him from securing employment elsewhere. Tello, however, names the following Defendants: Helton, Walker, Fernando Jimenez, Sean Roach, Sonia Estrada, Dinae Jurado-Garcia, Aileen Vizcarra, Alyssa Porras, and (8) Doe Defendants 1-50.

Given these disparities, the Court is not convinced that consolidation would serve any interests of judicial economy or fairness. Even if some time would be saved by being able to obtain testimony from the Lea County Board of County Commissioners and Helton in one proceeding, that benefit would be substantially outweighed by the jurors confusing the issues between the three cases, potential prejudice to each Defendant, and difficulty in formulating limiting instructions as to when and how the jury can consider evidence relevant to one case but not to the other.

## IV.
## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Consolidate Related Cases (Doc. 36), is hereby **DENIED** for the reasons described in this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE