IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


ZANE BROWN,

      **Plaintiff,**                        **No. 2:23-CV-00355-GBW-GJF**


**v.**


**LEA COUNTY BOARD OF**
**COUNTY COMMISSIONERS,**
**COREY HELTON, and**
**MICHAEL WALKER,**

      **Defendants.**


## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on February 12, 2025 via phone and was attended by:

> Curtis Waldo
> WALDO GUBERNICK LAW ADVOCATES, LLP
> 717 Texas Aven. Suite 1200
> Houston, TX 77002
> curtis@wglawllp.com
> (713) 306-0512
> *Attorneys for Plaintiff*

> Haley R. Grant
> MYNATT SPRINGER P.C.
> P.O. Box 2699
> Las Cruces, NM  88004-2699
> (575) 524-8812
> hrg@mynattspringer.com
> *Attorney for Defendants*


## NATURE OF THE CASE

Plaintiff raises several claims related to his discipline, demotion, and ultimate resignation as a former Lea County Sheriff's Office ("LCSO") investigator and deputy against all Defendants.

Plaintiff's Third Amended Complaint raises several § 1983 and Title VII and state law tort, statutory, and constitutional claims.  Plaintiff's Title VII claims include 42 U.S.C. § 2000e claims for employment discrimination, retaliation, hostile work environment.  Plaintiff's § 1983 claims include First Amendment retaliation claims.

Plaintiff raises the following New Mexico state claims: retaliation through the New Mexico Whistleblower Protection Act ("NMWPA") in addition to New Mexico Civil Rights Act ("NMCRA") free speech, due process, equal protection, and happiness claims through the New Mexico constitution in Article II, Section 17; Article II, Section 18; and Article II, Section 4.  Plaintiff additionally raises state claims through the New Mexico Human Rights Act ("NMHRA") alleging discrimination, a hostile work environment, and retaliation.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file an amended pleading that the EEOC issued a right to sue letter on January 26, 2023, not January 26, 2024 as currently alleged.  The current allegation is a typographical error.  Plaintiff does not intend to join additional parties at this time.

Plaintiff should be allowed until March 28, 2025 to move to amend the pleadings and join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendants intends to file: Defendants may amend their answer but do not intend to join additional parties.

Defendants should be allowed until April 11, 2025 to move to amend the pleadings and join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the

subject matter with the exception of the NMHRA claim. The parties further stipulate and agree that the law governing this case is § 1983, the First Amendment, federal procedural law, the NMHRA, NMWPA, and NMCRA, and the New Mexico constitution.

### PLAINTIFF'S CONTENTIONS

Plaintiff's contentions are set forth in detail in the Third Amended Complaint. In sum, this lawsuit concerns the Lea County Sheriff's Office ("LCSO")'s years-long effort to retaliate against Plaintiff for voicing concerns about the LCSO's unlawful and discriminatory hiring practices as well as other illegal activity within the LCSO.

Plaintiff understands from "Defendants' Contentions" that Defendants' intent is to reverse the spotlight and place him on trial. Discovery will show that the majority of the supposed infractions referenced by Defendants occurred after 2021, which was around the time when Plaintiff got on the "bad list" of LCSO leadership (Helton, Walker, and their underlings). Instances referenced by Defendants are either fabricated or are merely pretexts for unlawfully punishing Plaintiff for raising valid matters of public concern about LCSO.

Plaintiff further states that based on a review of Defendants' most recent Answer [Dkt. #49], there are denials therein that violate Rule 11(b)(4) of the Federal Rules of Civil Procedure. For example, in Paragraph 61 of the Third Amended Complaint, Plaintiff alleges that Defendant Corey Helton went to the UPS store where Plaintiff worked, twice, to speak with the UPS store manager, and Helton tried to convince the manager to fire Plaintiff. In their Answer, Defendants (including Helton) stated: "County Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 61 of the Complaint and, therefore, deny the same." This of course makes no sense. Helton is a "County Defendant." The allegation concerns an act Helton did. Helton cannot say he is without knowledge or information. If Helton

intends to deny this act occurred, Plaintiff is entitled to know that. Paragraph 55 contains a similar deficiency. Paragraph 55 alleges: "Upon learning that Plaintiff might be hired despite the negative information LCSO had provided, Helton arranged a meeting with HPD's chief of police and demanded that Plaintiff not be offered a job." Yet, Defendants (including Helton) say they are without knowledge or belief about the allegations in this Paragraph. That makes no sense. If Helton intends to deny this event took place, he needs to say so. If he admits the event took place, he needs to say so. These are just two examples, and there are others. Unless Defendants amend their Answer to address these deficiencies, Plaintiff intends to seek sanctions under Rule 11.

## COUNTY DEFENDANTS' CONTENTIONS

Defendants assert that Plaintiff was properly disciplined and demoted following internal and external complaints from other members of the Lea County Sheriff's Office ("LCSO"), the Fifth Judicial District Attorney's Office, and personnel from a child advocacy center and domestic violence resource center leading to Plaintiff's discipline and ultimate demotion. The bases for Plaintiff's discipline include, among other things, his misrepresentations leading to false allegations in a criminal complaint in his capacity as an LCSO investigator, failure to conduct a full and proper investigation of a suicide incident as instructed to, inappropriate threats and comments to children as subjects of child abuse and/or neglect investigations, inappropriate communications with child advocacy workers, repeated failures to attend court hearings as an investigator or communicate with members of the district attorney's office, inappropriate comments concerning abuse of women to a domestic violence crisis center worker, verbal threats and sexually harassing comments to LCSO personnel, threats and attempts to intimidate witnesses as well as misrepresentations made in his internal disciplinary investigations and his complaints about other LCSO personnel, and misrepresentations regarding the basis and source of complaints

made against LCSO personnel.  Thus, Plaintiff's cannot prevail on NMHRA, NMCRA, § 1983, or Title VII claims alleged in the Third Amended Complaint as the facts do not support his claims, and Defendants are entitled to judgment accordingly.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan: *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

> List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony.  It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."
>
> List all documents which you believe, at this time, will be exhibits at the trial.
>
> List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

**PLAINTIFF:**

Plaintiff's Fact Witnesses:

1. Ibukun Adepoju
   Law Office of the Public Defender
   419 W. Cain
   Hobbs, NM 88240
   (915) 731-6119

Expected to testify about whether Brown's attendance at scheduled pretrial interviews in criminal cases.

2. Laura Aguirre
   Hobbs Police Department
   300 N. Turner St.
   Hobbs, NM 88240

Expected to testify about internal affairs investigation into Plaintiff.

3. Tony Arsbon
   1212 Tipton Dr, Hobbs,
   NM 88240

(575) 691-6144

Expected to testify about statements made by Corey Helton related to this litigation, as well as other cases filed against Lea County.

4. Craig Bova, HR Director of Lea County
   c/o MYNATT SPRINGER, P.C.
   Benjamin J. Young
   Haley R. Grant
   Mynatt Springer, P.C.
   P.O. Box 2699
   Las Cruces, NM 88004
   (575) 524-8812

Expected to testify about the allegations in the complaint, including HR's handling of Plaintiff's personnel file and complaints submitted by Plaintiff.


5. Robert Blanchard
   c/o Benjamin Gubernick
   Curtis Waldo
   WALDO GUBERNICK LAW ADVOCATES, LLP
   717 Texas Aven. Suite 1200
   Houston, TX 77002
   ben@wglawllp.com
   curtis@wglawllp.com
   (346) 277-0287
   (717) 306-0512

Expected to testify about the background check her performed on Plaintiff, including examination of Plaintiff's Lea County personnel file, red flags he observed and reported, and retaliation he experienced from Corey Helton.

6. Zane Brown
   c/o Benjamin Gubernick
   Curtis Waldo
   WALDO GUBERNICK LAW ADVOCATES, LLP
   717 Texas Aven. Suite 1200
   Houston, TX 77002
   ben@wglawllp.com
   curtis@wglawllp.com
   (346) 277-0287
   (717) 306-0512

Expected to testify concerning the events in the Complaint, including misconduct by LCSO employees, and damages he has suffered.

7.  Joe Clark
    Lovington Police Department
    213 S Love St,
    Lovington, NM 88260
    (575) 704-2506

Expected to testify about Corey Helton denying resources to LPD in response to its decision to hire Plaintiff.

8.  Tony Crowder
    208 W Bender Blvd,
    Hobbs, NM 88240
    (575) 964-5425

Expected to testify about Plaintiff's job performance and statements made by Corey Helton related to Plaintiff's lawsuit.

9.  Joe Cotton
    New Mexico NAACP
    (575) 318-6413

Expected to testify about discriminatory practices in LCSO.

10. Andy Dominguez
    c/o MYNATT SPRINGER, P.C.
    Benjamin J. Young
    Haley R. Grant
    P.O. Box 2699
    Las Cruces, NM 88004
    (575) 524-8812

Expected to testify about Michael Walker's intoxication and drunk driving.

11. Vicente Garcia
    c/o MYNATT SPRINGER, P.C.
    Benjamin J. Young
    Haley R. Grant
    P.O. Box 2699
    Las Cruces, NM 88004
    (575) 524-8812

Captain Garcia is expected to testify concerning the investigation of alleged drunk driving by Michael Walker.

12. <u>Mike Gallagher</u>
    c/o MYNATT SPRINGER, P.C.
    Benjamin J. Young
    Haley R. Grant
    P.O. Box 2699
    Las Cruces, NM 88004
    (575) 524-8812

Expected to testify concerning the events outlined in the Complaint, including his involvement in and knowledge of retaliatory and discriminatory actions taken against Plaintiff, and LCSO's discriminatory hiring practices.

13. <u>Jesse Gonzales</u>
    UPS
    3601 N Grimes St Ste 400
    Hobbs, NM 88240

Expected to testify about Corey Helton's attempts to convince him to terminate Plaintiff's employment at UPS.

14. <u>Jeremy Grady</u>
    c/o MYNATT SPRINGER, P.C.
    Benjamin J. Young
    Haley R. Grant
    P.O. Box 2699
    Las Cruces, NM 88004
    (575) 524-8812

Expected to testify about Plaintiff's job performance.

15. <u>Chris Gallagos</u>
    APD
    (575) 703-0265

Expected to testify about the background investigation he conducted after Plaintiff applied for employment with the Artesia Police Department.

16. <u>Tye Harmon</u>
    (575) 693-5461

Expected to testify about Plaintiff's attendance at pretrial interviews in criminal cases.

17. <u>Corey Helton</u>
    c/o MYNATT SPRINGER, P.C.
    Benjamin J. Young

Haley R. Grant
Mynatt Springer, P.C.
P.O. Box 2699
Las Cruces, NM 88004
(575) 524-8812

Expected to testify about the events outlined in the Complaint, including his department's unconstitutional hiring practices, and his retaliatory actions against current and former LCSO employees such as Plaintiff.

18. Victor Hernandez
    c/o MYNATT SPRINGER, P.C.
    Benjamin J. Young
    Haley R. Grant
    P.O. Box 2699
    Las Cruces, NM 88004
    (575) 524-8812

Expected to testify about his investigation of Plaintiff.

19. Travis Hobbs
    c/o MYNATT SPRINGER, P.C.
    Benjamin J. Young
    Haley R. Grant
    P.O. Box 2699
    Las Cruces, NM 88004
    (575) 524-8812

Expected to testify about background checks performed on LCSO job applicants, including Ahmaad White.

20. Kari Holliman
    (254) 246-1183

Expected to testify about allegations that Plaintiff had made inappropriate communications.

21. David Ibarra
    1401 S. Commercial St.
    Lovington, NM 88260
    (575) 396-3611

Expected to testify about incident in San Francisco where Plaintiff allegedly forgot to pay a bar tab.

22. <u>Diana Jurado</u>
    1401 S. Commercial St.
    Lovington, NM 88260
    (575) 396-3611

Expected to testify concerning the events outlined in the Complaint, including retaliatory actions she took towards Plaintiff, discriminatory and illegal actions taken against LCSO employees, and her relationship with Michael Walker,

23. <u>Fernando Jimenez</u>
    c/o MYNATT SPRINGER, P.C.
    Benjamin J. Young
    Haley R. Grant
    P.O. Box 2699
    Las Cruces, NM 88004
    (575) 524-8812

Expected to testify about LCSO investigations related to Plaintiff.

24. <u>Nurse Becky Kesner</u>
    Phoenix House Sexual Assault & Domestic Violence Resource Center
    221 Green Acres Dr.
    Hobbs, NM 88240
    (575) 433-3322

Expected to testify about incident in San Francisco where Plaintiff allegedly forgot to pay a bar tab.

25. <u>Megan Kirtley</u>
    100 N. Love St. Suite 2
    Lovington, NM 88260
    (575) 396-7616

Expected to testify about Plaintiff's job performance and retaliatory actions taken by the Fifth Judicial District Attorney's office against Plaintiff, as well the office's withholding of evidence in one of Plaintiff's cases from criminal defense attorneys.

26. <u>Executive Director Gretchen Koether</u>
    Phoenix House Sexual Assault & Domestic Violence Resource Center
    221 Green Acres Dr.
    Hobbs, NM 88240
    (575) 433-3322

Expected to testify about a complaint she made against Plaintiff.

27. <u>Dianna Luce</u>
    100 N. Love St. Suite 2
    Lovington, NM 88260
    (575) 396-7616

Expected to testify about Plaintiff's job performance and retaliatory actions taken by the Fifth Judicial District Attorney's office against Plaintiff, as well the office's withholding of evidence in one of Plaintiff's cases from criminal defense attorneys.

28. <u>Brianni Frazier</u>
    1450 E McKinney Street
    Denton, TX 76209

Expected to testify about Plaintiff's job performance as an investigator on cases she prosecuted.

29. <u>Billy Martinez</u>
    Truth Energy Services
    3938 N Dal Paso St
    Hobbs, NM 88240
    (432) 248-2250

Expected to testify about statements Helton made during a background check on Plaintiff.

30. <u>Jonathan Martinez</u>
    c/o MYNATT SPRINGER, P.C.
    Benjamin J. Young
    Haley R. Grant
    P.O. Box 2699
    Las Cruces, NM 88004
    (575) 524-8812

Expected to talk about Plaintiff's job performance and retaliatory actions taken against Plaintiff. He is also expected to testify about how he was removed from CID the same day Plaintiff was demoted.

31. <u>Alvin Mattocks</u>
    c/o Benjamin Gubernick
    Curtis Waldo
    WALDO GUBERNICK LAW ADVOCATES, LLP
    717 Texas Aven. Suite 1200
    Houston, TX 77002
    ben@wglawllp.com
    curtis@wglawllp.com

(346) 277-0287
(717) 306-0512

Expected to testify about statements Helton made related to Plaintiff's efforts to attain employment at HPD.

32. Aaron Rodriguez
(575) 602-2369
a.rodriguez24@gmail.com
a.rodingod24@gmail.com


Expected to testify about the investigations into Plaintiff and allegations of drunk driving by Walker.

33. Cody Rogers
Serpe Andrews, PLLC
2540 El Paseo Rd.
Las Cruces, NM 88001
(713) 452-4400

Expected to testify about her investigations into Walker's drunk driving.

34. Jasmine Sanchez
1401 S. Commercial St.
Lovington, NM 88260
(575) 396-3611

Expected to testify about Walker's intoxication

35. Jeanette Sandoval
1401 S. Commercial St.
Lovington, NM 88260
(575) 396-3611

Expected to testify concerning the events outlined in the Complaint, including LCSO's discriminatory and retaliatory actions against Plaintiff.

36. Ana Santana
New Mexico Children, Youth and Families Department
907 W. Calle Sur St.
Hobbs, NM 88240
(575) 397-2478

Expected to testify about Plaintiff's job performance.

37. <u>Jeremy Shimmer</u>
    c/o Benjamin J. Young
    Haley R. Grant
    Mynatt Springer, P.C.
    P.O. Box 2699
    Las Cruces, NM 88004
    (575) 524-8812 (440) 985-8012

Expected to testify about an investigation of Plaintiff.

38. <u>Lea County Commissioner Jonathan Sena</u>
    c/o Benjamin J. Young
    Haley R. Grant
    Mynatt Springer, P.C.
    P.O. Box 2699
    Las Cruces, NM 88004
    (575) 524-8812

Sena is expected to testify concerning the events outlined in the Complaint.

39. <u>Former LCSO Deputy Karina Tello</u>
    c/o WALDO GUBERNICK LAW ADVOCATES, LLP
    Benjamin Gubernick
    Curtis Waldo
    717 Texas Aven. Suite 1200
    Houston, TX 77002
    ben@wglawllp.com
    (346) 277-0287

Expected to testify about Walker's intoxication and drunk driving, as well as investigations in to Plaintiff.

40. <u>Mike Tovar</u>
    c/o WALDO GUBERNICK LAW ADVOCATES, LLP
    Benjamin Gubernick
    Curtis Waldo
    717 Texas Aven. Suite 1200
    Houston, TX 77002
    ben@wglawllp.com
    (346) 277-0287

Expected to testify about retaliatory actions taken by LCSO, and rumors that he was working with Plaintiff to undermine Walker.

41. Aileen Vizcarra
    1401 S. Commercial St.
    Lovington, NM 88260
    (575) 396-3611

Expected to testify concerning the events outlined in the Complaint, including retaliatory, discriminatory, and illegal actions taken against LCSO employees including Plaintiff.

42. Michael Walker
    c/o MYNATT SPRINGER, P.C.
    Benjamin J. Young
    Haley R. Grant
    Mynatt Springer, P.C.
    P.O. Box 2699
    Las Cruces, NM 88004
    (575) 524-8812

Walker is expected to testify about the events outlined in the Complaint, including his alcoholism, official misconduct, and mistreatment of Plaintiff.

43. Sergeant Ahmaad White
    Hobbs Police Department
    300 N. Turner St.
    Hobbs, NM 88240
    (575) 397-9265

Expected to testify about the events alleged in the Complaint, and his application for employment at LCSO..

44. Kirk Williams
    100 N. Love St. Suite 2
    Lovington, N 88260
    (575) 396-7616

Expected to testify about a meeting he and Plaintiff had with a suspect in Seminole, Texas, as well as adverse actions he and other Fifth Judicial District Attorney employees took against Plaintiff.

45. Valerie Chacon
    200 E Broadway St,
    Hobbs, NM 88240

Expected to testify about Plaintiff's applications for employment at HPD.

46. All witnesses identified by Defendants

47. Any witnesses for impeachment or rebuttal.

48. Any witnesses necessary for authentication.

49. Any witnesses identified during discovery.


Plaintiff's Exhibits:

Plaintiff intends to use as exhibits relevant communication produced by Defendants. Plaintiff has not yet reviewed all Defendants' proposed exhibits and so reserves his right to challenge admissibility of same.

Plaintiff intends to use as exhibits communication produced by Defendants in discovery relating to Walker's drunk driving and the conspiracy perpetrated by Vizcarra, Estrada, and Garcia to punish Plaintiff as described in the Third Amended Complaint. Plaintiff intends to use as exhibits other incriminating communications produced by Defendants.

Plaintiff reserves the right to update or amend its exhibit list in compliance with the Court's orders. Plaintiff's Expert Witnesses:

Plaintiff has not yet determined whether any expert witness will testify at trial in this matter but will supplement upon such determination.

Plaintiff's Expert Witnesses:

Plaintiff has not yet identified expert witnesses that may be called, or their anticipated testimony. Plaintiff will disclose any such experts as required by the Court's scheduling order and the Federal Rules of Civil Procedure.

**DEFENDANTS:**

Defendants' Fact Witnesses:

1. Plaintiff
   c/o Benjamin Gubernick
   Curtis Waldo
   WALDO GUBERNICK LAW ADVOCATES, LLP
   717 Texas Aven. Suite 1200
   Houston, TX 77002
   ben@wglawllp.com
   curtis@wglawllp.com
   (346) 277-0287
   (717) 306-0512
   *Attorneys for Plaintiff*

Plaintiff is expected to testify concerning the events underlying his LCSO discipline and complaints, related communications he has had with LCSO personnel and external personnel involved in these events, his related communications, his complaints against LCSO personnel, and his conduct underlying each investigation and complaint, and damages arising from his allegations. Plaintiff is further expected to testify concerning his friendship with Ahmaad White, Chris Henderson, and Aaron Rodriguez as well as communications with each concerning Undersheriff Michael Walker and other LCSO personnel.

2. Undersheriff Michael Walker
   c/o MYNATT SPRINGER, P.C.
   Benjamin J. Young
   Haley R. Grant
   Mynatt Springer, P.C.
   P.O. Box 2699
   Las Cruces, NM 88004
   (575) 524-8812

Undersheriff Walker is expected to testify concerning the events leading to Plaintiff's disciplinary investigations he was a part of as well as concerns about Plaintiff's employment conduct, his communications with LCSO personnel and others related to Plaintiff's allegations and discipline, and his understanding of the bases for Plaintiff's discipline.

3. LCSO Sheriff Corey Helton
   c/o MYNATT SPRINGER, P.C.
   Benjamin J. Young
   Haley R. Grant
   Mynatt Springer, P.C.
   P.O. Box 2699
   Las Cruces, NM 88004
   (575) 524-8812

Sheriff Helton is expected to testify concerning the events leading to Plaintiff's disciplinary investigations he was a part of as well as concerns about Plaintiff's employment conduct, his communications with LCSO personnel and others related to Plaintiff's allegations and discipline, and his understanding of the bases for Plaintiff's discipline.

4. LCSO Investigator Diana Jurado (formerly Garcia)
   1401 S. Commercial St.
   Lovington, NM 88260
   (575) 396-3611

Investigator Jurado is expected to testify regarding her work relationship with Plaintiff and her perceptions of him, his conduct leading to her human resource complaints against him, his observed conduct following the complaints, issues observed with his investigative practices and communications, statements made to her after she submitted these complaints, her participation in

investigations concerning Plaintiff and LCSO personnel, and the basis for her request for demotion.

    5.   LCSO Investigator Jeanette Sandoval
        1401 S. Commercial St.
        Lovington, NM 88260
        (575) 396-3611

Ms. Sandoval is expected to testify regarding her work relationship with Plaintiff, personal friendship with Plaintiff, perceptions about Plaintiff related to LCSO, his communications with her regarding complaints against LCSO personnel, her participation in investigations into LCSO personnel and Plaintiff's conduct and inconsistencies in her statements provided therein, and her understanding of Plaintiff's investigative work and communications with others during investigations.

    6.   LCSO Public Information Officer Aileen Vizcarra
        1401 S. Commercial St.
        Lovington, NM 88260
        (575) 396-3611

Ms. Vizcarra is expected to testify concerning her observations of Plaintiff's words and conduct during his LCSO employment, her participation in investigations concerning his conduct and those of LCSO personnel, and communications with LCSO personnel and others concerning Plaintiff's problematic conduct.

    7.   County Manager Mike Gallagher
        c/o MYNATT SPRINGER, P.C.
        Benjamin J. Young
        Haley R. Grant
        P.O. Box 2699
        Las Cruces, NM 88004
        (575) 524-8812

Mr. Gallagher is expected to testify regarding his understanding of the events in Plaintiff's complaint, Plaintiff's discipline and the basis for the discipline, and the events supporting Plaintiff's discipline as he understood them from LCSO personnel.

    8.   Aaron Rodriguez
        (575) 602-2369
        a.rodriguez24@gmail.com
        a.rodingod24@gmail.com

Mr. Rodriguez is expected to testify concerning his relationship with Plaintiff, Chris Henderson, and Ahmaad White as well as communications with Plaintiff concerning Undersheriff Walker, LCSO personnel, and allegations against Walker leading to the internal and external investigations

of the same, the basis for the allegations he raised, his participation in the investigations of the same, and his communications with LCSO concerning the complaint against Walker.

9. Lea County Commissioner Jonathan Sena
c/o Benjamin J. Young
Haley R. Grant
Mynatt Springer, P.C.
P.O. Box 2699
Las Cruces, NM 88004
(575) 524-8812

Commissioner Sena is expected to testify concerning an email he received from Chris Henderson concerning Rodriguez' complaint against Undersheriff Walker.

10. Chris Henderson
Chrishenderson861@yahoo.com

Mr. Henderson is expected to testify concerning his relationship with Plaintiff, Aaron Rodriguez, and Ahmaad White as well as communications with each concerning Undersheriff Walker, LCSO personnel, and allegations against Walker leading to the internal and external investigations of the same, the basis for the allegations he raised, his participation in the investigations of the same, and his communications with LCSO concerning the complaint against Walker.

11. Former LCSO Deputy Karina Tello
c/o WALDO GUBERNICK LAW ADVOCATES, LLP
Benjamin Gubernick
Curtis Waldo
717 Texas Aven. Suite 1200
Houston, TX 77002
ben@wglawllp.com
(346) 277-0287

Ms. Tello is expected to testify regarding her communications with Plaintiff shortly after Diana Garcia's birthday gathering, Plaintiff's accusations against her, threats she reported Plaintiff made against Undersheriff Walker, her work relationship with Plaintiff, and her participation in investigations concerning Walker. Ms. Tello is also expected to testify concerning her pending lawsuit against LCSO.

12. LSCO Deputy Jasmine Sanchez
1401 S. Commercial St.
Lovington, NM 88260
(575) 396-3611

Deputy Sanchez is expected to testify regarding her work relationship and friendship with Plaintiff, her perceptions of Plaintiff, threats she reported Plaintiff made against Undersheriff Walker while

present with Jeannette Sandoval and other allegations concerning Diana Garcia's birthday gathering related to bartering against Plaintiff's own discipline, her participation in investigations concerning Walker and Plaintiff.

13. Claudia Regino
    Contact information unknown

Ms. Regino is expected to testify concerning her attendance at Diana Garcia's birthday gathering and whether Undersheriff Walker appeared to be intoxicated or not.

14. LCSO Investigator David Ibarra
    1401 S. Commercial St.
    Lovington, NM 88260
    (575) 396-3611

Investigator Ibarra is expected to testify concerning his work relationship with Plaintiff and his perceptions of the quality of Plaintiff's work. Ibarra is further expected to testify concerning comments Plaintiff made to a child advocacy worker regarding women deserving of batteries. Investigator Ibarra is further expected to testify concerning a FARO scan that was to be performed by Plaintiff, Plaintiff's lack of availability or contact during investigations, and negative comments he heard Plaintiff speak about concerning Diana Garcia along with an attempt to exclude her from a homicide investigation. Finally, Investigator Ibarra is expected to testify concerning his participation in related investigations of Plaintiff.

15. Former LCSO Cpl. Travis Hobbs
    c/o MYNATT SPRINGER, P.C.
    Benjamin J. Young
    Haley R. Grant
    P.O. Box 2699
    Las Cruces, NM 88004
    (575) 524-8812

Cpl. Hobbs is expected to testify concerning background check procedures for new LCSO applicants, his participation in the background checks into Ahmaad White, his work relationship with Plaintiff and familiarity with Plaintiff's work product, and his participation in an interview following a complaint from Diana Garcia.

16. LCSO Deputy Clara Marquez
    1401 S. Commercial St.
    Lovington, NM 88260
    (575) 396-3611

Deputy Marquez is expected to testify regarding her work relationship with Plaintiff and perceptions of him, a conversation she reported in an investigation following Diana Garcia's complaint against him, and her participation in the investigation.

17. Fifth Judicial District Attorney's Office Assistant District Attorney Kirk Williams
    100 N. Love St. Suite 2
    Lovington, N 88260
    (575) 396-7616

ADA Williams is expected to testify concerning a complaint filed against Plaintiff by District Attorney Dianna Luce. ADA Williams is also expected to testify regarding the Zachary Gonzales investigation in which he traveled with Plaintiff to Seminole, Texas to conduct a recorded interview of a subject. After advising Plaintiff to be careful with how he wrote up the statement, Plaintiff reportedly included two promises in the criminal complaint allegedly from two separate occasions after the interview which was untrue and beyond ADA Williams' authority to make. ADA Williams is further expected to testify concerning his review of the recordings and corrections that had to be made in the criminal complaint as well as his participation in an investigation into these incidents.

18. Fifth Judicial District Attorney's Office Assistant District Attorney Megan Kirtley
    100 N. Love St. Suite 2
    Lovington, NM 88260
    (575) 396-7616

ADA Kirtley is expected to testify regarding her struggles with Plaintiff while he was an investigator in which he missed three pretrial interviews without notice leading to suppression of evidence in a case, failing to turn in a video for deposition, and his general unavailability for contact and failure to produce important evidence. ADA Kirtley is further expected to testify regarding Plaintiff's insults against her and permission he sought for a warrant he admitted would not be legal as well as her participation in an investigation into these incidents.

19. LCSO Sergeant Jeremy Grady
    c/o MYNATT SPRINGER, P.C.
    Benjamin J. Young
    Haley R. Grant
    P.O. Box 2699
    Las Cruces, NM 88004
    (575) 524-8812

Sergeant Grady is expected to testify concerning his supervision over Plaintiff while Plaintiff was an investigator and perceptions concerning Plaintiff's work and professional relationships with other LCSO personnel. Sergeant Grady is further expected to testify concerning evidence Plaintiff failed to turn over to the district attorney's office requiring his intervention, his communications with DA Dianna Luce over her issues with Plaintiff, Plaintiff's failure to complete supplemental reports or attend pretrial interviews, and his discipline of Plaintiff over these issues. Sergeant Grady is also expected to testify regarding other issues with the district attorney's office concerning Plaintiff's handling of evidence and the basis for non-documentation of these verbal reprimands.

20. Fifth Judicial District Attorney Dianna Luce

100 N. Love St. Suite 2
Lovington, NM 88260
(575) 396-7616

DA Luce is expected to testify concerning her complaints to LCSO concerning Plaintiff's investigative performance and inappropriate behavior as reported by ADAs Kirtley and Williams. DA Luce is also expected to testify concerning her own interactions with Plaintiff and participation in related investigations of his conduct.

21. Nurse Becky Kesner
Phoenix House Sexual Assault & Domestic Violence Resource Center
221 Green Acres Dr.
Hobbs, NM 88240
(575) 433-3322

Ms. Kesner is expected to testify concerning comments she heard Plaintiff concerning why he could see hitting his wife when he argues with her to put her in her place during a domestic violence conference. Ms. Kesner is further expected to testify concerning her participation in an investigation into the same.

22. Forensic Interviewer Selena Savell
Lea County Child Advocacy Center
114 W. Snyder St.
Hobbs, NM 88240
(575) 964-2064

Ms. Savell is expected to testify concerning Plaintiff's use of vulgar and unprofessional language while speaking with a child interviewed at the Lea County Child Advocacy Center including demanding the child speak with him and yelling at her and telling her she had no choice but to speak with him, and taunting her for being taken into protective state custody as well as other humiliating comments he made to another forensic investigator Laura Lucero in Savell's presence. Ms. Savell is also expected to testify concerning her participation in a corresponding investigation of Plaintiff's conduct.

23. Forensic Interviewer Laura Lucero
Lea County Child Advocacy Center
114 W. Snyder St.
Hobbs, NM 88240
(575) 964-2064

Ms. Lucero is expected to testify regarding her interactions with Plaintiff and his observed interactions with others at the Lea County Child Advocacy Center. Ms. Lucero is further expected to testify concerning Plaintiff's unprofessional and demanding comments of children, especially girls as well as his vulgar and unprofessional language with staff and demands that they ask certain questions during interviews. Ms. Lucero is further expected to testify concerning her participation in a related investigation of Plaintiff.

24. Blanca Perez
   Phoenix House Sexual Assault & Domestic Violence Resource Center
   221 Green Acres Dr.
   Hobbs, NM 88240
   (575) 433-3322

Ms. Perez is expected to testify concerning Plaintiff's unprofessional demeanor during a conference concerning domestic violence in San Francisco and comments about why women deserve to be in and why someone's ex-husband in a case would beat up his wife and why he might be motivated to hit his own wife. Ms. Perez is further expected to testify concerning her participation in a corresponding investigation of Plaintiff.

25. Sergeant Ahmaad White
   Hobbs Police Department
   300 N. Turner St.
   Hobbs, NM 88240
   (575) 397-9265

Sergeant White is expected to testify concerning the circumstances of his application to LCSO, information he reported during the application process, changes he made to his application, and the monetary basis for his withdrawal as an LCSO candidate. Sergeant White is further expected to testify concerning his friendship with Plaintiff, Chris Henderson, and Aaron Rodriguez and discussions had concerning LCSO personnel.

26. LCSO Captain Vicente Garcia
   c/o MYNATT SPRINGER, P.C.
   Benjamin J. Young
   Haley R. Grant
   P.O. Box 2699
   Las Cruces, NM 88004
   (575) 524-8812

Captain Garcia is expected to testify concerning Plaintiff's attempts to discuss an internal affairs investigation against Plaintiff concerning the Undersheriff Walker investigation and his related participation in the investigation.

27. LCSO Captain Victor Hernandez
   c/o MYNATT SPRINGER, P.C.
   Benjamin J. Young
   Haley R. Grant
   P.O. Box 2699
   Las Cruces, NM 88004
   (575) 524-8812

Captain Hernandez is expected to testify concerning his investigation into allegations concerning personnel from the Phoenix House and Lea County Child Advocacy Center received Phoenix House Executive Director Gretchen Koether regarding Plaintiff's inappropriate behavior with children subject to forensic interviews as noted above.  Captain Hernandez is further expected to testify to the substance of the interviews he conducted, who was present, his evidentiary findings, and reports to LCSO administrative personnel concerning the same.

28. LCSO Chief Deputy Jonathan Martinez
c/o MYNATT SPRINGER, P.C.
Benjamin J. Young
Haley R. Grant
P.O. Box 2699
Las Cruces, NM 88004
(575) 524-8812

Chief Deputy Martinez is expected to testify regarding his receipt of a complaint from Diana Garcia concerning Plaintiff, his assigned to investigate from Sergeant Grady, his investigative findings and interviews, details of his investigative report, and findings of Plaintiff's bullying Investigator Garcia.  Chief Deputy Martinez is further expected to testify regarding information he reported to LCSO administration, his working experience with Plaintiff, and complaints he has heard concerning Plaintiff.

29. LCSO Deputy Vivian Martinez
1401 S. Commercial St.
Lovington, NM 88260
(575) 396-3611

Deputy Martinez is expected to testify concerning her working relationship with Plaintiff, Plaintiff's approach asking if she would be interested in taking a position in the LCSO Criminal Investigations Division ("CID") following Diana Garcia's request to return to patrol and her understanding of Garcia's strong desire to work in CID.

30. Michelle Kemp
Contact information unknown

Ms. Kemp attended Diana Garcia's birthday gathering and reported Plaintiff's "bad blood" with Undersheriff Walker to Sheriff Helton during a preliminary investigation.

31. LCSO Vehicle Maintenance Officer Scott Wimberly
1401 S. Commercial St.
Lovington, NM 88260
(575) 396-3611

Mr. Wimberly is expected to testify regarding his actions and observations during Diana Garcia's birthday gathering where Undersheriff Walker was present.  Mr. Wimberly is expected to testify

to his perception of Undersheriff Walker's lack of intoxication and conduct throughout the gathering.

32. LCSO Sergeant Sonia Estrada
c/o MYNATT SPRINGER, P.C.
Benjamin J. Young
Haley R. Grant
P.O. Box 2699
Las Cruces, NM 88004
(575) 524-8812

Sergeant Estrada is expected to testify concerning her work with and perceptions of Plaintiff, disparaging conversations she heard Plaintiff report concerning Diana Garcia which she reported to Chief Deputy Martinez and Sergeant Grady. Sergeant Estrada is further expected to testify regarding her participation in a related investigation following Investigator Garcia's complaint.

33. LCSO Chief Deputy Fernando Jimenez
c/o MYNATT SPRINGER, P.C.
Benjamin J. Young
Haley R. Grant
P.O. Box 2699
Las Cruces, NM 88004
(575) 524-8812

Chief Deputy Jimemez is expected to testify concerning his work with, if any, and perceptions of Plaintiff, Jimenez' investigation of a complaint raised by Aaron Rodriguez against Undersheriff Walker as well as a complaint against Plaintiff raised by Diana Garcia following attorney Cody Rogers' external investigation of the Walker complaint. Chief Deputy Jimenez is expected to testify as to the details of his investigation and related evidentiary findings in documents and interviews, his related communications with LCSO administrative personnel, and the County violations Plaintiff committed as noted in his findings.

34. LCSO Sergeant Andy Dominguez
c/o MYNATT SPRINGER, P.C.
Benjamin J. Young
Haley R. Grant
P.O. Box 2699
Las Cruces, NM 88004
(575) 524-8812

Sergeant Dominguez is expected to testify concerning his actions and observations during Diana Garcia's birthday gathering where Undersheriff Walker was present as well as work with Plaintiff, if any, and his perceptions of Plaintiff.

35. Executive Director Gretchen Koether
Phoenix House Sexual Assault & Domestic Violence Resource Center

221 Green Acres Dr.
Hobbs, NM 88240
(575) 433-3322

Ms. Koether is expected to testify regarding complaints she received from subordinate employees concerning Plaintiff's words and conduct regarding comments about domestic abuse against women.

36. Investigator Ana Santana
New Mexico Children, Youth and Families Department
907 W. Calle Sur St.
Hobbs, NM 88240
(575) 397-2478

Ms. Santana is expected to testify to conversations she heard about Plaintiff at the Lea County Child Advocacy Center in the interview observation room with Laura Lucero and Yvonne (last name unknown). Ms. Santana is also expected to testify concerning Plaintiff's comments to a child to be interviewed to come over to talk to them, that she had to speak with him, and the fact of traumatizing discussions about the child's custody between Plaintiff and others occurring in the child's presence. Ms. Santana also recalls the child told her she was not comfortable with Plaintiff to which he responded that he was not the one who took the children and related comments.

37. Receptionist Yvonne (last name unknown)
Lea County Child Advocacy Center
114 W. Snyder St.
Hobbs, NM 88240
(575) 964-2064

Receptionist Yvonne is expected to testify concerning comments she heard and conversations she was a part of leading to a complaint concerning Plaintiff submitted to LCSO. Receptionist Yvonne is further expected to testify regarding her observations of Plaintiff as an investigator at the Lea County Child Advocacy Center.

38. Attorney Cody Rogers
Serpe Andrews, PLLC
2540 El Paseo Rd.
Las Cruces, NM 88001
(713) 452-4400

Ms. Rogers is expected to testify concerning her external investigation of Aaron Rodriguez' allegations against Undersheriff Walker, her investigative report and findings, evidence she reviewed, and interviews she conducted, and her investigative findings and discussions with LCSO administration concerning the same.

39. Any witnesses identified through discovery.

40. Any witnesses for impeachment or rebuttal.

41. Any witnesses necessary for authentication.

42. Any witnesses identified by Plaintiff.

<u>Defendants' Exhibits:</u>

1. Investigation 22A1-002 (previously produced Bates numbered 000001—000035)

2. Investigation 22A1-010 (previously produced Bates numbered 000036—000121)

3. Investigation 22A1-011 (previously produced Bates numbered 000122—000235)

4. Investigation 22CC-008 (previously produced Bates numbered 000236—000295)

5. Walker Investigation (previous produced Bates numbered 000296 – 000339)

6. Notice of Charge of Discrimination (previously produced Bates numbered 000340—000345)

7. Lea County HR Employee Handbook (previously produced Bates numbered 000346—000457)

8. Corporal Travis Hobbs' Email Regarding White's Prior Applications (previously produced Bates numbered 000458)

9. EEOC Charge of Discrimination (previously produced Bates numbered 000459—000460)

10. EEOC Notice of Right to Sue (previously produced Bates numbered 000461)

11. Emails Z Brown to C. Bova (previously produced Bates numbered 000462—000507)

12. LCSO New Applicant Report- White (previously produced Bates numbered 000462—000507)

13. Personnel Policy (previously produced Bates numbered 000588—000592)

14. Zane Brown's Personnel File (previously produced Bates numbered 000593—000740)

15. Position Statement (previously produced Bates numbered 000741—000791)

16. Zebras Law Firm HPD IPRA documents (previously produced Bates numbered 000792—000798).

<u>Defendants' Expert Witnesses:</u>

Defendants have not yet determined whether any expert witness will testify at trial in this matter but will supplement upon such determination.

Discovery will be needed on the following subjects: Both parties state that discovery will be needed on liability and damages.

Plaintiff further states that his Complaint identifies specific communication from LCSO employees that is relevant to this case and which it will seek in discovery.  For instance, Paragraph 17 of the Complaint identifies text messages by and among Vizcarra, Estrada, and Garcia through which these three conspired to get Plaintiff fired.  Plaintiff will also seek discovery relating to Defendant Walker's drunk driving and alcohol problems as described in Paragraphs 25 through 32 of the Third Amended Complaint.

Maximum of **25** interrogatories by each party to any other party.  (Responses due **30** days after service).

Maximum of **25** requests for admission by each party to any other party.  (Response due **30** days after service).

Maximum of **25** requests for production by each party to any other party.  (Response due **30** days after service).

Maximum of **38** fact depositions by Plaintiff and **19** depositions by Defendants (not including expert depositions)

Each deposition (other than of parties and experts) limited to maximum of **4** hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

For Plaintiff: August 15, 2025

For Defendants: September 12, 2025

Supplementation under Rule 26(e) due 30 days after receipt of information.

All discovery commenced in time to be complete by October 13, 2025

## PRETRIAL MOTIONS

Plaintiff intends to file:  As referenced above, depending on whether Defendants properly amend their Answer, Plaintiff intends to file a motion for sanctions under Rule 11(b)(4).  Plaintiff intends to file motions in limine and discovery motions as necessary.

Defendants intend to file: motion(s) for summary judgment and qualified immunity and a motion for judgment on the pleadings or motion to dismiss as well as motions in limine, and discovery motions as necessary.

## ESTIMATED TRIAL TIME

The parties estimate trial will require 14 days.

_____ This is a non-jury case.

__X__ This is a jury case.

The parties request a pretrial conference in late November 2025.

## SETTLEMENT

The possibility of settlement in this case is fair.  The parties request a settlement conference in June 2025.

## EXCEPTIONS

Plaintiff proposes that given the parties are proposing a June settlement conference, and given the parties have not yet served written discovery, proceeding with depositions other than that of Plaintiff himself prior to the settlement conference is not a good use of the parties' resources. Plaintiff proposes that Defendants be permitted to take Plaintiff's deposition prior to the settlement conference but that other depositions not proceed until thereafter.

Defendants object to the improper insertion of descriptive text on page 27 concerning the nature of the discovery Plaintiff seeks as outside the official Joint Status Report form dictates of the United States District Court for the District of New Mexico and insofar as this text seeks additional discovery beyond what Defendants stipulate to.

Defendants further object to Plaintiff's above noted exception insofar as Plaintiff seeks to determine or have the Court determine the timing and extent of Defendants' right to take depositions as an arbitrary restraint on discovery which would hamstring Defendants' right to prove necessary defenses before a settlement conference. *See* Fed. R. Civ. P. 26(c) (For good cause, a court may issue a protective order protecting a party from annoyance, embarrassment, oppression, or undue burden or expense.).

Other than arguing against the good use of parties' resources, Plaintiff offers no reason for why Defendants should only be allowed to depose Plaintiff and not the other critically important witnesses before proceeding with a settlement conference. Should the Court approve such a limitation, Defendants withdraw their consent to schedule a prospective settlement conference in June 2025.

Submitted by:

WGLA, LLP

 /s/ Curtis Waldo_____
Benjamin Gubernick
Curtis Waldo
WGLA, LLP
717 Texas Aven. Suite 1200
Houston, TX 77002
ben@wglawllp.com
curtis@wglawllp.com
(346) 277-0287
(713) 306-0512
*Attorneys for Plaintiff*

APPROVED WITH EXCEPTIONS:

MYNATT SPRINGER P.C.

_____

BLAINE T. MYNATT
New Mexico Bar No. 9471
HALEY R. GRANT
New Mexico Bar No. 145671
P.O. Box 2699
Las Cruces, New Mexico 88004-2699
(575) 524-8812
btm@mynattspringer.com
hrg@mynattspringer.com
*Attorneys for City Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document in compliance with the Federal Rules of Civil Procedure on February 27, 2025.

 _/s/ Curtis Waldo_____
Curtis Waldo