IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ZANE BROWN,

     **Plaintiff,**                         No. 2:23-CV-00355-DHU-GJF

v.

**LEA COUNTY BOARD OF
COUNTY COMMISSIONERS,
COREY HELTON, and
MICHAEL WALKER,**

     **Defendants.**

## PLAINTIFF'S OPPOSITION TO COUNTY DEFENDANTS' MOTION TO EXTEND DISPOSITIVE MOTIONS DEADLINE

Plaintiff Zane Brown ("Plaintiff"), through undersigned counsel, responds as follows to Defendants Lea County Board of County Commissioners (the "County"), Corey Helton, and Michael Walker's (collectively "Defendants") Motion to Extend Dispositive Motions Deadline (Dkt. 80, the "Motion" or "Def. Mot.").

1.     This is a garden variety employer retaliation case. Plaintiff alleges that he suffered adverse employment action because he complained about impropriety at the Lea County Sheriff's Office ("LCSO"). Defendants concede the adverse employment action but insist they had lawful motives for their actions.

2.     That is the entire case. One plaintiff, five causes of action,[1] no complicated legal questions, no expert witnesses designated by either party. A 95-page summary judgment motion is not needed to decide whether this dispute reaches a jury.

---

[1] The operative complaint alleges six causes of action, but Plaintiff has agreed to stipulate to the dismissal of Count V, which alleges a Section 1983 claim against Helton and Walker in their individual capacities.

3.      Nonetheless, Defendants ask that the Court extend the dispositive motion deadline so that they can finish writing such a gargantuan filing. *See* Def. Mot. at ¶ 9 ("the current draft of [Defendants'] motion for summary judgment [is] sitting at about 70 pages and is expected to range be somewhere between 85 and 95 pages in length.").

4.      The Court should not give Defendants additional time to prepare their overlong brief. Or even permit them to file it. Local Rule 7.5 provides that for "[t]he length of a motion or, if a separate brief is filed in support of a motion, the combined length of a motion and supporting brief, must not exceed twenty-seven (27) double-spaced pages." For sure, "the Court has discretion regarding when to permit extensions of page limits." *Woodruff v. Herrera*, No. CV 09-449 JH/KBM, 2011 WL 13168988, at *2 (D.N.M. Mar. 31, 2011). But it should decline to exercise that discretion here. *Id.* at fn. 2 (denying leave to file "egregiously long" 81-page motion for summary judgment).

5.      Defendants have already requested multiple extensions of the dispositive motion deadline and have had ample notice of the current deadline. Defendants claim to be unable to meet the April 10 cutoff for two reasons: (1) they wish file a massively overlong brief; and (2) their "counsel has booked non-refundable flights and may be forced to lose the funds associated with the trip while cancelling a much needed vacation." Def. Mot. at ¶ 3.

6.      But neither of those reasons amount to exceptional circumstances, or even good cause. Defendants made the decision to head down the rabbit hole of writing a nearly 100-page brief, without leave of Court. That decision put the impetus on Defendants to at least book refundable tickets.

7.      "Judges impose page limits for a reason. They force parties to hone their arguments and to state those arguments succinctly. Page limits cause, or should cause, parties to dispense with arguments of little or no merit in favor of those

arguments that have a better chance of carrying the day. They encourage parties to avoid redundancy. And repetition." *Kernan v. Comm'r*, 108 T.C.M. (CCH) 503 (T.C. 2014), *aff'd sub nom. Kernan v. Comm'r of Internal Revenue*, 670 F. App'x 944 (9th Cir. 2016).

8.    Defendants' motion should be denied.

Respectfully submitted,

WGLA, LLP


/s/ Benjamin Gubernick
BENJAMIN GUBERNICK
New Mexico State Bar No. 145006
CURTIS WALDO
New Mexico State Bar No. 163604
717 Texas St. Suite 1200
Houston, TX 77002
(346) 341-0169
ben@wglawllp.com
curtis@wglawllp.com

*Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing pleading was served on opposing counsel of record on April 9, 2026 via CM/ECF:

/s/Benjamin Gubernick
BENJAMIN GUBERNICK

3