IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ZANE BROWN,

  Plaintiff,        No. 2:23-CV-00355-DHU-GJF

v.

LEA COUNTY BOARD OF
COUNTY COMMISSIONERS,
COREY HELTON, and
MICHAEL WALKER,

  Defendants.

## MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. 91)

Plaintiff, through undersigned counsel, moves the Court to strike Defendants' Motion for Summary Judgment (Dkt. 91, the "MSJ") and order Defendants to replace it with a motion that complies with the Local Rules and this Court's April 9, 2026 order (Dkt. 83).

Undersigned counsel sent Defendants' attorneys an email on April 24, 2026, fully advising them of the basis for this motion. The email also requested that they either fix the problems with their filing or provide their position on a motion to strike. As of the time of this filing, Defendants have not responded.

### A. Background

On April 8, 2026, Defendants motioned the Court for an extension to the dispositive motion deadline. Although the only relief requested was additional time, Defendants also alerted the Court that "a motion for page extension" was forthcoming

1

because the "the current draft of the[ir] motion for summary judgment [was] sitting at about 70 pages and [was] expected to range be [sic] somewhere between 85 and 95 pages in length." *Id*. at 2. Plaintiff filed an opposition to the motion on April 9, 2026. The Court took up the motion in a telephonic hearing later that day. *See* Dkt. 84 (clerk's minutes).  During the hearing, the Court expressed skepticism about the need for a sprawling motion and pointed out that such filings place enormous strain on the Court's resources. The Court also noted that Defendants would have an opportunity to present the facts of the case at trial.

The Court ruled that it would permit only 42 pages, but would allow Defendants until April 24, 2026 to file, a compromise that would give Defendants time to cut the motion down to "something more reasonable." *Id*. The Court then issued a text-only order stating, in pertinent part, that "Defendants' Motion may not exceed 42 *double-spaced* pages[.]" Dkt. 83 (emphasis added).

When Defendants finally filed the MSJ, however, it was functionally much longer than 42 pages. Specifically, the section entitled "Undisputed Material Facts" contains 141 single-spaced facts, spread out over 18 pages. *See* MSJ at 2-20.

## B. Legal Standard

A district court has discretion to "exercise[] its power to enforce compliance with its local rules[.]" *Bustillo v. Hawk*, 44 F. App'x 396, 400 (10th Cir. 2002). That includes rules governing page limits and line spacing. *Id*. (judgment affirmed where a trial court struck a single-spaced, 90-page summary judgment brief and ordered the

offending to party to replace it with "a response that was no longer than twenty-six, double-spaced pages.").

## C. Argument

What we have here is "a thinly veiled attempt to circumvent this [C]ourt's page limitation." *Forsythe v. Bd. of Educ. of Unified Sch. Dist. No. 489*, Hays, Kan., 956 F. Supp. 927, 928 (D. Kan. 1997). A 42-page limit was more than enough "to concisely set forth uncontroverted facts, as well as all of [Defendants] arguments and authorities supportive of their … position[.]" *Id.* But instead of trimming the fat, Defendants decided to "compress, rather than edit." *TK-7 Corp. v. Est. of Barbouti*, 966 F.2d 578, 579 (10th Cir. 1992).

The Court's order expressly required double-spaced pages. *See* Dkt. 83. The Local Rules also required double-spaced pages. See L.R.C.P. 10.1 "Except for footnotes and quotations, the text of all documents must be double spaced." Nonetheless, Defendants chose to include 18 pages of single-spaced factual contentions. That violates the letter of the rules, as well as their spirit. *See* L.R.C.P. 56.1(b) ("The Memorandum must set out a *concise* statement of all of the material facts as to which the movant contends no genuine issue exists." (Emphasis added)).

Courts across the country have refused to tolerate similar formatting end-runs. *See e.g., Life After Hate, Inc. v. Free Radicals Project, Inc.*, 334 F.R.D. 413, 414 (N.D. Ill. 2020) ("glaring violation of the Local Rules here and throughout the country regarding page limitations of briefs" where a motion was "21 pages, with pages 7 through 21 *set out in single spacing*" because, "[f]or all practical purposes, … the

motion was the equivalent of 35 pages." (Emphasis original); *CST Indus., Inc. v. Tank Connection, LLC*, No. 23-2339-JAR-RES, 2025 WL 660809, at *6 (D. Kan. Feb. 28, 2025) (failure to comply with court ordered page limitations where a brief "contain[ed] large portions that are single-spaced, not double-spaced, as required."); *St. Francis Reg'l Med. Ctr., Inc. v. Critical Care, Inc.*, 997 F. Supp. 1413, 1440 (D. Kan. 1997) (Reminding parties that "single spacing may only be used in block quotes (which must be double-indented) and footnotes" and warning that "[a]ny document not in compliance with this paragraph shall be stricken without further notice."); *Hicks v. 1715 Northside Drive, Inc.*, No. 1:22-CV-02189-ELR, 2025 WL 2857521, at *3 (N.D. Ga. Mar. 26, 2025) (line spacing manipulation tantamount to "formatting sleight of hand"). This Court should follow suit.

## D. Conclusion

For the foregoing reasons, the Court should strike the MSJ and direct Defendants to file a motion that complies with the page limitations already set by the Court.

**WGLA, LLP**

By:/s/Benjamin Gubernick
Benjamin Gubernick (SBN 145006)
E-mail: ben@wglawllp.com
Telephone (346) 277-0287
Fax: 346-341-0169
717 Texas St. Suite 1200
Houston, TX 77002

*Attorneys for Plaintiff*

4

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2026, the foregoing was served on all counsel of record via the Court's filing system.

*/s/* Benjamin Gubernick
Benjamin Gubernick