**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ZANE BROWN,

     Plaintiff,

v.                                   No. 2:23-cv-00355-DHU-GJF

LEA COUNTY BOARD OF
COUNTY COMMISSIONERS,
COREY HELTON, and
MICHAEL WALKER,

     Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE**

**THIS MATTER** is before the court on Plaintiff Zane Brown's Motion to Strike Defendants' Motion for Summary Judgment. Doc. 93. Plaintiff asserts that Defendants' Motion for Summary Judgment, Doc. 91, fails to comply with the District of New Mexico's Local Rules of Civil Procedure and this Court's April 9, 2026 Order, Doc. 83. The Court, having reviewed the Motion to Strike, the Motion for Summary Judgment, and being fully advised of the premises, finds that the motion is well taken and should be **GRANTED**.

On March 26, 2026, Magistrate Judge Fouratt granted in part the parties' fourth motion to extend the dispositive motions deadline. After consulting with this Court, Judge Fouratt reset the deadline for April 10, 2026, about one month before the date requested in the motion. *See* Doc. 75. Defendants subsequently moved to vacate the June 1, 2026 trial setting "to allow more time for County Defendants to seek an extension on the April 10, 2026 dispositive motions deadline." Doc. 77. The motion was opposed by Plaintiff. *Id.* The Court granted Defendants' motion but indicated that it did not intend to grant additional requests to extend the dispositive motions deadline. Doc. 78.

On April 8, 2026, Defendants filed their fifth motion to extend the dispositive motions deadline, despite the Court's instruction that it did not plan to grant further extensions. Doc. 80. The motion asked for a five-day extension, to April 15, 2026, to accommodate defense counsel's scheduled vacation and ensure the completion of Defendants' forthcoming Motion for Summary Judgment. The motion also indicated that Defendants will be seeking a motion for page extension "with the current draft of the motion for summary judgment sitting at about 70 pages" and "expected to range [] somewhere between 85 and 95 pages in length." *Id.* at 2. Plaintiff opposed this motion. Doc. 81.

The Court held a telephonic hearing the next day to discuss the opposed Motion for Extension of Time and the planned Motion for Summary Judgment. At that hearing, the Court indicated its concern about the anticipated length of the summary judgment motion. *See* Doc. 84. Ultimately, the Court granted Defendants' Motion for Extension of Time, extending the deadline to April 24, 2026. Doc. 83. However, the Court made clear at the hearing—and in an Order following the hearing—that it would grant only a 15-page extension of the page limit, amounting to an allowance of 42 *double-spaced* pages for the motion. *See* Docs. 83, 84. In fact, the extension of time granted by the Court was for the explicit purpose of allowing Defendants additional time to refine and shorten their drafted motion.

On April 24, 2026, Defendants timely filed a 43-page motion for summary judgment. Doc. 91. As Plaintiff points out in his Motion to Strike, the motion contains about 18 pages of single-spaced undisputed material facts. This plainly fails to comply with Local Rule 7.5 and this Court's explicit order stating that "Defendants' Motion may not exceed 42 *double-spaced* pages[.]" Doc. 83 (emphasis added).

This Court does not lightly strike a party's filing. But when nearly half of a motion fails to comply with the space and formatting requirements of the Local Rules and the Court's Order—which followed a hearing at which the Court discussed its concerns regarding the motion's length—it strikes the Court as "a thinly veiled attempt to circumvent this [C]ourt's page limitation." *Forsythe v. Bd. of Educ. Of Unified Sch. Dist. No. 489*, 956 F.Supp. 927, 928 (D. Kan. 1997). In this way, Defendants' Motion violates both the letter of this Court's Order and the spirit of it, expressed at the April 9 hearing: that of reserving for trial issues which should be decided by a jury and preventing an outsized and unnecessary strain on judicial resources. *See TK-7 Corp. v. Estate of Barbouti*, 966 F.2d 578, 579 (10th Cir. 1992) (ordering compliance with length and formatting rules "preferably in spirit as well as in letter").

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike (Doc. 93) is **GRANTED** and Defendants' Motion for Summary Judgment (Doc. 91) is **STRICKEN**. Should Defendants wish to file an amended motion for summary judgment, they must do within 10 days of entry of this Order.[1] Such motion will be denied if it does not strictly comply with this Court's April 9, 2026 Order (Doc. 83) and the Local Rules.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

---

[1] Ironically, Defendants now get what they originally sought in their fourth motion to extend deadlines before Judge Fouratt—an extension of the dispositive motions deadline to early May.