IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ZANE BROWN,

    Plaintiff,              No. 2:23-CV-00355-DHU-GJF

v.

LEA COUNTY BOARD OF
COUNTY COMMISSIONERS,
COREY HELTON, and
MICHAEL WALKER,

    Defendants.

## DECLARATION OF COREY HELTON

1. I am over the age of eighteen and am competent to testify as to the matters set forth herein.

2. I swear under penalty of perjury and the laws of the State of New Mexico that the matters set forth in this Declaration are true and accurate as based on my personal knowledge.

3. I am a certified law enforcement officer in the State of New Mexico and sheriff of Lea County, New Mexico and the Lea County Sheriff's Office ("LCSO").

4. I received the enclosed letter from Fifth Judicial District Attorney Dianna Luce on August 14, 2022. *See* Attach. 1, BN 922-924 Luce Complaint.

5. I prepared the enclosed memorandum with true and correct attachments I prepared as noted or received as noted within the attachments and received and sent the emails from a person purporting to be Aaron Rodriguez. *See* Attach. 2, BN 43-54 Formal Complaint.

6. I also prepared or received the enclosed documents related to the Rodriguez complaint and Mr. Brown's discipline as indicated therein. *See* Attach. 4, BN 55 Disciplinary

HELTON DECLARATION
PAGE 1 OF 3

**EXHIBIT 4**

Doc ID: 49386b3bd33ab2f6501531aa003d4fa9452b0982

Recommendation; Attach. 5, BN 103-105 Vizcarra Letter; Attach. 6, BN 106-108 Jurado Letter; Attach. 7, BN 109-119 Sanchez Letter; Attach. 8, BN 303-304 Tello Email; Attach. 9, BN 120-121 Tello Letter; Attach. 10, BN 305-307 Jurado Memorandum; Attach. 11, BN 323-324 Sanchez Memorandum; Attach. 12, BN 311-312 Vizcarra Memorandum; Attach. 13, BN 296 Tovar Messages; Attach. 14, BN 298-301 Helton Memorandum.

7. I assigned Chief Deputy Fernando Jimenez to investigate allegations that Mr. Brown had interfered with the Rodriguez investigation.

8. I recommended Mr. Brown's removal from night shift in July 2022 as a result of the complaints against him from the Child Advocacy Center and Phoenix House in Hobbs, the complaint from Investigator Diana Jurado, and Fifth Judicial District Attorney Dianna Luce's complaint about Plaintiff's poor investigative work on cases the DA's Office was prosecuting during the June 11, 2022 Law Enforcement Torch Run held at Green Meadow Park and Lake in Hobbs, New Mexico.

9. I also recommended Plaintiff's demotion as an investigator to a deputy position after reviewing then Chief Deputy Fernando Jimenez' report which concluded Plaintiff violated several County policies in September 2022.

10. The enclosed memorandum I prepared and its attachments accurately reflect my involvement and communications concerning the 2022 Aaron Rodriguez complaint against Undersheriff Michael Walker. *See* Attach. 13, BN 43-54 Formal Complaint.

11. I had no involvement in the hiring process of former Hobbs Police Department Sergeant Ahmaad White's employment application in 2021. Neither myself nor Undersheriff Walker become involved in decisions concerning whether to hire an applicant until the interview

HELTON DECLARATION
PAGE 2 OF 3

Doc ID: 49386b3bd33ab2f6501531aa003d4fa9452b0982

phase as was true for Mr. White's 2021 application, and White withdrew his application before we conducted any interviews.

12. Investigators assigned to conduct background investigations are not authorized to recommend or make any decision concerning an LCSO applicant's application. The assigned investigator's role is strictly limited to information gathering for review by the corporal and chief deputy assigned to the review.

FURTHER DECLARANT SAYETH NAUGHT

*Corey Helton*
_____
Corey Helton, Declarant

04 / 07 / 2026
_____
Date:

HELTON DECLARATION
PAGE 3 OF 3

Doc ID: 49386b3bd33ab2f6501531aa003d4fa9452b0982



**Dianna Luce**
**District Attorney**
**Fifth Judicial District**
Chaves, Eddy & Lea Counties

Corey Helton, Sheriff                        August 14, 2022
Lea County Sheriff's Office

      Re: Confidential Letter regarding Inv. Zane Brown

Dear Sheriff Helton,

The following is a summary of issues and concerns regarding Investigator Zane Brown. My office tried to resolve issues by contacting him directly and then contacting his supervisor.

1. Zachary Gonzales investigation

    I asked him to review the case with Lovington Prosecutors since I was in Santa Fe. I spoke with him after the review with several questions and concerns. I asked for follow-up. The next time my staff spoke to the victim's family they were upset that I was in Santa Fe and was not responding to Inv. Brown. Inv. Brown further put items in a draft of the complaint claiming Mr. Williams had said things in an interview with a co-defendant. Mr. Williams confronted Inv. Brown because he did not say any of the things mentioned in the complaint. Inv. Brown laughed it off. When preparing for the preliminary hearings on this case and the co-defendant's case Inv. Brown could not be bothered to bring the required discovery to the office and Sgt. Grady had to bring the disclosure. The family has continually told our office that Inv. Brown has put issues off onto our office, which he has often been responsible.

2. Ashley Lerke case

    The PTI (pre-trial interview) by defense was set 3 times for Inv. Brown. The first setting Inv. Brown called Ms. Kirtley and informed her that he was working a potential homicide and requested that she reset the interviews. The second setting was during the CYFD meeting listed below. He laughed about it afterwards that this meeting allowed him to miss the PTI. I explained to him that he should have told me when we scheduled the meeting with CYFD and that he could be suppressed as a witness. Inv. Grady was notified. The third setting, Inv. Brown, who was notified the day before by Ms. Kirtley who sent him his report to prepare, did not

| Lea County | Eddy County | Chaves County |
|---|---|---|
| 100 N. Love Street, Suite 2 | 102 N Canal Street, Suite 200 | 400 N. Virginia Ave, Suite G-2 |
| Lovington, NM 88260 | Carlsbad, NM 88220 | Roswell, NM 88201 |
| Phone: 575-397-2471 | Phone: 575-885-8822 | Phone: 575-622-4121 |
| Fax: 575-397-6484 | Fax: 575-887-3516 | Fax: 575-622-4126 |

**File No.: 1273-004**    **ATTACHMENT 1**    **MS_000922**



**Dianna Luce**
**District Attorney**
**Fifth Judicial District**
Chaves, Eddy & Lea Counties

answer his phone and did not call back after Ms. Kirtley contacted him and asked why he did not answer his phone. He replied that he forgot, but never contacted the office to complete the PTI. Inv. Brown's testimony will now be suppressed in the Lerke matter.

3. Investigation into the shooting of the 3 year old child

I was contacted by CYFD Attorney Kristen Dickey to have a meeting on this case as she could not get discovery for the CYFD case and could not get Inv. Brown to respond. We met on this matter and he was going to do follow-up and I was told a search warrant for a tablet would be completed and review of the device would happen the next day. I still do not have any information on the SW or review of the table. The CYFD investigation lead to a concern of possible child abuse human and trafficking by Alisha Luna. The other children inside the home at the time of the shooting gave forensic interviews. One of the male children at a forensic interview and explained that he worked in front of a Allsups by washing car windows of customers and made $250 a week to give to his mom. Two other children tested positive from drugs. CYFD provided those records. I have not received any follow-up from this investigation.

4. Brian Berry case

Inv. Brown did not provide necessary evidence for the video deposition in this case. Ms. Kirtley contacted him multiple times about his failure to give the State disclosure. Finally, Ms. Kirtley contacted Sgt. Grady. After Sgt. Grady was contacted, Ms. Kirtley had to obtain the evidence from the evidence department herself and Brown was then combative with Ms. Kirtley for contacting Sgt. Grady.

5. James Laws case - 22S017670

Inv. Brown admitted to calling three different attorneys in the Lovington office to attempt to make re-entry into this home to retrieve guns after the parties within the home were already arrested. Inv. Brown later admitted he knew that this would not be legal, but was still attempting to get approval anyway.

6. General issues with not appearing for hearings

Cases set for preliminary hearing have been dismissed and re-filed because he did not log-on to the hearing since he was not working a morning shift. Inv. Grady was contacted.

7. Lack of responsibility on cases

a. Inv. Brown continually asks to not appear for settings where he is the case agent because he claims that Inv. Sandoval was with him the entire time, so he does not know why his presence is necessary.

b. Inv. Brown repeatedly does not appear for PTIs and our office has to file for extensions of time to attempt to complete said interviews. Inv. Brown treats this added work he creates for not only the attorneys who have to draft the motions for extension, but also assistants who have to draft many documents and correspond with multiple parties to try to set up these interviews, as if it is not his problem or a joke. We all agree that these interviews are inconvenient or an annoyance, but the judges will exclude his testimony or dismiss the cases if we do not complete them.

If you need any further information, please contact me.

Respectfully,

Dianna Luce

**Dianna Luce**
**District Attorney**
**Fifth Judicial District Attorney's Office**
**100 N. Love Street, Suite 2**
**Lovington, NM 88260**
Dluce@da.state.nm.us
**575-397-2471**

| Lea County | Eddy County | Chaves County |
|---|---|---|
| 100 N. Love Street, Suite 2 | 102 N Canal Street, Suite 200 | 400 N. Virginia Ave, Suite G-2 |
| Lovington, NM 88260 | Carlsbad, NM 88220 | Roswell, NM 88201 |
| Phone: 575-397-2471 | Phone: 575-885-8822 | Phone: 575-622-4121 |
| Fax: 575-397-6484 | Fax: 575-887-3516 | Fax: 575-622-4126 |

File No.: 1273-004                  MS_000923

| Lea County | Eddy County | Chaves County |
|---|---|---|
| 100 N. Love Street, Suite 2 | 102 N Canal Street, Suite 200 | 400 N. Virginia Ave, Suite G-2 |
| Lovington, NM 88260 | Carlsbad, NM 88220 | Roswell, NM 88201 |
| Phone: 575-397-2471 | Phone: 575-885-8822 | Phone: 575-622-4121 |
| Fax: 575-397-6484 | Fax: 575-887-3516 | Fax: 575-622-4126 |

File No.: 1273-004                  MS_000924

**Corey Helton**
**Sheriff**

**Michael Walker**
**Undersheriff**



# Lea County Sheriff's Office

**September 19, 2022**

**TO:**   Sheriff Corey Helton

**FR:**   Undersheriff Michael Walker

**RE:**   Discipline Recommendation – 22CC-008 – Investigator Zane Brown

**Synopsis:**
Two citizen complaints were received simultaneously on June 27, 2022, on Investigator Brown. Selena Savell of the Child Advocacy Center of Lea County (CAC) filed a formal written complaint alleging Brown was unprofessional in interacting with herself, Laura Lucero, and a child victim on June 15, 2022. Gretchen Koether of the Phoenix House filed a formal written complaint alleging Brown failed to pay a bar tab while on a training trip in San Francisco, CA. Each complaint was emailed to Chief Deputy Jon Martinez, who assigned the investigations concurrently to Captain Victor Hernandez.

**CAC Complaint**
Brown is accused of using vulgarities to CAC staff when voicing his frustrations or when denying his request to ask leading questions during a forensic interview. Brown is believed to have been unprofessional while speaking with the child who was being interviewed through his tone, choice of words, and lack of situational awareness.

**Phoenix House**
The initial complaint was concerning not paying a bar tab at the restaurant Delarosa in San Francisco. The investigation revealed there were no unpaid bills for the night in question. However, it was determined that Brown used unprofessional language when discussing victims of abuse with Phoenix House staff.

www.leacountysheriff.com
1417 South Commercial • Lovington, NM • (575) 396-3611
3720 West College Lane • Hobbs, NM • (575) 397-9600

*In God We Trust*

File No. 1273-004    **ATTACHMENT 2**    MS_000252

**Lea County Personnel Policy Violated:**

1. **ADM 1-02-2       DEPUTY SHERIFF CODE OF ETHICS AND GENERAL CONDUCT**
As a duly commissioned Deputy Sheriff, I recognize that I am given a special trust and confidence by the Sheriff and the public that I serve. This trust and confidence is my bond to ensure that I shall behave and act according to the highest professional principles. In furtherance of this pledge, I will abide by the following Code of Ethics and General Conduct:

   C.       I SHALL DEMONSTRATE standards of behavior consistent with the responsibilities, duties, obligations, and functions of a Deputy Sheriff.

   G.       I SHALL PRACTICE sound judgments and decisions in fulfilling the assigned responsibilities, duties, and functions of my position as Deputy Sheriff.

   I.       I SHALL ENDEAVOR to perform my duties in a competent and professional manner according to the standards given to me in my training and supervision.

2. **ADM 5-08-3       WHEN ACTIVATION OF BODY WORN CAMERA IS REQUIRED AND RECORDING OF THE ENTIRE CONTACT**

   A.   Deputies shall activate their BWC devices when arriving at a call for service, and when initiating any investigative or enforcement activity involving a member of the public.

   B.   The BWC shall continue recording until the investigative or enforcement activity involving a member of the public has ended. If enforcement or investigative activity with a member of the public resumes, the deputy shall activate the BWC device and continue recording.

   C.   Deputies assisting other personnel will activate their BWC in any instance listed above, whether or not the primary deputy has a BWC.

**Foundation for Disciplinary Recommendation:**

1. In each complaint, there are allegations sustained that Brown was unprofessional. In each situation, Brown either said he was "only joking" or denied the exchange altogether. Statements and actions of concern are as follows:
   - Brown demanded a CAC forensic interviewer ask leading questions to a child victim. Once he was told she could not ask leading questions, he became frustrated, which was apparent due to a change in his demeanor. He then spoke with the child in a manner where the child told him, "I don't like you." This led to Brown bantering with a CYFD representative in front of the child about who takes custody of a child and who keeps them. This was not appropriate.
   - Brown made a statement to a CAC employee, "it's the same fucking number," when responding to a question about a police report number.
   - Brown used vulgarity when speaking with CAC staff.
   - Brown made statements in front of Phoenix House employees while at training that were considered inappropriate based on the time and place of the training they were all attending.
   - Brown is described as acting like a child. His poor attitude and his statements will no longer allow him to attend training if the Phoenix House is paying.

Brown's comments and actions are inconsistent with a Deputy Sheriff's behavior, judgment, and professionalism. Brown needs to understand his audience before he speaks. I reviewed Brown's IAPro file and found he has received discipline on two occasions that show a pattern of being unprofessional. The first was documented as a letter of counseling by Sergeant Jeremy Grady, his immediate supervisor, on September 22, 2021. The second was documented by me as a verbal reprimand, although Chief Martinez should have formally written it for workplace bullying on March 4, 2022. Brown claims he is "joking" with people in each of these. It is evident that what Brown perceives as "jokes" is not received that way by others.

2. LCSO policy requires a body-worn camera to be worn during investigative encounters. While at the CAC, Brown not only failed to activate his camera, he did not have it in his possession.

**Disciplinary Recommendation**

1. As noted above, Brown has a history of being unprofessional. I recommend Brown receive a VERBAL REPRIMAND and be provided extensive training in emotional intelligence and effective communication.
2. Brown has not received any discipline for failing to activate his body-worn camera. I recommend Brown receive a LETTER OF COUNSELING.

File No. 1273-004                                              MS_000254

---

**Corey Helton**
**Sheriff**

**Michael Walker**
**Undersheriff**

# Lea County Sheriff's Office

FR: Sheriff C. Helton

RE: Internal Investigation #22AI-010

DA: October 11, 2022

**SYNOPSIS:**

On or about July 6, 2022 I received a formal complaint via an email forwarded to me through Chief Deputy Martinez and Undersheriff Mike Walker. Aaron Rodriquez submitted a formal complaint alleging Undersheriff Mike Walker while attending a birthday party with several Lea County Sheriff's Office employees as well as other citizens, was intoxicated and drove home putting himself as well as the public in danger. Aaron also stated the Undersheriff needs to be held accountable and to lead by example and not just say he is big on integrity.

I immediately began an inquiry of these allegations and learned that a birthday party for a Sheriff's Office employee Diana Garcia did occur. In addition, I identified several other employees of the Sheriff's Office that were also present. I attempted to contact Aaron Rodriquez through the email address provided on the formal complaint requesting to speak with him; however, he has not made any attempts to contact me.

After interviewing several Deputies that attended the party its clear their version of events contradicts Aaron Rodriquez's allegation. It's also suspect in the fact Aaron was not present at the party and or how he may have obtained his information. Prior to speaking to additional office employees, I learned Investigator Brown had just left Human Recourses (HR) after speaking with HR Director Craig Bova. I learned Investigator Brown requested his disciplinary file and indicated to Craig he believes the Undersheriff is having an affair with Investigator Diana Garcia. In addition to that, he alleged the Undersheriff and I have been avoiding him causing a hostile work environment. The timing of these allegations as well as the formal complaint caused me to believe Investigator Brown was possibly involved with the submission of the formal complaint.

www.leacountysheriff.com
1417 South Commercial • Lovington, NM • (575) 396-3611
3720 West College Lane • Hobbs, NM • (575) 397-9600

*In God We Trust*

**ATTACHMENT 3**                          MS_000055

---

**Corey Helton**
**Sheriff**

**Michael Walker**
**Undersheriff**

# Lea County Sheriff's Office

Approximately a day later I received an email from Karina Tello, a former Deputy at the Lea County Sheriff's Office. Tello was present the night of the party; however, she had not been interviewed at that point. In her email she expressed some concerns relating to Investigator Brown. She said she received a call from Zane in which he questioned her about who all attended the party and who all appeared to be intoxicated. He further questioned her as to who was driving and what kind of vehicle the Undersheriff had. Tello indicated she told Zane she did not want to be involved when he told her the Undersheriff was trying to ruin his career because of the Internal Investigation he was under when he recently attended an out of state training conference. Zane told Tello he did nothing wrong, but insisted the Undersheriff was out to get him. According to Tello, Zane stated "If I go down, I'm taking the Undersheriff with me".

I asked for and received written statements form Deputy Jasmine Sanchez, Aileen Viscarra, and Investigator Garcia. The written statements paint a picture of additional underlying issues in addition to the formal complaint. Deputy Sanchez also provided me with a recording of her and Zane in which Zane briefly spoke about and Internal Affairs investigation he was under as well as questioning her as to if she had been contacted by the Administration yet. In the recording, Zane told Deputy Sanchez if she tells the truth she would be immune from the lawsuit.

Based on the initial inquiry I determined other significant underlying issues as well as the original formal complaint against the Undersheriff needed to be investigated by an independent Investigator. Cody Rogers who is employed as an Attorney by Jarmie &Rogers, P.C. Attorneys at Law was brought in to conduct the investigation.

I provided Cody Rogers all the written statements and the audio recording of Zane that was provided by Sanchez. At the conclusion of her investigation, she submitted her written report and as far as the original formal complaint against Undersheriff Walker, the allegation was **UNSUBSTANTIATED**, noting that the Undersheriff did attend a birthday party for a co-worker; however, there was no evidence to suggest that he was visibly intoxicated or too intoxicated to safely operate his vehicle.

www.leacountysheriff.com
1417 South Commercial • Lovington, NM • (575) 396-3611
3720 West College Lane • Hobbs, NM • (575) 397-9600

*In God We Trust*

File No. 1273-004                                              MS_000056

---

**Corey Helton**
**Sheriff**

**Michael Walker**
**Undersheriff**

# Lea County Sheriff's Office

Although the original complaint was found unsubstantiated, there were other significant concerns that came to light because of the independent investigation that could create potential liability for the Sheriff's Office and Lea County. As a result of the independent investigation, it was recommended that a Internal Affairs Investigation be conducted based on Zane's involvement in the creation, submission, and investigation of the formal complaint against Undersheriff Walker, along with his conduct regarding Investigator Garcia and Deputy Sanchez, as his conduct may have violated several LCSO policies, procedures, standard operating procedures, and/or code(s) of conduct.

Based on the findings and recommendation by the Independent Investigator an Internal Affairs investigation #22AI-010 was initiated and assigned to Chief Deputy Jimenez. The Internal Investigation substantiated several policy violations and are as follows:

**LEA COUNTY POLICY AND PROCEDURE VIOLATIONS:**

1. WORKPLACE BULLYING
2. WORKPLACE HARASSMENT/SEXUAL HARASSMENT
3. STALKING (30-3A-3) STATE STATUTE
4. ADM 1-04-1 INSUBORDINATION
5. ADM 1-02-2 DEPUTY SHERIFF CODE OF ETHICS AND GENERAL CONDUCT

**DISCIPLINE HISTORY:**

1. INSUBORDINATION (SUSTAINED 7/2/21)
2. VERBAL HARASSMENTAND BULLYING (SUSTAINED 10/6/21)
3. BULLYING (SUSTAINED 1/7/22)

www.leacountysheriff.com
1417 South Commercial • Lovington, NM • (575) 396-3611
3720 West College Lane • Hobbs, NM • (575) 397-9600

*In God We Trust*

File No. 1273-004                                              MS_000057

**Corey Helton**
**Sheriff**

**Michael Walker**
**Undersheriff**

# Lea County Sheriff's Office

Based on both the Independent Investigation and the Internal Investigation, a pattern of conduct has come to light. A pattern in which he harassed other employees personally, professionally, and attempted to coerce other employees to shape the outcome of a formal complaint that he orchestrated through a third party. Investigator Brown at no point has taken any responsibility for his actions and in fact, blamed everyone else for the trouble he has found himself in.  Based on the totality of the information that has been gleaned over these investigations I recommend Investigator Brown be **TERMINATED.**

Corey M. Helton

Lea County Sheriff

www.leacountysheriff.com
1417 South Commercial • Lovington, NM • (575) 396-3611
3720 West College Lane • Hobbs, NM • (575) 397-9600

*In God We Trust*

File No. 1273-004                                                    MS_000058

---

FORMAL COMPLAINT

RE: UNDERSHERIFF M. WALKER

FR: SHERIFF C. HELTON

DA: JULY 6, 2022

On Friday July 8, 2022, I received a printed copy of an email from Undersheriff Walker dated July 6, 2022 from Aaron Rodriquez. Undersheriff explained to me the email was relayed to him from Chief Deputy Jon Martinez. Aaron Rodriquez explained in the email that it was brought to his attention that on the night of July 2, 2022 around the hours of 10:00 P.M. to closing the Undersheriff was consuming alcohol and was highly intoxicated while at Applebees in Hobbs.

Aaron went on to explain the Undersheriff was drinking to the point he could barely walk, stumbling around, and chose to get into his vehicle and drive home. Aaron continued by say saying the Undersheriff preaches integrity but chose to get behind the wheel and not only put himself at risk, but the member of the public as well.

On July 12, 2022, I sent an email to Aaron Rodriquez using the email address listed on the original email from Aaron (a.rodriquez24@gmail.com) requesting a meeting to look into these allegations deeper; however, I have not had any contact with Aaron.

As I looked into this matter deeper I learned the night of July 2, 2022 several members of the Lea County Sheriff's Office including Undersheriff Walker had dinner at Texas Roadhouse in Hobbs to celebrate Investigator Diana Garcia's birthday. I also learned at some point they all left Texas Roadhouse and ended up at Applebees. I was able to identify everyone that attended this celebration and are as follows:

1. Undersheriff Walker
2. Diana Garcia
3. Eileen Viscarra
4. Claudia Regino
5. Sgt. Sonia Estrada
6. Scott Wimberly
7. Sgt. Dominquez
8. Corina Tello
9. David Ibarra
10. Roni Gomez
11. Chris and Michelle Kemp
12. Jasmine Sanchez

At this point I felt it necessary to speak with everyone that attended the birthday party to verify the validity of the allegation.

File No. 1273-004            **ATTACHMENT 4**            MS_000043

---

On July 13, 2022, I met with Diana Garcia in my office at the Lea County Sheriff's Office in Lovington. I asked her about the night of July 2, 2022 and she confirmed she attended a get together to celebrate Diana Garcia's birthday. She also confirmed the identity of the listed person's who also attended. I asked her at any point during this celebration if Undersheriff Walker was intoxicated to the point he had difficulty walking and or stumbling around and she stated absolutely not, that this was complete crap and appeared to get mad at the suggestion. She went on to say it was a good evening of conversation and laughter and that no one got intoxicated.

Later the same day I met with Sgt. Estrada in my office as well. Sgt. Estrada confirmed she was at the get together and confirmed the names of the participants and was not able to advise of anyone else. I asked her in regard to the Undersheriff being intoxicated to the point he had difficulties walking and stumbling around and she said no one was intoxicated and got extremely angry that someone would say that because it wasn't true. Sgt. Estrada said the Undersheriff at some point was drinking water because she remembers making fun of him. She added that she left earlier because she had a ride but advised they were all among friends and if someone was intoxicated, someone would of ensured everyone got home safe.

On July 15, 2022, prior to being able to speak to any additional employees that attended the birthday party Undersheriff Walker contacted me via cell phone. He indicated to me Investigator Zane Brown had just left HR after speaking with Crag Bova. Undersheriff informed me Investigator Brown had requested documents relating to his disciplinary file and indicated to Craig that he believes the Undersheriff is having an affair with Diana Garcia. In addition, Zane indicated that both the Undersheriff and I were avoiding causing a hostile work environment.

Then on Sunday July 17, 2022, I received an email from Corina Tello. Corina is a past employee of the Sheriff's Office and currently employed by the Eunice Police Department. It should be noted that Corina did attend the birthday party as well. In the body of the email she said she had some critical information to share with me. She said a current Sheriff's Office employee had contacted her the previous week and made several concerning statements. She said initially she didn't want to get involved however, she said she realized that several careers as well as the reputation of this office could be compromised if not addressed. She went on to say this particular employee in which she did not identify began asking her multiple questions in an attempt to gain information to use against the Sheriff's Office. She said this particular employee stated to her "that if I go down, he was going to take another down with him".

After reading this email from Corina Tello it appears that this incident is much deeper and broader than initially expected. The email did not identify the employee and I can only surmise this email is regarding the original complaint. It appears to have an appearance of an underlying vendetta and or hatred towards someone at this office, and at this point I'm assuming the target of this email and complaint is the Undersheriff.

On July 18, 2022, during the morning hours I received a text message from CorinaTello asking if had received the email she sent the day prior. She also wanted to know if I needed to speak with her in regard to the email for more detail about the call she had with Zane Brown. I texted her back and we agreed to meet.

File No. 1273-004                                                    MS_000044

---

On July 18, 2022, I met with Jasmine Sanchez a Deputy with the Lea County Sheriff's Office in my office. Jasmine indicated she had some information pertaining to Zane Brown. She indicated she has had contact with Zane and was requested to help him get the Undersheriff in trouble. Zane indicated to Jasmine that "If I go down, the Undersheriff is going with me". At that point I instructed Jasmine to complete a written statement regarding the incident.

Later that afternoon I met with Tello at the Lea County Sheriff's Office Sub-Station located in Hobbs. Tello provided the same information as her previous email and identified Zane Brown as the person that called her. She confirmed that Zane Brown contacted her by phone and was questioning her about the Undersheriff and attempted to illicit her help to catch the Undersheriff intoxicated and leaving Applebees in his vehicle driving. Based on this information I requested she provide a detailed written statement with her involvement with Zane Brown, which she agreed.

On July 19, 2022, I met with Aileen Viscarra in my office at the Lea County Sheriff's Office. Aileen is employed by the office as a records custodian and PIO. Aileen indicated some knowledge regarding Zane Brown eliciting Jasmine to help orchestrate an investigation targeting the Undersheriff. At that Point I instructed Aileen to complete a detailed written statement regarding this incident.

Later that afternoon I received written statements by Aileen Viscarra, Jasmine Sanchez, and Diana Garcia. The written statements paint a picture that Zane Brown is conspiring and attempting to steer this investigation by manipulating co-workers in an attempt to target the Undersheriff of wrongdoing. It should be noted that Zane Brown is currently under an internal IA investigation regarding allegations while out of state attending training, he failed to pay a bar tab and walked out. The written statements are included with this investigation.

On July 20, 2022, I met with Sgt. Andy Dominquez in my office at the Lea County Sheriff's Office. Sgt. Dominquez confirmed he attended the birthday celebration as well as everyone identified listed above. He indicated to me Undersheriff had consumed alcohol and believed he was intoxicated but not to the point he was stumbling around. He did say Undersheriff appeared more intoxicated than everyone and, in his opinion, wouldn't have been able to drive. I asked him at any point was the Undersheriff drinking water and he said he didn't know. Sgt. Dominquez had no knowledge if the Undersheriff was given a ride or drove himself home.

Later that morning I met with Michelle Kemp in my office at the Lea County Sheriff's Office. Michelle confirmed she and her husband Chris Kemp attended the birthday party. She indicated to me at some point during the celebration she took some type of video whether it was tic toc or snap chat I don't recall, and shared it to social media. I asked her if the Undersheriff was consuming alcohol and or intoxicated to the point he was stumbling around and she said she didn't know the Undersheriff other than who he was and she couldn't recall if he had even consumed alcohol. I did learn from her that there appears to be bad blood between she and Zane Brown that I was unaware of.

Based on the written statements provided including the audio recording from Jasmine Sanchez its clear to me that Zane Brown has detailed knowledge of the formal complaint filed by Aaron Rodriquez. It should be noted that there has been no information garnered to suggest Aaron was at the celebration or how he would have the facts he provided in the initial emailed complaint. Despite the original allegation which in my opinion does have merit, there is also information based on written statements and the audio recordings to suggest Zane Brown is attempting to orchestrate the outcome of this

File No. 1273-004                                                    MS_000045

investigation by eliciting help from members of this office as well as others to target the Undersheriff over a personal vendetta. As I feel there is merit to the original complaint, I also feel Zane's' actions cause concern and are disturbing.

Later that morning I met with HR Director Crag Bova and County Attorney John Caldwell and I presented them with the information I have uncovered. The decision was made to refer this investigation to a third party independent Investigator for full review and to place Zane Brown on Administrative leave until such time the investigation is concluded.

On July 21, 20022 during the morning hours I received an emailed written statement from Karina Tello.

C. Helton

Sheriff

Lea County Sheriff's Office.

File No. 1273-004                    MS_000046