IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ZANE BROWN,

      **Plaintiff,**                No. 2:23-CV-00355-DHU-GJF

v.

LEA COUNTY BOARD OF
COUNTY COMMISSIONERS,
COREY HELTON, and
MICHAEL WALKER,

      **Defendants.**

### DECLARATION OF VICTOR HERNANDEZ

1.      I am over the age of eighteen and am competent to testify as to the matters set forth herein.

2.      I swear under penalty of perjury and the laws of the State of New Mexico that the matters set forth in this Declaration are true and accurate as based on my personal knowledge.

3.      I was a certified law enforcement officer in the State of New Mexico and a former captain with the Lea County Sheriff's Office ("LCSO") at all relevant times discussed in this Declaration.

4.      The enclosed attachment is a true and accurate copy of the investigative report I prepared concerning complaints against Plaintiff Zane Brown from the Child Advocacy Center ("CAC") and Phoenix House in Hobbs, New Mexico with my investigative findings and conclusions. *See* Attach. 1, BN 259-269 Investigative Report.

5.      As part of my investigation, I conducted several recorded witness interviews. True and accurate copies of these recordings are enclosed. *See* Attach. 2, BN 246 Savell Interview;

**EXHIBIT 5**

Doc ID: 6a76a96b63f91c800cbd2b601ac53388364d9626

---

Attach. 3, BN 244 Lucero Interview; Attach. 4, BN 242 Santana Interview; Attach. 5, BN 236 Plaintiff Interview; Attach. 6, BN 245 Perez Interview.

FURTHER DECLARANT SAYETH NAUGHT

Victor Hernandez, Declarant

04 / 07 / 2026

Date:

Doc ID: 6a76a96b63f91c800cbd2b601ac53388364d9626

---

**September 13, 2022**

TO:    **Sheriff Corey Helton**
        **Undersheriff Michael Walker**
        **Chief Deputy Jon Martinez**

FR:    **Captain V. Hernandez**

RE:    **Investigator (Inv.) Z. Brown, Administrative Investigation #22CC-008**

**BASIS FOR INVESTIGATION**

On Tuesday, June 28, 2022, Chief Jon Martinez notified me of three complaints he received on Investigator Zane Brown by the Phoenix House and the Child Advocacy Center through email. Ms. Gretchen Koether (Phoenix House) alleged Inv. Brown did not pay for a bar tab on April 17, 2022, while at a conference in San Francisco. Ms. Laura Lucero and Ms. Selena Savell, Child Advocacy Center (CAC), alleged June 15, 2022, Inv. Brown was unprofessional and used vulgarities while in the presence of a child being interviewed, violating Sheriff's Office policy regarding the Code of Ethics and General Conduct.

**INCIDENT DETAILS**

**Allegation One (1) Child Advocacy Center**

Ms. Laura Lucero, a forensic interviewer with 19 years of experience, works for CAC. She alleges on June 15, 2022, Inv. Brown abused his authority by using vulgar and unprofessional language when speaking with a youth interviewed at CAC.

Ms. Selena Savell, a forensic interviewer with ten (10) years of experience, works for CAC. She alleges on June 15, 2022, Inv. Brown verbalized his frustrations to Ms. Lucero and requested she ask leading questions. Ms. Lucero explained to Inv. Brown she is not allowed to ask leading questions. Ms. Savell alleged, in his frustration, Inv. Brown walked in line of sight of the child victim and demanded the child victim speak to him. The child's unwillingness to approach and talk with Inv. Brown led him to repeatedly raise his voice, stating, "Get over here!" The child victim refused to comply with his demands, and he told her she had no choice. Ms. Savell also alleged he taunted the child victim by blaming the Children Youth & Families Department (CYFD) for entering the child into state custody. Inv. Brown and the CYFD representative both continued to laugh while blaming one another with the child victim present. Ms. Savell also alleged Inv. Brown made several humiliating comments, including "you can find her on take yo kids.com."

**Allegation Two (2) San Francisco**

Upon her return from the International Crimes Against Women's Conference in San Francisco, CA, Ms. Perez voiced her concerns to Ms. Koether (supervisor), who alleged Inv. Brown did not pay his bar tab even after being prompted by her to pay it. Inv. Brown allegedly told Ms. Perez something to the effect; "I'm not paying for it if he doesn't bring it." This incident occurred on April 17, 2022, between 1557 and 1645, at the restaurant Delarosa, located at 37 Yerba Buena Lane, San Francisco, CA 94103. Ms. Koether

---

**ADM 5-08-3 (A, B, and C)**; Inv. Brown failed to activate his body-worn camera when speaking with the juvenile on June 15, 2022.

**ADM 1-02-2 (C, G, I)**; Deputy Sheriff Code of Ethics and General Conduct

**FINDINGS**

The allegation Investigator Brown stated, to Ms. Perez and Kesner, "I could see why some women deserve to be hit. I could see why he beat you; just don't shut up. Even my wife, I understand why her ex-husband would beat her. I would never hit her, but I understand why he would."

Investigator stated, "we were talking about how if a woman hits a man. My personal opinion, if a woman has the balls to hit a man, she ought to accept the consequences of getting hit. I explained the situation with my ex-wife, how she would always beat me and tried to shoot me, and I never put my hands on her."

The comment made by Inv. Brown to Ms. Perez and Kesner was unprofessional. The allegation is sustained.

The allegation that Inv. Brown cursed at Ms. Lucero is sustained. Ms. Savell and Ms. Lucero said he did, but Ms. Santana said he did not curse.

The allegation Inv. Brown became upset, yelling, and demanding the child speak to him, is sustained. Ms. Savell and Ms. Lucero said he did, but Ms. Santana stated he did not.

The allegation Inv. Brown and Ms. Santana were unprofessional in the presence of the juvenile is sustained. Ms. Santana admitted that the bantering back and forth in front of the juvenile was inappropriate.

The allegation of Inv. Brown skipping out on the bar tab is not sustained. Deputy Ibarra stated he stayed behind to pay the bar tab. Inv. Ibarra denied he commented to Inv. Brown, "I got it, big pimping." Inv. Ibarra can not recall if he paid for both drinks or just his. In full disclosure, Inv. Brown and Inv. Ibarra had been paying for each other's drinks during the trip. I spoke with Salim Mohmed, manager, on April 17, 2022, and he stated he has no unpaid bills on this date.

**NOTED VIOLATIONS**

**ADM 1-02-2, DEPUTY SHERIFF CODE OF ETHICS AND GENERAL CONDUCT**

As a duly commissioned Deputy Sheriff, I recognize that I am given a special trust and confidence by the Sheriff and the public that I serve. This trust and confidence is my bond to ensure that I shall behave and act according to the highest professional principles. In furtherance of this pledge, I will abide by the following Code of Ethics and General Conduct:

C. I SHALL DEMONSTRATE standards of behavior consistent with the responsibilities, duties, obligations, and functions of a Deputy Sheriff.

G. I SHALL PRACTICE sound judgments and decisions in fulfilling the assigned responsibilities, duties, and functions of my position as Deputy Sheriff.

I.  I SHALL ENDEAVOR to perform my duties in a competent and professional manner according to the standards given to me in my training and supervision.

*The bantering between Inv. Brown and CYFD while the juvenile was present, regarding the email (anna@take yo kids.com), and the CYFD taking custody of all the siblings.  The cursing at the CAC Advocates and the comments to Phoenix House personnel, "In my personal opinion, if a woman has the balls to hit a man, she ought to accept the consequences of getting hit."  The above comments are all inconsistent with the behavior, judgment, and unprofessional of a Deputy Sheriff.*

**ADM 5-08-3, WHEN ACTIVATION OF BODY WORN CAMERA IS REQUIRED AND RECORDING OF THE**

**ENTIRE CONTACT**

A.  Deputies shall activate their BWC devices when arriving at a call for service, and when initiating any investigative or enforcement activity involving a member of the public.

B.  The BWC shall continue recording until the investigative or enforcement activity involving a member of the public has ended.  If enforcement or investigative activity with a member of the public resumes, the deputy shall activate the BWC device and continue recording.

C.  Deputies assisting other personnel will activate their BWC in any instance listed above, whether or not the primary deputy has a BWC.

*Inv. Brown failed to activate his body camera or record the interview with the juvenile.*

**File No. 1273-004**                                                                           **MS_000269**