**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

**Clerk's Minutes**
**Before the Honorable David Herrera Urias**

**CASE NO.** **23-CV-355** **DATE:** 7/13/2026

**TITLE:** *Brown v. Lea County Board of County Commissioners*

**COURTROOM CLERK:** S. Berton **COURT REPORTER:** S. Silva

**COURT IN SESSION:** 10:10 AM – 12:23 PM **TOTAL TIME:** 2 HOURS 13 MINUTES

**TYPE OF PROCEEDING:** MOTION HEARING RE: AMENDED MOTION FOR SUMMARY JUDGMENT (DOC. 95)

**COURT RULING:** **PLAINTIFF WITHDREW NMCRA CLAIM AS TO ALLEGED DUE PROCESS VIOLATION. COURT DENIED SUMMARY JUDGMENT MOTION ON THE REMAINING CLAIMS.**

**ATTORNEYS PRESENT FOR PLAINTIFF(S):**

Ben Gubernick
Curtis Waldo

**ATTORNEYS PRESENT FOR DEFENDANT(S):**

Haley Grant

**PROCEEDINGS:**

10:10 AM: COURT IN SESSION. THE PARTIES ENTER THEIR APPEARANCES.

10:11 AM: MS. GRANT PRESENTS ARGUMENT IN FAVOR OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO COUNT I, NEW MEXICO WHISTLEBLOWER PROTECTION ACT, AND ANSWERS QUESTIONS FROM COURT. MS. GRANT ARGUES THAT PLAINTIFF HAS BEEN UNABLE TO DISPUTE THAT HE KNEW THE MATTER HE WAS SPEAKING ON (RACE DISCRIMINATION) DID NOT EXIST. IN OTHER WORDS, SHE ARGUES THAT BROWN KNEW THERE WAS A LEGITIMATE REASON FOR WHY THE COUNTY ASKED HIM TO GO BACK AND SCRUTINIZE WHITE'S APPLICATION.

10:28 AM: MR. GUBERNICK PRESENTS ARGUMENT AGAINST SUMMARY JUDGMENT ON THE WHISTLEBLOWER CLAIM AND ANSWERS QUESTIONS FROM THE COURT. ASSERTS THAT WHAT BROWN BELIEVED IS AN ISSUE FOR THE JURY AND ARGUES THAT A JURY COULD FIND IN PLAINTIFF'S FAVOR WITH RESPECT TO EITHER OF HIS WHISTLEBLOWING ACTIONS—BOTH ON THE WHITE REPORT AND THE WALKER REPORT.

10:38 AM: MS. GRANT RESPONDS AND ANSWERS ADDITIONAL QUESTIONS FROM COURT, DISCUSSING WHAT EVIDENCE SHOWS THAT BROWN COULD NOT HAVE BELIEVED IN GOOD FAITH THERE WAS DISCRIMINATION. FURTHER DISCUSSION WITH COURT ABOUT PURPORTEDLY UNDISPUTED FACTS.

10:53 AM: COURT DENIES DEFENDANT'S MOTION AS TO COUNT I, FINDING ISSUES OF DISPUTED FACT AS TO PLAINTIFF'S BELIEF AND WHETHER THE COUNTY RETALIATED.

10:55 AM: MS. GRANT PRESENTS ARGUMENT IN FAVOR OF SUMMARY JUDGMENT ON TITLE VII AND NEW MEXICO HUMAN RIGHTS ACT (NMHRA) RETALIATION CLAIMS, AND ANSWERS QUESTIONS FROM COURT. SHE ARGUES THAT EACH DISCIPLINARY ACTION WAS SUPPORTED BY COMPLAINTS—OFTEN EXTERNAL TO LCSO—AND INDEPENDENT INVESTIGATIONS WHICH CONSIDERED PLAINTIFF'S SIDE OF THE STORY AND CONCLUDED THERE WAS WRONGDOING. THIS DISRUPTS THE CAUSAL CHAIN AND DEFEATS PLAINTIFF'S RETALIATION CLAIMS, ACCORDING TO MS. GRANT. MS. GRANT DISCUSSES EACH INVESTIGATION IN DETAIL AND ARGUES THEY DEMONSTRATE THE COUNTY HAD A GOOD FAITH BASIS TO DEMOTE AND RECOMMEND TERMINATING PLAINTIFF.

11:29 AM: MR. GUBERNICK RESPONDS AND ANSWERS QUESTIONS FROM THE COURT AS TO PLAINTIFF'S TITLE VII AND NMHRA RETALIATION CLAIMS. HE POINTS OUT THE ISSUE WITH DEFENDANT'S UNDISPUTED MATERIAL FACTS—THAT BEING THAT THEY STATE THAT SOMEONE REPORTED SOMETHING, BUT THEY DO NOT SHOW THE TRUTH OF THAT "SOMETHING." DISCUSSES EVIDENCE THAT DISPUTES SOME OF THE REPORTS AND INVESTIGATIVE FINDINGS. FURTHER DISCUSSION WITH COURT ABOUT PLAINTIFF'S OWN STATEMENTS AND WHAT EVIDENCE PLAINTIFF HAS THAT THE INVESTIGATIONS WERE INFECTED BY A RETALIATORY MOTIVE. MR. GUBERNICK ACKNOWLEDGES THAT PLAINTIFF'S CLAIMS RELY ON AN INFERENCE OF RETALIATION, AS THERE IS NO DIRECT EVIDENCE, BUT HE ARGUES THERE IS ENOUGH EVIDENCE IN THE RECORD FROM WHICH A REASONABLE JURY COULD DRAW THAT INFERENCE.

11:48 AM: COURT ACKNOWLEDGES THE RETALIATORY MOTIVE AND CAUSATION QUESTIONS ARE A CLOSER CALL HERE, BUT ULTIMATELY CONCLUDES THE BEST POSITIONED PERSON(S) TO MAKE THIS

DETERMINATION IS THE JURY. COURT CLARIFIES THIS CLAIM ONLY APPLIES TO RETALIATION FOR THE WHITE REPORT AND DENIES SUMMARY JUDGMENT, FINDING ISSUES OF DISPUTED FACT AS TO CAUSATION AND PRETEXT.

11:52 AM: COURT DISCUSSES NMCRA CLAIM WITH PARTIES AND INDICATES INCLINATION THAT THE CLAIM DOES NOT ARISE FROM PLAINTIFF'S EMPLOYMENT, FOLLOWING THE *TELLO* CASE DECIDED BY CHIEF JUDGE GONZALES. COURT QUERIES MR. GUBERNICK ABOUT THE DUE PROCESS CLAIM. PLAINTIFF'S COUNSEL INDICATES THEY CAN JUST PROCEED ON THE FREE SPEECH PORTION.

11:55 AM: MS. GRANT ARGUES THAT NEW MEXICO COURTS HAVE NOT RECOGNIZES A CLAIM FOR RETALIATION UNDER ARTICLE II SECTION 17, BUT ANALYZING IT THE SAME AS THE FEDERAL FIRST AMENDMENT, IT FAILS FOR THE SAME REASONS DEFENDANT ARGUES SUMMARY JUDGMENT IS WARRANTED ON THE FIRST AMENDMENT CLAIM. MS. GRANT ALSO CONTENDS THIS CASE IS DISTINGUISHABLE FROM *TELLO* AND HERE, THE ALLEGED BLACKBALLING DOES ARISE FROM PLAINTIFF'S EMPLOYMENT.

11:59 AM: THE COURT CONCLUDES THAT THE NEW MEXICO CONSTITUTION ALSO PROHIBITS RETALIATION, AS THE FIRST AMENDMENT DOES, AND THERE IS A DISPUTE AS TO WHETHER THE BLACKBALLING WAS IMPROPER. THE COURT RECOGNIZES THE CONNECTION TO PLAINTIFF'S EMPLOYMENT, BUT APPLIES THE FRAMEWORK USED IN THE WORKER'S COMPENSATION CONTEXT AND FINDS THAT HERE, THE ALLEGED BLACKBALLING STILL DOES NOT ARISE FROM PLAINTIFF'S EMPLOYMENT BECAUSE IT HAPPENED AFTER PLAINTIFF LEFT LCSO. FINDING DISPUTED ISSUES OF FACT REGARDING THE ALLEGED BLACKBALLING ITSELF, THE COURT DENIES SUMMARY JUDGMENT ON THE NMCRA CLAIM.

12:03 PM: MS. GRANT DISCUSSES DEFENDANT'S POSITION ON THE FIRST AMENDMENT CLAIM WITH THE COURT, CLARIFYING WHICH OF THE *GARCETTI/PICKERING* FACTORS ARE AT ISSUE. SHE STATES THAT THE ARGUMENTS THAT HAVE BEEN MADE THROUGHOUT THE HEARING APPLY HERE. THE COURT INDICATES THERE ARE DISPUTES OF FACT AND DENIES SUMMARY JUDGMENT. THERE ARE FACTUAL DISPUTES THAT PRECLUDE A FINDING AS TO WHETHER PLAINTIFF SPOKE ON A MATTER OF PUBLIC CONCERN – NAMELY, PLAINTIFF'S MOTIVE OR ACTUAL BELIEF THAT HE WAS REPORTING WRONGDOING. AT BOTH STEP 4 AND 5 OF THE *GARCETTI/PICKERING* ANALYSIS, PLAINTIFF HAS

POINTED TO EVIDENCE IN THE RECORD CREATING A DISPUTE OF FACT AS TO RETALIATORY MOTIVE AND WHETHER PLAINTIFF WOULD HAVE BEEN DISCIPLINED IRRESPECTIVE OF HIS SPEECH.

12:09 PM: COURT IN RECESS FOR A SHORT BREAK.

12:14 PM: COURT BACK IN SESSION.

12:14 PM: COURT DISCUSSES PRETRIAL MATTERS AND ANSWERS QUESTIONS FROM PARTIES.

12:23 PM: COURT IN RECESS.