**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**ZANE BROWN,**

**Plaintiff,** **No. 2:23-CV-00355-DHU-GJF**

**v.**

**LEA COUNTY BOARD OF COUNTY COMMISSIONERS,**

**Defendant.**

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S TRIAL EXHIBIT LIST (DKT. 111)**

Plaintiff Zane Brown ("Plaintiff"), through undersigned counsel, objects as follows to certain exhibits in Defendant Lea County Board of County Commissioners' (the "Defendant") Trial Exhibit List (Dkt. 111):

- **Exhibit 11 (10/19/21 Travis Hobbs Supplemental Background Report on White to Chain of Command, BN 1122).**

*Basis for objection:* This exhibit is irrelevant. To prevail in his federal claims, Plaintiff must show that he harbored a good-faith, objectively reasonable belief that Ahmaad White was the target of racial discrimination. That determination turns on the information Brown possessed *at the time the statements were made*. Whether White *actually was* a victim of racial discrimination, which is the only apparent purpose of this document, is immaterial to any issue the jury will decide.

Moreover, even if Defendant is permitted to offer evidence that it did not discriminate against White, it cannot do it this way. Exhibit 11 is self-serving hearsay not within any exception.

- **Exhibit 13 (10/6/21 White Amended Employment application, BN 1098-1113)**

  *Basis for objection:* Irrelevance and hearsay. *See* objection to Exhibit 11.

- **Exhibit 14 (2021 New Applicant Reports for LCSO hires, BN 977-1055).**

  *Basis for objection:* Irrelevance and hearsay. *See* objection to Exhibit 11.

- **Exhibit 14 (2021 New Applicant Reports for LCSO hires, BN 977-1055).**

  *Basis for objection:* Irrelevance and hearsay. *See* objection to Exhibit 11.

- **Exhibit 16 (11/12/21 Justin Brown Offer Letter concerning deputy position).**

*Basis for objection:* Irrelevance. This document does not appear to have any connection to the case. Undersigned counsel emailed Defendant's counsel to inquire about this exhibit's purpose, but received no response.

- **Exhibit 17 (1/7/22 Diana Jurado complaint against Plaintiff to Jon Martinez, BN 30-32)**

*Basis for objection:* To the extent Defendant seeks to introduce this complaint for the truth of its allegations, Plaintiff objects on hearsay grounds. Defendant can potentially use this exhibit to show *what Defendant was told*, but not to prove that Plaintiff actually engaged in the alleged conduct.

Moreover, Fed. R. Civ. Evid. 404 bars Defendant from attempting to prove that Plaintiff is a bad person generally—the only inquiry is what Defendant's decisionmakers knew, whether they genuinely believed certain charges against Plaintiff, and what motivated their adverse employment actions against Plaintiff.

- **Exhibit 19 (10/1/22 Grady Interview with Diana Jurado regarding bullying complaint against Plaintiff, BN 5)**

*Basis for objection:* Hearsay and improper propensity evidence. *See* objection to Exhibit 17.

- **Exhibit 21 (10/1/22 Jeremy Grady Interview with Travis Hobbs, BN 2)**

*Basis for objection:* Hearsay and improper propensity evidence. *See* objection to Exhibit 17.

- **Exhibit 22 (1/21/22 Jeremy Grady interview with Plaintiff regarding Diana Jurado complaint, BN 7)**

*Basis for objection:* Hearsay and improper propensity evidence. *See* objection to Exhibit 17.

- **Exhibit 23 (1/12/22 Sonia Estrada Letter to Grady regarding Diana Jurado's bullying complaint against Plaintiff, BN 34-35)**

*Basis for objection:* Hearsay and improper propensity evidence. *See* objection to Exhibit 17.

- **Exhibit 24 (2/14/22 Grady Investigative Report regarding Diana Jurado bullying complaint against Plaintiff, BN 12-29)**

*Basis for objection:* Hearsay and improper propensity evidence. *See* objection to Exhibit 17.

- **Exhibit 26 (6/24/22 Selena Savell Complaint against Plaintiff from Child Advocacy Center ("CAC"), BN 251)**

*Basis for objection:* As with the exhibits relating to Jurado, the contents of Savell's complaint are hearsay if offered to prove misconduct by Plaintiff. Savell's out-of-court allegations cannot be admitted to prove that Plaintiff actually engaged in the alleged conduct. To the extent Defendant contends the interview is relevant to what its decisionmakers were told, the exhibit should be limited to that non-hearsay purpose and accompanied by an appropriate limiting instruction.

Likewise, this exhibit cannot be offered as character evidence under Rule 404. Finally, the inflammatory nature of these allegations creates an obvious danger the jury decides Plaintiff was a bad cop or a bad person, rather than deciding whether he was unlawfully retaliated against. To the extent the jury is permitted to see this exhibit at all, it should be accompanied by clear limiting instructions.

- **Exhibit 27 (6/29/22 Victor Hernandez interview with Selena Savell concerning CAC complaint against Plaintiff, BN 246)**

*Basis for objection:* Hearsay, improper character evidence, and unfair prejudice. *See* objection to Exhibit 26.

- **Exhibit 28 (6/29/22 Victor Hernandez interview with CAC Forensic Interviewer Laura Lucero concerning CAC complaint against Plaintiff, BN 244)**

*Basis for objection:* Hearsay, improper character evidence, and unfair prejudice. *See* objection to Exhibit 26..

- **Exhibit 29 (6/29/22 Victor Hernandez interview with Gretchen Koether and Blanca Perez re Phoenix House complaint against Plaintiff, BN 245)**

*Basis for objection:* Hearsay, improper character evidence, and unfair prejudice. *See* objection to Exhibit 26. Defendant may not use third-party accusations to prove Plaintiff's alleged misconduct or propensity to behave improperly. At most, relevant portions may be admissible for the limited purpose of establishing information actually communicated to Defendant's decisionmakers.

- **Exhibit 32 (9/13/22 Victor Hernandez Investigative Report concerning CAC and Phoenix House complaints, BN 259-269)**

*Basis for objection:* Hearsay, hearsay within hearsay, improper character evidence, and unfair prejudice. An investigative report does not render the third-party statements summarized within it admissible for their truth. *See* Fed. R. Evid. 805. To the extent Defendant relies upon a hearsay exception applicable to the report itself, each embedded hearsay statement must independently satisfy an exception. Moreover, the inflammatory allegations summarized in the report create a substantial danger of unfair prejudice and confusion of the issues.

- **Exhibit 35 (8/14/22 Complaint from Dianna Luce regarding Plaintiff's investigative issues, BN 922-924)**

*Basis for objection:* To the extent Defendant offers Luce's complaint to prove the truth of her accusations concerning Plaintiff, the exhibit is hearsay. Defendant may potentially establish that a complaint was made and communicated to relevant

decisionmakers, but Luce's allegations are not substantive proof that Plaintiff committed the alleged investigative errors.

- **Exhibit 36 (8/31/22 Fernando Jimenez Interview with Megan Kirtley regarding Dianna Luce complaint against Plaintiff, BN 123)**

*Basis for objection:* Hearsay and hearsay within hearsay. Defendant may not use an investigator's written account of Kirtley's out-of-court statements as substantive proof of Plaintiff's alleged misconduct. Any relevance to Defendant's state of mind does not make the underlying assertions true and warrants an appropriate limiting instruction.

- **Exhibit 37 (6/17/22 Fernando Jimenez interview with Kirk Williams, BN 122)**

*Basis for objection:* Hearsay and hearsay within hearsay. *See* objection to Exhibit 36.

- **Exhibit 39 (8/29/22 Fernando Jimenez Interview with Jeremy Grady regarding Dianna Luce complaint against Plaintiff, BN 125)**

*Basis for objection:* Hearsay and hearsay within hearsay. See objection to Exhibit 36. Defendant cannot convert Grady's out-of-court assertions into substantive evidence merely because they were recorded in the course of an internal investigation.

- **Exhibit 40 (10/31/22 Fernando Jimenez interview with Jeremy Grady regarding Dianna Luce complaint against Plaintiff, BN 124)**

*Basis for objection:* Hearsay and hearsay within hearsay. *See* objection to Exhibit 36.

- **Exhibit 44 (9/2/22 Fernando Jimenez Investigative Report to Michael Walker regarding Dianna Luce complaint against Plaintiff, BN 144-156)**

*Basis for objection:* Hearsay and hearsay within hearsay. The report contains out-of-court statements from witnesses and the investigator's characterization of those statements. Any hearsay exception applicable to the report itself does not independently establish an exception for each embedded statement. Fed. R. Evid. 805. The report may potentially be relevant to what was presented to Defendant's decisionmakers, but it cannot be admitted wholesale as substantive proof that its accusations or conclusions were correct.

- **Exhibit 50 (8/2/22 Ashley Lerke Motion to Suppress Plaintiff's trial testimony, BN 844-845)**

*Basis for objection:* Irrelevance, hearsay, and unfair prejudice. A motion filed by an attorney is advocacy, not evidence. Assertions made by counsel in a motion are not evidence of the matters asserted, and Defendant should not be permitted to place an attorney's accusations or legal argument before the jury as though they were testimony or judicial findings. Admission would also create a substantial danger of confusing and misleading the jury under Rule 403.

- **Exhibit 52 (Cody Rogers Interview with Aaron Rodriguez regarding his complaint against Michael Walker, BN 325)**

*Basis for objection:* To the extent Defendant seeks to introduce Rodriguez's statements for their truth, Plaintiff objects on hearsay grounds. Plaintiff does not

object to otherwise admissible evidence showing that the Walker complaint existed, what was communicated to Defendant, or the circumstances surrounding Plaintiff's involvement with that complaint.

- **Exhibit 53 (Cody Rogers interview with Jasmine Sanchez regarding complaint against Michael Walker, BN 326)**

*Basis for objection:* Hearsay to the extent Sanchez's statements are offered for their truth. *See* objection to Exhibit 52.

- **Exhibit 56 (Cody Rogers interview with Scotty Wimberly regarding Complaint against Michael Walker, BN 339)**

*Basis for objection:* Hearsay to the extent Wimberly's statements are offered for their truth. *See* objection to Exhibit 52.

- **Exhibit 57 (8/16/22 Cody Rogers Investigative Report to Craig Bova regarding Aaron Rodriguez complaint against Michael Walker, BN 914-921)**

*Basis for objection:* Hearsay and hearsay within hearsay to the extent Defendant offers the report or the witness statements summarized within it for their truth. *See* Fed. R. Evid. 805.

- **Exhibit 59 (8/29/22 Fernando Jimenez interview with Jasmine Sanchez regarding investigation into interference with Michael Walker investigation, BN 39)**

*Basis for objection:* Hearsay, improper character evidence, and unfair prejudice. Defendant may potentially introduce evidence concerning information

provided to its decisionmakers, but Sanchez's out-of-court allegations cannot be admitted as substantive proof that Plaintiff improperly interfered with the Walker investigation.

- **Exhibit 60 (Jasmine Sanchez video recording of phone call with Plaintiff concerning Michael Walker complaint, BN 38)**

*Basis for objection:* Plaintiff's own statements may qualify under Rule 801(d)(2), but Sanchez's statements do not thereby become admissible for their truth. To the extent Sanchez's statements are necessary to provide context for Plaintiff's statements, the Court should instruct the jury concerning their limited purpose. Plaintiff further invokes Rule 106 and objects to admission of selective excerpts that would create a misleading impression of the conversation.

- **Exhibit 61 (Jasmine Sanchez text messages with Plaintiff concerning Michael Walker complaint, BN 330-337)**

*Basis for objection: See* objection to Exhibit 60.

- **Exhibit 62 (8/30/22 Fernando Jimenez Interview with Karina Tello, BN 41)**

*Basis for objection:* Hearsay, hearsay within hearsay, and improper character evidence to the extent Defendant offers Tello's statements as substantive proof that Plaintiff interfered with the Walker investigation.

- **Exhibit 63 (8/31/22 Fernando Jimenez Interview with Jeanette Sandoval regarding investigation into interference with Michael Walker investigation, BN 40)**

*Basis for objection:* Hearsay, hearsay within hearsay, and improper character evidence. *See* objection to Exhibit 62.

- **Exhibit 64 (8/29/22 Fernando Jimenez Interview with Diana Jurado regarding interference with Michael Walker investigation, BN 37)**

*Basis for objection:* Hearsay, hearsay within hearsay, and improper character evidence. *See* objection to Exhibit 62.

- **Exhibit 65 (9/2/22 Fernando Jimenez interview with Michael Walker regarding interference with Michael Walker investigation, BN 42)**

*Basis for objection:* Hearsay and hearsay within hearsay to the extent Walker's statements are offered as substantive evidence that Plaintiff engaged in improper interference. The fact that Walker was interviewed during an internal investigation does not itself render his assertions admissible for their truth.

- **Exhibit 66 (5/29/22 Fernando Jimenez interview with Victor Garcia, BN 36)**

*Basis for objection:* Hearsay and hearsay within hearsay to the extent Garcia's statements are offered for their truth. Defendant must establish an independent basis for admission of the underlying statements rather than relying upon the fact that they were memorialized by an investigator.

- **Exhibit 67 (9/13/22 Fernando Jimenez Investigative Report regarding investigation into interference with Michael Walker investigation, BN 59-75)**

*Basis for objection:* Hearsay, hearsay within hearsay, improper character evidence, and unfair prejudice. The report contains witness statements and investigative conclusions that Defendant cannot introduce wholesale as substantive proof that Plaintiff improperly interfered with the Walker investigation. Any exception applicable to the report itself does not eliminate the requirement that each embedded hearsay statement independently be admissible. Fed. R. Evid. 805. To the extent the report is admitted to establish what Defendant's decisionmakers were told, the Court should provide an appropriate limiting instruction.

**WGLA, LLP**

By: /s/Benjamin Gubernick
Benjamin Gubernick (SBN 145006)
WGLA, LLP
E-mail: ben@wglawllp.com
Telephone (346) 277-0287
Fax: 346-341-0169
717 Texas St. Suite 1200
Houston, TX 77002

**CERTIFICATE OF SERVICE**

I certify that the foregoing was served on counsel for Defendant via email on August 21, 2026.

By /s/ Benjamin Gubernick
BENJAMIN GUBERNICK