**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**ZANE BROWN,**

Plaintiff,

v. **No. 2:23-CV-00355-DHU-GJF**

**LEA COUNTY BOARD OF COUNTY COMMISSIONERS,**

Defendant.

**PLAINTIFF'S MOTION IN LIMINE NO. 1 TO LIMIT OUT-OF-COURT ACCUSATIONS TO THEIR EFFECT ON DECISIONMAKERS**

Plaintiff Zane Brown, through undersigned counsel, moves in limine for an order limiting the evidence and argument described below. This motion is made pursuant to Federal Rules of Evidence 104, 105, 401, 402, 403, and the additional authorities discussed herein.

## I. SUMMARY OF MOTION

Defendant has previewed a trial strategy built around speculative and derogatory accusations against Plaintiff. For instance, Defendant's summary judgment motion began by asserting that Plaintiff "sexually harassed and stalked his co-workers and traumatized a child victim," and then devoted dozens of paragraphs to what various witnesses reportedly claimed in complaints, recorded interviews, and internal investigative files. *See* Doc. 95 at 1-21. Defendant's reply similarly characterized Plaintiff as an investigator who was "credibly accused" of serious misconduct, and Defendant argued that the accusations themselves justified discipline. *See* Doc. 99 at 1-4.

Plaintiff does not seek to prevent Defendant from explaining the information that was conveyed to an actual decisionmaker before a challenged employment action. If Sheriff Helton for example received a complaint, reviewed an investigative report, and relied on the complaint or report in disciplining Plaintiff, Defendant may present admissible evidence of that decision process. But any such evidence must be limited to its effect on the decisionmaker, not for the truth of the underlying event.

In other words, Defendant should not be allowed to avoid the hearsay rule by offering accusations for "effect on the listener" and then use the same accusations in opening statement, witness examination, or closing argument as substantive proof that Plaintiff actually bullied, coerced, stalked, sexually harassed, lied, or neglected his cases. The Court should define the permissible purpose before trial, require a foundation connecting each accusation to a decisionmaker, and give an appropriate limiting instruction under Federal Rule of Evidence 105.

## II. ARGUMENT

### A. Statements offered only to explain their effect on a decisionmaker are not admissible for their truth.

Under Rule 801(c), an out-of-court statement is hearsay when it is offered to prove the truth of what it asserts, and hearsay is inadmissible unless an exception applies. FED. R. EVID. 801(c), 802. A statement offered to show its effect on a listener may be non-hearsay because the listener received the information and reacted to it. *See Faulkner v. Super Valu Stores, Inc.*, 3 F.3d 1419, 1434 (10th Cir. 1993).

In this case, that means that if a complaint against Plaintiff is admitted to show why Helton initiated an investigation or imposed discipline on him, the

complaint may be considered for that effect, but it may not be treated as proof that the complainant's allegations were true. The same is true of investigative reports. Rule 805 separately requires an exception for each level of hearsay within a report; the fact that an investigator or public employee wrote down an accusation does not transform the embedded accusation into admissible substantive evidence.

Rule 105 addresses precisely this circumstance. When evidence is admissible for one purpose but not another, the Court should, upon timely request, restrict the evidence to its proper scope and instruct the jury accordingly. FED. R. EVID. 105. Without a clear limitation, the sheer number and inflammatory nature of the accusations create an acute risk that the jury will assume repetition equals truth.

**B. Defendant may still support its purported defense with an appropriate limiting instruction.**

For Defendant to use these accusations at trial, Defendant must identify a decisionmaker who received the complaint or report, the date it was received, the portions reviewed, the conclusion reached, and the action allegedly taken in reliance on that information. Defendant may then argue it acted for a non-retaliatory reason. What Defendant should not be permitted to do is have a decisionmaker or investigator narrate layers of accusations from absent declarants and then argue that the narrative proves the misconduct occurred. The effect-on-the-decisionmaker theory ordinarily requires only enough detail to explain what information was conveyed and why it mattered; it does not make every collateral assertion in the underlying file relevant or non-hearsay.

### C. A limiting ruling is necessary to avoid unfair prejudice and confusion.

Defendant's presentation repeatedly collapses three separate propositions: (1) a person made an accusation; (2) an investigator credited the accusation; and (3) the accused conduct actually occurred. Those propositions are not interchangeable. The risk is especially high where the labels include stalking, sexual harassment, intimidation, dishonesty, domestic abuse, and mistreatment of a child victim. Even if receipt of an accusation has some relevance to motive, unrestricted substantive use would unfairly prejudice Plaintiff, confuse the issues, and produce collateral mini-trials. FED. R. EVID. 403.

## III. RELIEF REQUESTED

Plaintiff respectfully requests an order providing that:

**1.** Out-of-court accusations contained in complaints, interview summaries, memoranda, internal-affairs files, or investigative reports may be admitted, if otherwise relevant, only to show the information actually communicated to and considered by an identified decisionmaker before a challenged action, unless Defendant establishes an independent basis for substantive admissibility.

**2.** Before eliciting or publishing an out-of-court accusation, Defendant must identify the decisionmaker, the challenged action, when the information was communicated, and the purpose for which the statement is offered.

**3.** Defendant may not argue that an underlying event actually occurred based solely on an accusation, investigative summary, or internal finding admitted for its effect on a decisionmaker.

**4.** Each level of hearsay within an investigative file must independently satisfy the Federal Rules of Evidence. Defendant may not use a business-record or public-record theory to admit embedded witness accusations for their truth without a separate exception.

**5.** At Plaintiff's request, the Court will give a contemporaneous and final limiting instruction substantially as follows: "Evidence that a complaint, accusation, or investigative finding was communicated to a County decisionmaker may be considered in deciding what information the decisionmaker received and whether that information affected the decision. Unless the Court instructs you otherwise, you may not treat the complaint, accusation, or finding itself as proof that the accused conduct actually occurred."

**6.** Defendant must approach the bench before using an accusation admitted for a limited purpose as substantive proof, or before offering an investigative report containing extensive embedded accusations.

## IV. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court grant Motion in Limine No. 1 and limit out-of-court accusations to their proper, non-hearsay purpose.

Dated: August 21, 2026

**Respectfully submitted,**

**WGLA, LLP**

By:*/s/ Curtis Waldo*______
Curtis Waldo
curtis@wglawllp.com
Benjamin Gubernick
ben@wglawllp.com
Telephone: 346-394-8056
Fax: 346-341-0169
717 Texas St. Suite 1200
Houston, TX 77002

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2026, I caused the foregoing document to be served on counsel of record and filed with the Court.

__*/s/ Curtis Waldo*_______________
Curtis Waldo

**CERTIFICATE OF CONFERENCE**

I hereby certify that Defendant represented it is opposed to the relief sought herein.

__*/s/ Curtis Waldo*_______________
Curtis Waldo