**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**ZANE BROWN,**

Plaintiff,

v. **No. 2:23-CV-00355-DHU-GJF**

**LEA COUNTY BOARD OF COUNTY COMMISSIONERS,**

Defendant.

**PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE ALLEGATIONS UNKNOWN TO THE RELEVANT DECISIONMAKER**

Plaintiff Zane Brown, through undersigned counsel, moves in limine for an order limiting the evidence and argument described below. This motion is made pursuant to Federal Rules of Evidence 104, 105, 401, 402, 403, and the additional authorities discussed herein.

## SUMMARY OF MOTION

Defendant should not be permitted to defend its adverse actions toward Plaintiff by pointing to allegations that decisionmakers did not know about.

The need for a pretrial ruling on this seemingly basic point is evident. In its summary judgment motion, Defendant relied on Sergeant Jeremy Grady's alleged discovery, after Plaintiff left LCSO, of missing paperwork from thirteen cases Plaintiff had worked. *See* Doc. 95 at 10, UMF No. 44. Defendant also emphasized Grady's later statement that he would have disciplined Plaintiff had he known what he later discovered. *Id.* at 10, UMF No. 47. By definition, those later discoveries could not have motivated the earlier discipline against Plaintiff.

Allegations or information genuinely known and relied upon may be relevant to a later adverse employment action. But Defendant may not aggregate all negative information discovered at any time and use it to justify every action taken against Plaintiff.

**ARGUMENT**

The Tenth Circuit directs trial courts to admit evidence as it appeared to the person making the decision when evaluating an employer's asserted rationale for an adverse employment action. *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1231 (10th Cir. 2000). The Supreme Court has held that after-acquired evidence of employee wrongdoing does not erase an employer's unlawful motive or bar liability. *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 360-63 (1995) ("The employer could not have been motivated by knowledge it did not have….").

Here, Defendant's summary judgment motion and other filings reference multiple allegations against Plaintiff across different time periods and by different decisionmakers. In turn, Plaintiff alleges he was removed from the night shift, placed on administrative leave, investigated, demoted, and later blackballed. It seems like common sense to say, but before Defendant argues that some adverse action was caused by some particular alleged conduct by Plaintiff, Defendant must show the decisionmaker actually knew about the allegation. Specifically, Defendant must identify: (1) the allegation against Plaintiff; (2) the person who made or materially influenced the decision; (3) when that person learned the allegation; (4) the admissible source of the allegation; and (5) how the allegation allegedly affected that decision. Evidence that cannot satisfy that chain is irrelevant to motive and, if

offered merely to portray Plaintiff as generally incompetent or dishonest, is improper propensity evidence and unfairly prejudicial. FED. R. EVID. 401-404.

To the extent Defendant seeks to use after-acquired evidence solely on the issue of damages, the Court should determine the issue outside the jury's presence or sequence the evidence so it cannot contaminate the liability determination. *See* FED. R. EVID. 104, 403.

**CONCLUSION**

For these reasons, Plaintiff respectfully requests that the Court grant Motion in Limine No. 2 and exclude purported misconduct that was unknown to the relevant decisionmaker when the challenged action occurred.

Dated: August 21, 2026

**Respectfully submitted,**

**WGLA, LLP**

By: */s/ Curtis Waldo*

Curtis Waldo
curtis@wglawllp.com
Benjamin Gubernick
ben@wglawllp.com
Telephone: 346-394-8056
Fax: 346-341-0169
717 Texas St. Suite 1200
Houston, TX 77002

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2026, I caused the foregoing document to be served on counsel of record and filed with the Court.

__*/s/ Curtis Waldo*________________
Curtis Waldo

**CERTIFICATE OF CONFERENCE**

I hereby certify that Defendant is opposed to the relief sought herein.

__*/s/ Curtis Waldo*________________
Curtis Waldo