**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**ZANE BROWN,**

Plaintiff,

v. **No. 2:23-CV-00355-DHU-GJF**

**LEA COUNTY BOARD OF COUNTY COMMISSIONERS,**

Defendant.

**PLAINTIFF'S MOTION IN LIMINE NO. 3 TO EXCLUDE UNFOUNDED, CONCLUSORY, AND INFLAMMATORY CHARACTERIZATIONS OF PLAINTIFF**

Plaintiff Zane Brown, through undersigned counsel, moves in limine for an order limiting the evidence and argument described below. This motion is made pursuant to Federal Rules of Evidence 104, 105, 401, 402, 403, and the additional authorities discussed herein.

## I. SUMMARY OF MOTION

Defendant may not describe Plaintiff with inflammatory labels, offer generalized character attacks, speculate about Plaintiff's psychology, or suggest that he committed serious misconduct never established by competent evidence.

Defendant's filings demonstrate the danger. Defendant has described Plaintiff as a person who "sexually harassed and stalked his co-workers," portrayed him as a jealous or obsessive figure monitoring a coworker's private life, and highlighted an alleged statement concerning why a woman might be assaulted. *See* Doc. 95 at 1, 4, 19-21. Those labels carry an emotional and quasi-legal force far beyond a neutral description of the underlying conduct.

Plaintiff does not seek to prevent a percipient witness from describing a specific statement personally heard or conduct personally observed, if the testimony is relevant and otherwise admissible. The requested ruling is that witnesses must testify to facts, not simply trash Plaintiff with labels such as “wife beater,” “stalker,” “abuser,” “predator,” “dangerous,” “obsessed,” or similar epithets.

## II. ARGUMENT

### A. Witness testimony must be based on personal knowledge and firsthand perception.

Rule 602 permits a witness to testify only upon evidence sufficient to support a finding that the witness has personal knowledge. Rule 701 limits lay opinion to an opinion rationally based on the witness’s perception, helpful to understanding the testimony or deciding a fact, and not based on specialized knowledge. FED. R. EVID. 602, 701.

A witness who observed a particular interaction can describe who was present, what Plaintiff said, what Plaintiff did, and how the witness responded. But a witness ordinarily cannot convert disputed incidents into sweeping conclusions that Plaintiff was a stalker, a wife beater, a sexual harasser, or a dangerous person. Those labels often rest on secondhand information, credibility judgments, assumptions about motive, or legal and policy standards the witness is not qualified to apply.

### B. Inflammatory labels invite a verdict based on character rather than the disputed employment decisions.

Rule 404(a) prohibits using character evidence to prove that a person acted in accordance with a bad character trait. Rule 403 authorizes exclusion where marginal probative value is substantially outweighed by unfair prejudice, confusion,

or waste of time. "Unfair prejudice" includes an undue tendency to suggest decision on an improper emotional basis. *Old Chief v. U.S.*, 519 U.S. 172, 180 (1997).

The distinction between conduct and label is important here. A witness's account that Plaintiff drove past a particular location, called someone a specified number of times, or made a particular comment can be evaluated and cross-examined. Calling Plaintiff a "stalker" supplies a loaded conclusion, presupposes disputed facts, and may suggest criminality. Likewise, evidence that Plaintiff made a disputed comment about domestic violence is not evidence that Plaintiff beat his wife. Any suggestion that Plaintiff is a "wife beater" would be unsupported, extraordinarily prejudicial, and collateral to the employment-retaliation issues.

The same concern applies to private marital, romantic, or sexual detail. Defendant should not turn a limited workplace allegation into a mini-trial over Plaintiff's marriage, a restraining-order petition, alleged infidelity, a coworker's sex life, or rumors of romantic relationships unless the Court first determines that the precise evidence was actually known and relied upon for a challenged decision and that its probative value is not substantially outweighed by prejudice.

**C. The Court may admit decision evidence while excluding character attacks.**

A decisionmaker may identify that an internal report used a particular policy label if the label was part of the stated basis for the decision. An investigator may explain that a charge was classified as "stalking" or "harassment" for purposes of the internal process. But such use should be limited to explaining the decisional record and should not authorize every witness to repeat the label as an established fact.

Fact witnesses should describe specific observations. Investigators and decisionmakers should distinguish between an allegation, an internal classification, and a historical fact. Counsel should frame questions neutrally and should not presuppose in the question that Plaintiff committed domestic violence, stalking, sexual harassment, or other disputed conduct. If Defendant contends that an inflammatory characterization is independently admissible, it should first approach the bench.

## III. RELIEF REQUESTED

Plaintiff respectfully requests an order providing that:

**1.** Witnesses may testify to specific relevant statements and conduct within their personal knowledge, but may not offer generalized or speculative characterizations that Plaintiff is a “wife beater,” “stalker,” “abuser,” “predator,” “dangerous,” “obsessed,” “psychotic,” or any similar inflammatory label.

**2.** No witness may suggest that Plaintiff committed domestic violence merely because of an alleged workplace comment, and Defendant may not introduce the substance of any restraining-order allegations or other private marital disputes without first obtaining a ruling outside the jury’s presence.

**3.** Lay witnesses may not opine that Plaintiff committed stalking, sexual harassment, witness intimidation, coercion, a hostile work environment, dishonesty, or a policy violation unless the opinion satisfies Rules 602 and 701 and the Court determines that the conclusion is helpful rather than a substitute for the underlying facts.

**4.** An investigator or decisionmaker may identify an internal charge or finding when necessary to explain the decisional process, but must make clear that it is an allegation or internal classification; the label may not be presented as a binding adjudication of what actually occurred.

**5.** Counsel must use neutral phrasing in questions and argument and may not repeatedly use inflammatory labels to create a propensity inference.

**6.** Defendant must approach the bench before eliciting testimony about Plaintiff's marriage, alleged domestic violence, restraining orders, alleged infidelity, private sexual matters, or other highly prejudicial personal details.

## IV. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court grant Motion in Limine No. 3 and require witnesses and counsel to present specific admissible facts rather than inflammatory and unfounded character attacks.

Dated: August 21, 2026

**Respectfully submitted,**

**WGLA, LLP**

By: */s/ Curtis Waldo*
Curtis Waldo
curtis@wglawllp.com
Benjamin Gubernick
ben@wglawllp.com
Telephone: 346-394-8056
Fax: 346-341-0169
717 Texas St. Suite 1200
Houston, TX 77002

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2026, I caused the foregoing document to be served on counsel of record and filed with the Court.

__*/s/ Curtis Waldo*_______________
Curtis Waldo

**CERTIFICATE OF CONFERENCE**

I hereby certify that Defendant is opposed to the relief sought herein.

__*/s/ Curtis Waldo*_______________
Curtis Waldo