**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**ZANE BROWN,**

Plaintiff,

v. **No. 2:23-CV-00355-DHU-GJF**

**LEA COUNTY BOARD OF COUNTY COMMISSIONERS,**

Defendant.

**PLAINTIFF'S MOTION IN LIMINE NO. 4 TO EXCLUDE ARGUMENT AND OTHER STATEMENTS ABOUT LITIGIOUSNESS AND MANUFACTURING LAWSUITS**

Plaintiff Zane Brown, through undersigned counsel, moves in limine for an order limiting the evidence and argument described below. This motion is made pursuant to Federal Rules of Evidence 104, 105, 401, 402, 403, and the additional authorities discussed herein.

## I. SUMMARY OF MOTION

Defendant has previewed an effort to portray Plaintiff and witnesses associated with him as persons who manufacture accusations in order to sue LCSO. Its summary-judgment motion recounts a statement that Plaintiff and Ahmaad White "had a lawsuit" and needed footage, a statement that Aaron Rodriguez was trying to sue LCSO, and Karina Tello's speculation that Rodriguez would be willing to "make something up" so Plaintiff could sue. *See* Doc. 95 at 14-16. Defendant's disclosures also state that Tello is expected to testify concerning her own lawsuit against LCSO.

That LCSO routinely violates the legal rights of its past, present, and potential employees should not be used against Plaintiff. There is no actual evidence of fabrication, much less by Plaintiff. The risk is that Defendant's references to schemes or fabricated lawsuits may unduly influence the jury.

If Defendant has evidence that a particular witness is biased, it is of course entitled to explore it. But Defendant should not be allowed to make implications that Plaintiff or his witnesses have a propensity to file meritless lawsuits. Not only is there no evidence of this; it is exactly the kind of propensity evidence that courts routinely exclude.

## II. ARGUMENT

### A. General litigiousness is not a valid defense.

Rules 401 and 403 exclude collateral lawsuit evidence that has little bearing on the facts at issue and carries a substantial danger of unfair prejudice, confusion, and delay. Rule 404 further bars using other acts to show that a person has a litigation-oriented character and acted consistently with that character here. Courts have specifically rejected efforts to impeach a civil-rights plaintiff by portraying the plaintiff as a chronic or opportunistic litigant. *See Outley v. City of New York*, 837 F.2d 587, 592-95 (2d Cir. 1988) ("The charge of litigiousness is a serious one, likely to result in undue prejudice against the party charged, unless the previous claims made by the party are shown to have been fraudulent."). The filing of other claims does not establish that the claims were false, and litigating the merits of those matters would create collateral mini-trials.

**B. Speculation that Plaintiff or another witness would manufacture a lawsuit is inadmissible.**

Tello's reported belief that Rodriguez would "make something up" so Plaintiff could sue is not a firsthand observation of fabrication. It is speculation about another person's character, motive, and future conduct. *See* FED. R. EVID. 602, 701. The statement also invites the precise propensity inference Rules 403 and 404 prohibit.

Likewise, Defendant should not be permitted to use phrases such as "manufactured lawsuit," "lawsuit scheme," "cash grab," "setting up a claim," or "looking for a payday" without admissible evidence tied to a specific act. A contemporaneous statement actually made by Plaintiff and actually considered in an employment decision may be addressed under the Court's other evidentiary rulings, but it may not be used as a gateway to argue that Plaintiff or his associates are generally litigious or dishonest.

**C. Any permissible bias inquiry should be narrow and should not expose the merits of other cases.**

While evidence of bias is generally relevant, the scope of bias examination remains subject to Rule 403. If the Court concludes that a witness' pending case against the County may show bias, the inquiry should be limited to the neutral fact that the witness has a pending claim against the County. Defendant should not be permitted to introduce the pleadings, allegations, discovery, rulings, settlement discussions, settlement amounts, damages demands, or merits of Tello's, White's, or any other witness's separate case. Nor should counsel argue that the existence of multiple lawsuits proves a coordinated scheme or that witnesses are members of a disgruntled group. Again, the risk of multiple mini-trials is high. If Defendant is

permitted to question the veracity or sincerity of a witness' legal claims, Plaintiff must be permitted to introduce countervailing evidence, and the trial will never end.

Plaintiff is willing to accept a reciprocal limitation: Plaintiff will not argue that the filing, settlement, or favorable development of another person's lawsuit proves that LCSO acted unlawfully in this case, absent a separate evidentiary ruling.

## III. RELIEF REQUESTED

Plaintiff respectfully requests an order providing that:

**1.** Defendant may not refer to Plaintiff as litigious, lawsuit-minded, a serial litigant, or a person who seeks to manufacture claims, and may not use similar pejorative descriptions in voir dire, opening statement, witness examination, or closing argument.

**2.** Defendant may not introduce other lawsuits, claims, notices of tort claim, EEOC charges, demands, or contemplated litigation involving Plaintiff to prove his character, motive, truthfulness, or propensity to fabricate.

**3.** Defendant may not elicit or argue speculative opinions that Plaintiff, Aaron Rodriguez, Ahmaad White, Karina Tello, or any other witness would "make something up" or manufacture evidence so that someone could sue.

**4.** Defendant may not introduce the existence or details of lawsuits brought by Tello, White, or other witnesses against Lea County. Alternatively, if the Court permits a bias inquiry, it should be limited to a neutral acknowledgment that the

witness has a pending claim without details concerning allegations, merits, discovery, rulings, settlement, value, or disposition.

**5.** Defendant may not argue that the number of lawsuits involving LCSO demonstrates a coordinated scheme, common litigation plan, greed, dishonesty, or bias beyond any narrowly permitted individual inquiry.

**6.** Any specific contemporaneous statement that Defendant contends affected a particular decisionmaker must be addressed outside the jury's presence and may not be used for a broader propensity argument.

## IV. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court grant Motion in Limine No. 4 and exclude litigiousness and lawsuit-manufacturing evidence and argument.

Dated: August 21, 2026

**Respectfully submitted,**

**WGLA, LLP**

By: */s/ Curtis Waldo*
Curtis Waldo
curtis@wglawllp.com
Benjamin Gubernick
ben@wglawllp.com
Telephone: 346-394-8056
Fax: 346-341-0169
717 Texas St. Suite 1200
Houston, TX 77002

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2026, I caused the foregoing document to be served on counsel of record and filed with the Court.

__*/s/ Curtis Waldo*______________
Curtis Waldo

**CERTIFICATE OF CONFERENCE**

I hereby certify that Defendant is opposed to the relief sought herein.

__*/s/ Curtis Waldo*______________
Curtis Waldo