**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**ZANE BROWN,**

Plaintiff,

v. **No. 2:23-CV-00355-DHU-GJF**

**LEA COUNTY BOARD OF COUNTY COMMISSIONERS,**

Defendant.

**PLAINTIFF'S MOTION IN LIMINE NO. 5 TO LIMIT EVIDENCE CONCERNING AHMAAD WHITE'S SEPARATE DISCRIMINATION CLAIM**

Plaintiff Zane Brown, through undersigned counsel, moves in limine for an order limiting the evidence and argument described below. This motion is made pursuant to Federal Rules of Evidence 104, 105, 401, 402, 403, and the additional authorities discussed herein.

## I. SUMMARY OF MOTION

One of Plaintiff's protected-activity theories concerns his objection to what he perceived as racially disparate treatment during Ahmaad White's 2021 application to LCSO. Defendant may present otherwise admissible evidence about that application process that was known to Plaintiff when he raised his concerns and that bears on whether Plaintiff held a reasonable, good-faith belief that he was opposing discrimination.

But White has his own separate discrimination lawsuit. The jury in this case is not being asked to decide whether White can prove every element of his separate claim. Defendant should not be permitted to turn Plaintiff's trial into a trial of

White's case or argue that Plaintiff loses if White's claim is weak, unsuccessful, disputed, dismissed, or otherwise lacks ultimate merit.

Defendant's filings demonstrate a substantial risk of conflation. Defendant emphasizes White's application disclosures, prior marijuana use and distribution, and amended application, and then argues that Plaintiff's concerns were fabricated or could not have been held in good faith. *See* Doc. 95 at 22-26; Doc. 99 at 1. The proper inquiry is facts known to Plaintiff when he spoke up. The underlying merits of White's claim are not relevant.

## II. ARGUMENT

### A. Title VII protects reasonable, good-faith opposition even if the underlying discrimination claim does not ultimately prevail.

An employee opposing discrimination need not prove that the employer actually violated Title VII. The employee must show a reasonable, good-faith belief that the opposed conduct was discriminatory. *Hertz v. Luzenac Am., Inc.*, 370 F.3d 1014, 1015-16 (10th Cir. 2004). Accordingly, White's ultimate ability to establish an adverse action, comparator evidence, discriminatory intent, damages, exhaustion, timeliness, or any other element of his own lawsuit is not necessary to the question of whether Plaintiff reasonably and in good faith objected to what Plaintiff understood at the time. A later ruling in White's case likewise cannot retroactively define Plaintiff's contemporaneous state of mind.

The New Mexico Whistleblower Protection Act and Plaintiff's speech claims present their own elements, but the separate lawsuit's ultimate merits remain separate. The jury may consider what Plaintiff knew, what he was instructed to do, what he observed about the application process, what White had communicated to

him by then, and what Plaintiff actually reported. It need not decide White's entire case.

**B. Defendant may present the application process known to Plaintiff, but not White's separate litigation.**

Plaintiff does not seek to exclude the core evidence surrounding White's application. Subject to ordinary evidentiary rules, Defendant may present application materials Plaintiff reviewed; relevant LCSO policies; instructions Plaintiff received; information White communicated to Plaintiff before Plaintiff spoke; Plaintiff's comparison to other background investigations; and the timing and content of Plaintiff's alleged objections.

Defendant may also dispute whether Plaintiff actually complained, whether his belief was subjectively held, and whether it was objectively reasonable based on the information then available. Those are issues in this case.

What Defendant should not do is introduce White's separate complaint, EEOC charge, deposition designations, expert opinions, motions, judicial rulings, or other similar documents to establish that White's claim was weak or that Plaintiff's belief was therefore unreasonable. Nor should Defendant rely on information first developed in White's litigation unless it is independently admissible and Defendant shows Plaintiff knew the substance when he engaged in the claimed protected activity.

**C. Litigating White's separate claim would confuse the issues and create a collateral trial.**

Whether White can prevail in his own action depends on a separate record, separate pleadings, and potentially different legal and factual issues. Trying those

matters here would consume substantial time and create a serious risk that the jury will replace the proper question—Plaintiff's reasonable, good-faith belief and Defendant's motive—with the improper question of whether White deserves to win another lawsuit. FED. R. EVID. 401-403.

The risk is particularly acute if Defendant invokes a ruling or disposition from White's case. Jurors may give a judicial ruling undue weight without knowing the procedural posture, claims, evidentiary record, or legal standards involved. The clean and fair approach is to admit the contemporaneous application-process evidence relevant to Plaintiff's knowledge and exclude the separate lawsuit itself.

Plaintiff accepts a reciprocal limitation and will not argue that White's filing of a lawsuit, any settlement, or any favorable ruling proves that LCSO discriminated against White.

## III. RELIEF REQUESTED

Plaintiff respectfully requests an order providing that:

**1.** Defendant may present otherwise admissible evidence concerning White's 2021 application process only to the extent the evidence was known to Plaintiff when Plaintiff raised the alleged discrimination concern, or otherwise directly bears on what Plaintiff said and why.

**2.** Defendant may not ask the jury to decide whether White can establish every element of his own discrimination claim and may not argue that Plaintiff's retaliation or speech claims fail merely because White's separate claim is weak, disputed, unsuccessful, dismissed, settled, or otherwise lacks ultimate merit.

**3.** Defendant may not introduce or refer to White's separate complaint, EEOC charge, pleadings, discovery proceedings, deposition testimony generated solely for that case, expert evidence, motions, judicial rulings, settlement negotiations, settlement amount, damages demand, or disposition without first obtaining leave of Court.

**4.** Evidence first developed after Plaintiff's alleged protected activity is inadmissible to assess Plaintiff's contemporaneous belief unless Defendant establishes that Plaintiff knew the substance at the relevant time.

**5.** If a specific statement by White from the separate litigation is independently admissible for a non-collateral purpose, Defendant must proffer the statement outside the jury's presence and may not identify it as an admission from White's discrimination lawsuit unless that context is necessary and its probative value outweighs the resulting prejudice.

**6.** Plaintiff is reciprocally prohibited from arguing that the existence, settlement, or success of White's lawsuit establishes discrimination in this case.

## IV. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court grant Motion in Limine No. 5 and confine the White-related evidence to the application process and information relevant to Plaintiff's contemporaneous reasonable, good-faith belief.

Dated: August 21, 2026

**Respectfully submitted,**

**WGLA, LLP**

By: */s/ Curtis Waldo*
Curtis Waldo
curtis@wglawllp.com
Benjamin Gubernick
ben@wglawllp.com
Telephone: 346-394-8056
Fax: 346-341-0169
717 Texas St. Suite 1200
Houston, TX 77002

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2026, I caused the foregoing document to be served on counsel of record and filed with the Court.

*/s/ Curtis Waldo*
Curtis Waldo

## CERTIFICATE OF CONFERENCE

I hereby certify that Defendant is opposed to the relief sought herein.

*/s/ Curtis Waldo*
Curtis Waldo