**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**ZANE BROWN,**

**Plaintiff,**

**No. 2:23-CV-00355-DHU-GJF**

**v.**

**LEA COUNTY BOARD OF**
**COUNTY COMMISSIONERS,**

**Defendant.**

# JOINT PROPOSED JURY INSTRUCTIONS REGARDING WHISTLEBLOWER PROTECTION ACT CLAIM (WITHOUT CITATIONS)

Jury Instruction No. __

In this case, you must [also] determine whether the defendant Lea County Board of County Commissioners ("Lea County") violated the Whistleblower Protection Act by taking a retaliatory action in response to the plaintiff Zane Brown's engagement in protected activity.

To establish a violation of the Whistleblower Protection Act, Zane Brown has the burden of proving each of the following five elements:

1. Lea County was a public employer and Zane Brown was a public employee.

"Public employer" means [(1) any department, agency, office, institution, board, commission, committee, branch, or district of state government]; or [(2) any political subdivision of the state, created under either general or special act, that receives or expends public money from whatever source derived]; [(3) any entity or instrumentality of the state specifically provided for by law]; and/or [(4) every office or officer of any entity listed in items 1 through 3 of this subsection].

"Public employee" means a person who works for or contracts with a public employer.

2. Zane Brown engaged in an activity that is protected by the Whistleblower Protection Act.

3. Lea County took an adverse action against Zane Brown.

4. The adverse action was retaliatory in that Zane Brown's engagement in the protected activity was a cause of the adverse action.

5. Zane Brown suffered damages as a result of the retaliatory action. In this case, the parties agree that the following elements were met: the County is a public employer, Mr. Brown was a public employee who worked for the County, and the County took adverse employment action against Brown *(insert element(s)* parties agree were met). What is in dispute is whether the

following elements were met: 2) whether Zane Brown engaged in an activity that is protected by the Whistleblower Protection Act; 4) whether the adverse action was retaliatory in that Mr. Brown's engagement in the protected activity was a cause of the adverse action; and 5) whether Brown suffered damages as a result of retaliatory action.

Jury Instruction No. __

To establish that Zane Brown engaged in an activity that is protected under the Whistleblower Protection Act, Zane Brown has the burden of proving that Zane Brown:

[communicated information to the public employer or a third party about an action or failure to act that the public employee believed in good faith constituted an unlawful or improper act. Good faith means that a reasonable basis existed for the belief as evidenced by the facts available to the public employee;]

[or]

[provided information to, or testified before, a public body as part of an investigation, hearing, or inquiry into an unlawful or improper act;]

[or]

[objected to or refused to participate in an activity, policy, or practice that constitutes an unlawful or improper act.]

"Unlawful or improper act" means a practice, procedure, action, or failure to act on the part of a public employer that:

[violates a federal law, a federal regulation, a state law, a state administrative rule, or a law, ordinance, or rule of any political subdivision of the state;]

[or]

[constitutes malfeasance in public office;]

[or]

[constitutes gross mismanagement, a waste of funds, an abuse of authority, or a substantial and specific danger to the public.]

Jury Instruction No. __

"Retaliatory action" means taking any discriminatory or adverse employment action against a public employee in the terms and conditions of public employment.

Jury Instruction No. __

An employee's engagement in protected activity is a cause of an employer's retaliatory action if the employee's protected activity was a factor that motivated, at least in part, the employer's action against the employee. A motivating factor is a factor that plays a role in an employer's decision to act. To be considered a motivating factor, the employee's protected activity need not be the only reason, nor the last reason, nor latest reason, for the employer's action.

Jury Instruction No. __

To establish a defense to a claim under the Whistleblower Protection Act, Lea County has the burden of proving that the action taken against Zane Brown was due to:

Zane Brown's misconduct

[or]

Zane Brown's poor job performance

AND that

Zane Brown's engagement in the protected activity was not a motivating factor for Lea County's action against Zane Brown.

Special Verdict Form

On the questions submitted, the jury finds as follows:

*Question 1*: Did Zane Brown engage in protected activity?

*Answer*: __________ (Yes or No)

If the answer to Question 1 is "Yes," answer Question 2.

*Question 2*: Did Lea County take retaliatory action against Zane Brown?

*Answer*: __________ (Yes or No)

If the answer to Question 2 is "Yes," answer Question 3.

*Question 3*: Was Zane Brown's engagement in protected activity a cause of the retaliatory action by Lea County?

*Answer*: __________ (Yes or No)

If the answer to Question 3 is "Yes," answer Question 4.

*Question 4*: Did Lea County retaliation against Zane Brown cause damage to Zane Brown?

*Answer*: __________ (Yes or No)

If the answer to Question 4 is "Yes," answer Question 5.

*Question 5*: In accordance with the damage instructions given by the court, we find the damages suffered by Zane Brown to be:

| | |
|---|---|
| Back pay | $____________ |
| Compensatory Damages | $____________ |

_____________________________________

Foreperson