**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**ZANE BROWN,**

**Plaintiff,** **No. 2:23-CV-00355-DHU-GJF**

**v.**

**LEA COUNTY BOARD OF**
**COUNTY COMMISSIONERS,**

**Defendant.**

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**
**(WITHOUT CITATIONS)**

Jury Instruction No. __

As previously explained, the plaintiff Zane Brown has the burden of proving that the acts of Corey Helton deprived the plaintiff Zane Brown of particular rights under the United States Constitution. In this case, the plaintiff Zane Brown alleges Corey Helton deprived him of his rights under the First Amendment to the Constitution when Corey Helton authorized investigations into Mr. Brown's alleged conduct and authorized written discipline against Zane Brown and demoted Zane Brown from an investigator position to a deputy position.

Under the First Amendment, a public employee has a qualified right to speak on matters of public concern. To prove Corey Helton deprived the plaintiff Zane Brown of this First Amendment right, the plaintiff Zane Brown must prove the following additional elements by a preponderance of the evidence:

First, the plaintiff Zane Brown spoke as a private citizen and not as part of his official duties as a public employee;

Second, the plaintiff Zane Brown's speech was made on a matter of public concern;

Third, the Corey Helton took an adverse employment action against the plaintiff; and

Fourth, the plaintiff Zane Brown's speech was a substantial or motivating factor for the adverse employment action.

Speech is made "on a matter of a public concern" if the plaintiff Zane Brown's speech was made to disclose misconduct rather than dealing with a matter of personal dispute. Deliberate or reckless false statements cannot be made on a matter of public concern.

An action is an "adverse employment action" if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from engaging in protected activity.

A "substantial or motivating factor" is a significant factor, though not necessarily the only factor. If the adverse employment action would not have occurred without the plaintiff Zane Brown's speech, you must find for- Lea County.

If the plaintiff Zane Brown establishes each of the foregoing elements, the burden shifts to Lea County to prove by a preponderance of the evidence that Corey Helton would have taken the actions in question, even in the absence of any motive to retaliate against the plaintiff Zane Brown, for legitimate reasons. If you find that Lea County is able to demonstrate this, you must find for Lea County. If you find that Lea County is not able to demonstrate this, you must find for the plaintiff Zane Brown.

Jury Instruction No. __

As previously explained, the plaintiff Zane Brown has the burden of proving that the acts of Michael Walker deprived the plaintiff Zane Brown of particular rights under the United States Constitution. In this case, the plaintiff Zane Brown alleges Michael Walker deprived [him] of his rights under the First Amendment to the Constitution when Michael Walker authorized investigations into Mr. Brown's alleged conduct and authorized written discipline against Zane Brown and demoted Zane Brown from an investigator position to a deputy position.

Under the First Amendment, a public employee has a qualified right to speak on matters of public concern. To prove Michael Walker deprived the plaintiff Zane Brown of this First Amendment right, the plaintiff Zane Brown must prove the following additional elements by a preponderance of the evidence:

First, the plaintiff Zane Brown spoke as a private citizen and not as part of his official duties as a public employee;

Second, the plaintiff Zane Brown's speech was made on a matter of public concern;

Third, the Michael Walker took an adverse employment action against the plaintiff; and

Fourth, the plaintiff Zane Brown's speech was a substantial or motivating factor for the adverse employment action.

Speech is made "on a matter of a public concern" if the plaintiff Zane Brown's speech was made to disclose misconduct rather than dealing with a matter of personal dispute. Deliberate or reckless false statements cannot be made on a matter of public concern.

An action is an "adverse employment action" if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from engaging in protected activity.

A "substantial or motivating factor" is a significant factor, though not necessarily the only factor.

If the plaintiff Zane Brown establishes each of the foregoing elements, the burden shifts to the Lea County to prove by a preponderance of the evidence that Michael Walker would have taken the action(s) in question, even in the absence of any motive to retaliate against the plaintiff Zane Brown, due to legitimate administrative interests and avoiding workplace disruption which outweigh the plaintiff's First Amendment interests. If you find that Lea County is able to demonstrate this, you must find for Lea County. If you find that Lea County is not able to demonstrate this, you must find for the plaintiff Zane Brown.

Jury Instruction No. __

To prevail on the plaintiff's § 1983 claim against Lea County Board of County Commissioner (the "County") alleging liability based on an official policy, practice, or custom, the plaintiff Zane Brown must prove each of the following elements by a preponderance of the evidence:

First, Michael Walker or Corey Helton acted under color of state law;

Second, the act[s] of Michael Walker or Corey Helton deprived the plaintiff Zane Brown of particular rights under [the laws of the United States Constitution as explained in later instructions;

Third, Michael Walker or Corey Helton acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the Lea County; and

Fourth, Lea County's official policy or widespread or longstanding practice, custom, or training caused the deprivation of the plaintiff Zane Brown's rights by the Michael Walker or Corey Helton; that is, the County's official policy or widespread or longstanding practice, custom, or training is so closely related to the deprivation of the plaintiff Zane Brown's rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that Michael Walker or Corey Helton acted under color of state law.

"Official policy" means a formal policy, such as a rule or regulation adopted by Lea County, resulting from a deliberate choice to follow a course of action despite that the risk of constitutional violation was obvious chosen among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.

"Practice or custom" means any longstanding, widespread, permanent, and well-settled practice or custom that constitutes a standard operating procedure of Lea County. A practice or custom can be established by a continuing, widespread, and persistent pattern of constitutional violations that were not properly investigated and for which the violators were not disciplined, reprimanded or punished. A practice or custom of wrongful conduct is not sufficient, Lea County's prior conduct must be unconstitutional as determined under the Instruction examining whether Michael Walker or Corey Helton violated Plaintiff Zane Brown's First Amendment right against retaliation.

The County's prior training must reflect its deliberate indifference to a deficient training program through a pattern of untrained employees' violations of other employees rights against retaliation under the First Amendment. Showing additional training would have been helpful in making difficult decisions is not sufficient.

If you find that the plaintiff Zane Brown has proved each of these elements, and if you find that the plaintiff Zane Brown has proved all the elements the plaintiff Zane Brown is required to prove under the Instruction concerning whether his First Amendment right against retaliation was violated, your verdict should be for the plaintiff Zane Brown. If, on the other hand, you find that the plaintiff Zane Brown has failed to prove any one or more of these elements, your verdict should be for Lea County.

Jury Instruction No. ______

This charge is for Title VII cases in which the plaintiff alleges an adverse employment action as retaliation for engaging in activity that is protected by Title VII. An "adverse employment action" is not limited to acts or harms that occur at the workplace. It covers those employer actions that could well dissuade a rea- sonable worker from making or supporting a charge of discrimination.

Title VII's anti-retaliation provision contains two clauses: the "opposition clause" and the "participation clause." 42 U.S.C. § 2000e-3(a). The opposition clause prohibits retaliation against an employee for opposing any practice made unlawful by Title VII. The participation clause protects activities that occur in conjunction with or after the filing of an EEOC charge.This jury charge addresses each type of claim.

"Protected activity" includes opposing an employment practice that is unlawful under Title VII by making a charge of discrimination, or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII. If the claim is for opposing an employment practice, the plaintiff must prove that he or she had a reasonable good-faith belief that the practice was unlawful under Title VII.

Plaintiff Zane Brown claims that he was retaliated against by Defendant the Lea County Board of County Commissioners for engaging in activity protected by Title VII. Plaintiff Mr. Brown claims that he opposed race discrimination. Zane Brown claims that Lea County retaliated against him.

Defendant the County denies Plaintiff Zane Brown's claims and contends that Mr. Brown was disciplined as a result of his misconduct and poor work performance.

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by Title VII. To prove unlawful retaliation, Plaintiff Zane Brown must prove by a preponderance of the evidence that:

1. Plaintiff Mr. Brown engaged in alleged opposition to race discrimination;
2. Lea County disciplined and demoted Plaintiff Zane Brown; and
3. Lea County's decision to discipline and demote Plaintiff Zane Brown was on account of his protected activity.

You need not find that the only reason for Lea County's decision was Plaintiff Zane Brown's opposition to race discrimination. But you must find that Lea County's decision to discipline and demote Plaintiff Mr. Brown would not have occurred in the absence of—but for—his opposition to race discrimination.

If you disbelieve the reason Lea County has given for its decision, you may, but are not required to, infer that Lea County would not have decided to discipline and demote Plaintiff Zane Brown but for him engaging in the protected activity.

Jury Instruction No. __

If you found that the Lea County Board of County Commissioners ("Lea County") violated Title VII, then you must determine whether it has caused Plaintiff Zane Brown damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Mr. Brown has proved liability.

Plaintiff Zane Brown must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Zane Brown need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: (1) the amount of back pay and benefits Plaintiff Zane Brown would have earned in his employment with Lea County if he had not been demoted and issued verbal and written discipline from March 4, 2022 to the date of your verdict, minus the amount of earnings and benefits that Plaintiff Mr. Brown received from employment during that time; (2) the amount of other damages sustained by Plaintiff Mr. Brown.

Back pay includes the amounts the evidence shows Plaintiff Zane Brown would have earned had he remained an employee of Lea County or not been demoted. These amounts include wages or salary and such benefits as life and health insurance, and contributions to retirement. You must subtract the amounts of earnings and benefits Lea County proves by a preponderance of the evidence Plaintiff [name] received during the period in question.

Lea County claims that Plaintiff Zane Brown failed to mitigate his damages. Plaintiff Mr. Brown has a duty under the law to mitigate his damages, that is, to exercise reasonable diligence under the circumstances to minimize his damages.

To succeed on this defense, Lea County must prove, by a preponderance of the evidence: (a) that there was substantially equivalent employment available; (b) Plaintiff Zane Brown failed to use reasonable diligence in seeking those positions; and (c) the amount by which his damages were increased by his failure to take such reasonable action.

"Substantially equivalent employment" in this context means a job that has virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the job he lost. Plaintiff does not have to accept a job that is dissimilar to the one he lost, one that would be a demotion, or one that would be demeaning. The reasonableness of Plaintiff Zane Brown's diligence should be evaluated in light of his individual characteristics and the job market.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff Zane Brown for the harm he has sustained. Do not include as actual damages inter-est on wages or benefits.

In addition to actual damages, you may consider whether to award punitive damages. Punitive damages are damages designed to punish a defendant and to deter similar conduct in the future.

You may award punitive damages if Plaintiff Zane Brown proves by a preponderance of the evidence that:

(1) the individual who engaged in the discriminatory act or practice was acting in a managerial capacity; (2) he engaged in the discriminatory act or practice while acting in the scope of his employment; and (3) he acted with malice or reckless indifference to Plaintiff Mr. Brown's federally protected right to be free from discrimination.

If Plaintiff Zane Brown has proved these facts, then you may award punitive damages, unless Lea County proves by a preponderance of the evidence that the conduct was contrary to its good-faith efforts to prevent discrimination in the workplace.

An action is in "reckless indifference" to Plaintiff Zane Brown's federally protected rights if it was taken in the face of a perceived risk that the conduct would violate federal law. Plaintiff Mr. Brown is not required to show egregious or outrageous discrimination to recover punitive damages. Proof that Lea County engaged in intentional discrimination, however, is not enough in itself to justify an award of punitive damages.

In determining whether Lea County made good-faith efforts to prevent discrimination in the workplace, you may consider whether it adopted anti-discrimination policies, whether it educated its employees on the federal antidiscrimination laws, how it responded to Plaintiff Zane Brown's complaint of discrimination, and how it responded to other complaints of discrimination.

If you find that Lea County acted with malice or reckless indifference to Plaintiff Zane Brown's rights and did not make a good-faith effort to comply with the law, then in addition to any other damages you find Plaintiff Mr. Brown is entitled to receive, you may, but are not required to, award Plaintiff Mr. Brown an additional amount as punitive damages for the purposes of punishing the Lea County for engaging in such wrongful conduct and deterring Lea County and others from engaging in such conduct in the future. You should presume that Plaintiff Mr. Brown has been made whole for his injuries by any actual damages you have awarded.

If you decide to award punitive damages, you should consider the following in deciding the amount:

1. How reprehensible Lea County's conduct was. You may consider whether the harm Plaintiff Zane Brown suffered was physical or economic or both; whether there was violence, intentional malice, or reckless disregard for hu-man health or safety; whether Lea County's conduct that harmed Plaintiff Mr. Brown also posed a risk of harm to others; whether there was

any repetition of the wrongful con-duct or there was past conduct of the same sort that harmed Plaintiff Mr. Brown.

2. How much harm Lea County's wrongful conduct caused Plaintiff Zane Brown and could cause him in the future.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering Lea County's financial condition, to punish Lea County for its conduct toward Plaintiff Mr. Brown and to deter Defendant Mr. Brown and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused Plaintiff Zane Brown.

Jury Instruction No. __

If the plaintiff Zane Brown proves all elements of unlawful retaliation against Lea County under the Title VII Instruction, you must determine whether Lea County has proven that a legitimate nonretaliatory reason justified the adverse employment action against the plaintiff Zane Brown.

If you find that Lea County has not proven a legitimate nonretaliatory reason for adverse employment action against the plaintiff Zane Brown, then you must find for the plaintiff Zane Brown.

If you find that Lea County has proven a legitimate nonretaliatory reason for adverse employment action against the plaintiff Zane Brown, then you must determine whether the nonretaliatory reason was pretextual or otherwise inadequate. If you find that Lea County has proven a legitimate nonretaliatory reason that is not pretextual or otherwise inadequate, then you must find for Lea County.

Jury Instruction No.___

In this case you must also determine whether Lea County violated a statute known as the New Mexico Human Rights Act. An employer violates the Human Rights Act if it engages in any form of retaliation against any person who was opposed any unlawful discriminatory practice or filed a complaint.

Jury Instruction No.___

In this case you must also determine whether Plaintiff suffered adverse employment action because he opposed an unlawful discriminatory practice or filed a complaint. If Plaintiff was subject to adverse employment action because he opposed unlawful discriminatory practice or filed a complaint and his conduct which triggered the action was taken in furtherance primarily of a public interest rather than primarily a private interest, then the discharge was retaliatory and was wrongful.

In determining whether Plaintiff experienced adverse employment action because of his alleged opposition to an unlawful discriminatory practice or by filing a complaint, you must determine whether that conduct was a motivating factor in Lea County's decision to take the adverse action. A motivating factor is a factor that plays a role in the decision to discharge. It need not be the only reason, nor the last nor latest reason, for the discharge.

Special Verdict Form

*Question 1*: Was Zane Brown's alleged opposition to a discriminatory practice or his participation in filing a complaint a motivating factor in the decision to take adverse action against Zane Brown?

*Answer*: _______________ (Yes or No)

Go to Question 2.

*Question 2*: Did Lea County take adverse action against Zane Brown in violation of the New Mexico Human Rights Act?

*Answer*: _______________ (Yes or No)

If you did not answer Question 1(B) or if you answered "No" to Question 1(B), and if the answers to Question 2 and Question 3 are "No," you are not to answer further questions. Your foreperson must sign this special verdict, which will be your verdict for Lea County and against the plaintiff, and you will all return to open court.

If your answer to any of Questions 1 and 2 is "Yes," you are to answer Question 3.

*Question 3*: Did Lea County's conduct cause damage to Zane Brown?

*Answer*: ________________ (Yes or No)

If the answer to Question 3 is "No," you are not to answer further questions. Your foreperson must sign this special verdict, which will be your verdict for Lea County and against the plaintiff, and you will all return to open court.

If the answer to Question 3 is "Yes," also answer Question 4.

*Question 4*: In accordance with the damage instructions given by the court, we find the damages suffered by Zane Brown to be:

| (Elements of damages) | (Amount) |
|---|---|
| ____________________ | $________________ |
| ____________________ | $________________ |

If the answer to Question 2 is "Yes," also answer Question 6.

*Question 5*: Did Zane Brown suffer emotional distress as a result of Lea County's violation of the New Mexico Human Rights Act?

*Answer*: _________________ (Yes or No)

If the answer to Question 5 is "Yes," also answer Question 6.

*Question 6*: In accordance with the damage instructions given by the court, we find the damages suffered by Zane Brown for emotional distress to be $___________________________.

________________________________________
Foreperson

Jury Instruction No. __

The New Mexico Civil Rights Act allows a person to sue a state or local government entity when the person alleges that an employee of the state or local government entity violated their rights under the New Mexico constitution, and the employee of the state or local government entity was acting under color of law in the course and scope of their employment authority.

As an important limitation, the New Mexico Civil Rights Act provides that individuals employed by a public body shall be prohibited from using the Act to pursue a claim arising from the individual's employment by the public body.

The phrase "arising from" is given a broad interpretation by New Mexico courts and is generally understood to mean originating from, having its origin in, growing out of, or flowing from.

Under the New Mexico Civil Rights Act, therefore, the plaintiff Zane Brown must show 1) the acts he alleges he was retaliated against for did not arise from his employment with the Lea County and 2) the retaliation he alleges Lea County committed did not arise from his employment with the Lea County. You must find this in order to proceed to the Instructions.

Jury Instruction No. __

If plaintiff Zane Brown's claims did not arise from his employment, you must determine whether the Lea County deprived him of his rights under Article 2 Section 17 of the New Mexico Constitution which provides that "every person may freely speak, write and publish his sentiments on all subjects...and no law shall be passed to restrain or abridge the liberty of speech or of the press." The plaintiff Zane Brown has the burden of proving that the acts of employees of Lea County deprived him of his rights under Article 2 Section 17 of the New Mexico Constitution when Lea County authorized investigations into Mr. Brown's alleged conduct and authorized written discipline against Zane Brown and demoted Zane Brown from an investigator position to a deputy position.

To establish a violation of Article 2 Section 17, the plaintiff Zane Brown must prove the following additional elements by a preponderance of the evidence:

First, the plaintiff Zane Brown spoke as a private citizen and not as part of his official duties as a public employee;

Second, the plaintiff Zane Brown's speech was protected by Article II, Section 17 of the New Mexico Constitution;

Third, that Lea County took an adverse action against the plaintiff

Fourth, that Lea County's action restricted, punished, retaliated against, or otherwise substantially burdened Plaintiff's right to speech protected by Article II, Section 17;

Fifth, the plaintiff Zane Brown's speech was a substantial or motivating factor for the adverse action; and

Sixth, that Plaintiff suffered damages as a result of Lea County's action.

A "substantial or motivating factor" is a significant factor, though not necessarily the only factor. If the adverse action would not have occurred without the plaintiff Zane Brown's speech, you must find for Lea County.

If the plaintiff Zane Brown establishes each of the foregoing elements, the burden shifts to the Lea County to prove by a preponderance of the evidence that Lea County would have taken the actions in question, even in the absence of any motive to retaliate against the plaintiff Zane Brown, for legitimate reasons. If you find that the Lea County is able to demonstrate this, you must find for the Lea County. If you find that the is not able to demonstrate this, you must find for the plaintiff Zane Brown.

Special Verdict Form

On the questions submitted, the jury finds as follows:

*Question 1*: Did Zane Brown engage in protected speech?

*Answer*: __________ (Yes or No)

If the answer to Question 1 is "Yes," answer Question 2. If "No" then move on to the next Jury Instruction.

*Question 2:* Did Zane Brown's protected speech arise from his employment?

*Answer:* __________ (Yes or No)

If the answer to Question 2 is No, answer Question 3.

*Question 3*: Did Lea County take retaliatory action against Zane Brown?

*Answer*: __________ (Yes or No)

If the answer to Question 3 is "Yes," answer Question 4.

*Question 4*: Was Zane Brown's engagement in protected speech a cause of the retaliatory action by Lea County?

*Answer*: __________ (Yes or No)

If the answer to Question 4 is "Yes," answer Question 5.

*Question 5*: Did Lea County's retaliation against Zane Brown cause damage to Zane Brown?

*Answer*: __________ (Yes or No)

If the answer to Question 5 is "Yes," answer Question 6.

*Question 6*: In accordance with the damage instructions given by the court, we find the damages suffered by Zane Brown to be:

Actual Damages $____________

______________________________________
Foreperson