**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**ZANE BROWN,**
Plaintiff,

**No. 2:23-cv-00355-DHU-GJF**

v.

**LEA COUNTY BOARD OF COUNTY COMMISSIONERS,**
Defendant.

# PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS [DKT. #129]

Plaintiff Zane Brown ("Plaintiff") submits these Objections to Defendant's Proposed Jury Instructions [Dkt. #129]. Pursuant to Section 1(d) of the Court's Order [Dkt. #106-1], Plaintiff serves these objections within three working days of Defendant's submission of its proposed instructions. These objections relate to the instructions on which the parties do not agree. Specifically, these objections refer to Defendant's proposed instructions on cause of action 4 (First Amendment/*Monell*); cause of action no. 2 (Title VII); cause of action no. 3 (New Mexico Civil Rights Act); and cause of action no. 5 (New Mexico Human Rights Act), respectively.[1]

Plaintiff respectfully submits that the errors, omissions, and inconsistencies in Defendant's instructions are so pervasive that the Court should disregard Defendant's instructions and focus its efforts on reviewing Plaintiff's proposed

[1] In an email to the Court on August 21, 2026, Defendant's counsel indicated that there may be other forthcoming proposed instructions on these causes of action, and that counsel could not send those to the Court on August 21 due to a technical issue. As of August 26, Plaintiff has not received any other proposed instructions from Defendant, so Plaintiff will direct its objections to the instructions filed by Defendant on August 21.

instructions and the parties' joint instructions and modifying them where the Court deems appropriate.

**Cause of Action No. 4: First Amendment/*Monell***

- Objection: Defendant's causation instruction is backwards. Defendant proposes the causation instruction to read, "If the adverse employment action would not have occurred without [Brown's] speech, you must find for Lea County." Dkt. #129 at p.3. "Would not have occurred" should be "would have occurred." This same error is in the NMCRA instruction. *Id.* at p.21; *see infra*. Plaintiff surmises that these errors occurred because Defendant was confused by its own double negatives. And that goes to show why, more generally, Defendant's proposed instructions should not be presented to the jury. If Defendant's lawyers cannot understand its instructions, what hope do lay jurors have?

- Objection: Defendant recites the elements of a First Amendment retaliation claim (the *Garcetti/Pickering* factors)[2] and then says Plaintiff must prove these elements. Dkt. #129 at pp.2-5. While Plaintiff of course has the burden of proof on most of the elements, the Tenth Circuit has held that the first three *Garcetti/Pickering* factors are for the Court— whether the protected speech was made pursuant to an employee's official duties; whether the protected speech addressed a matter of public concern; and whether the government's interests as an employer outweigh the employee's free speech rights. *E.g.*, *Timmins v. Plotkin*, 157 F.4th 1275,

[2] *Garcetti v. Ceballos*, 547 U.S. 410 (2006); *Pickering v. Bd. of Educ.*, 391 U.S. 563 (1968).

1277 (10th Cir. 2025). Only the fourth and fifth factors are for the jury—whether the protected speech was a motivating factor in the adverse employment action, and whether defendant would have made the same employment decision in the absence of the protected speech. *Id.* Plaintiff objects to Defendant's instructions because they improperly submit all factors to the jury. Moreover, Defendant's instructions do not even state the factors accurately. For the third factor, Defendant says Plaintiff must show "the [*sic*] Corey Helton took an adverse employment action against the plaintiff" or "the [*sic*] Michael Walker took an adverse employment action against the plaintiff[.]" But that is not one of *Garcetti/Pickering* factors, and in any event, whether something constitutes an adverse employment action is a question for the Court, not the jury. The jury decides whether the action occurred.

- <u>Objection</u>: Defendant's proposed Helton and Walker-specific "adverse action" instructions suffer from an additional infirmity. Dkt. #129 at pp.2-5. Under Defendant's instructions, the jury would need to find Helton or Walker, specifically, took an adverse action against Plaintiff. This is not right, and Plaintiff objects. Defendant's proposed instruction does not line up with Plaintiff's allegations. Plaintiff alleges a series of recommendations, investigations, and decisions by several actors. Plaintiff does not allege Helton and Walker were the sole actors. Plaintiff's proposed instructions adequately address this issue. *See* Dkt. #122 at p.22. Defendant makes the same error in the context of its proposed municipal liability instruction. The subject act need not come from Helton or Walker to be a policy or

custom. *Cf.*, Dkt. #129 at p.6. Plaintiff's proposed municipal liability instructions adequately address this issue. *See* Dkt. #122 at pp.25-27.

- Objection: The Court should ignore Defendant's Helton and Walker-specific adverse action instructions for the reasons discussed above. But to the extent the Court does incorporate some part of Defendant's proposed instructions, Plaintiff objects that Defendant improperly incorporates the "legitimate administrative interest" inquiry into its "same-decision" defense on the Walker portion of its instruction. Dkt. #129 at p.5. Oddly, Defendant does not make this error for the Helton-specific instruction. *Id.* at p.3. For Walker, though, the result is Defendant seems to say it can establish the same-decision defense by showing Walker acted because of "legitimate administrative interests and avoiding workplace disruption which outweigh" Brown's First Amendment interests. *Id.* at p.5. . Those are entirely separate questions that, when blended together as Defendant has done, invite paradoxical answers.

- Objection: Defendant's proposed *Monell* instruction (Dkt. #129 at pp.6-7) improperly omits the final-policymaker route to municipal liability, and focuses only on express policy or widespread/longstanding practice or custom. The Court should include a final policymaker instruction as proposed by Plaintiff. Dkt. #122 at pp.25-27). Defendant's proposed instruction also incorrectly requires adverse action by Helton or Walker as addressed above.

- Objection: Defendant proposes that the County may have retaliated against Plaintiff by "authoriz[ing] investigations into Mr. Brown's alleged conduct and

authoriz[ing] written discipline against Zane Brown and demot[ing] Zane Brown…." Dkt. #129 at p.2. This improperly omits other instances of retaliation including post-employment actions. *See, e.g.*, *Worrell v. Henry*, 219 F.3d 1197, 1213 (10th Cir. 2000) (plaintiff need not be current employee to bring First Amendment retaliation claim).

**Cause of Action No. 2: Title VII/Retaliation**

- Objection: Defendant's Title VII instruction limits the actionable retaliation to "discipline and demotion." Dkt. #129 at 9. Plaintiff objects that this formulation is far too narrow. Defendant's formulation fails to mention administrative leave, and more importantly, the claimed post-employment interference/blacklisting. Such retaliation is actionable under, *inter alia*, *Robinson v. Shell Oil Co.*, 519 U.S. 337, 346 (1997) (post-employment retaliation actionable under Title VII).

- Objection: Defendant improperly, and awkwardly, tries to import the *McDonnell-Douglas* framework into its Title VII instructions. To wit, Defendant proposes that after Plaintiff proves the elements of retaliation, the jury must decide whether the County has proven a legitimate nonretaliatory reason, and then, if it has, determine whether Brown proves that reason is pretextual. Dkt. #129 at p.14. This is *McDonnell Douglas*. *McDonnell Douglas* is a court-administered analytical framework, principally used at summary judgment, that drops out in a jury trial. *Whittington v. Nordam Grp. Inc.*, 429 F.3d 986, 993 (10th Cir. 2005) ("We have repeatedly stated that juries are not to apply the *McDonnell Douglas* framework…Because the employer will present evidence of a proper motive in almost every case, the ultimate question for the jury simply becomes which party's

explanation of the employer's motivation it believes.") (internal quotations omitted); *Barrett v. Salt Lake Cnty.*, 754 F.3d 864, 867 (10th Cir. 2014) (Gorsuch, J.) ("By this point in the proceedings the *McDonnell Douglas* proxy 'drops out' and we ask instead the dispositive underlying Title VII question: has the plaintiff presented enough evidence to warrant a jury finding that the adverse employment action taken against him was taken in retaliation for his protected civil rights activity?").[3]

- Objection: Defendant's proposed Title VII damages instruction improperly submits punitive damages. Dkt. #129 at p.11. Punitive damages are unavailable against a government, government agency, or political subdivision under 42 U.S.C. § 1981a(b)(1).

- Objection: Defendant's proposed Title VII damages instruction improperly submits backpay to the jury. Dkt. #129 at p.10. Under Title VII, backpay is an equitable remedy for the Court. *Tudor v. Se. Oklahoma State Univ.*, 13 F.4th 1019, 1047 (10th Cir. 2021) ("Backpay is viewed as equitable relief in a Title VII case to be decided by the judge…."). To be clear, backpay is recoverable under Plaintiff's NMHRA claim. So, Plaintiff is not proposing that the jury not decide backpay. But when the jury does so, it will be under the NMHRA.

---

[3] At trial, Plaintiff must prove retaliation, yes, but Plaintiff does not need to prove Defendant's stated reasons are pretextual. Defendant's causation formulation on page 9 is better. But Defendant mucks up the waters by incorporating *McDonnell-Douglas* at page 14.

**<u>Cause of Action No. 3: New Mexico Civil Rights Act ("NMCRA")</u>**

- <u>Objection</u>: Plaintiff objects to Defendant's including the NMCRA employment carveout in a separate instruction and a prerequisite to the jury reaching Plaintiff's NMCRA claim. Dkt. #129 at p.19. The jury should not decide whether the acts at issue arose from Plaintiff's employment. The pretrial order states that the applicability of the employment carveout was a "contested issue of law." Pre-Trial Order, Dkt. #108, at p.9 (item 2(d)). Of Defendant's 17 contested fact issues in the pretrial order, none relate to the employment carveout. *Id.* at pp.5-8.[4] The Court alone decides whether the employment carveout applies.

- <u>Objection</u>: In the same instruction, Defendant seeks to impose a requirement that Plaintiff's "act" did not arise from his employment. Dkt. #129 at p.19. That misstates the employment carveout. Under the carveout, it is the <u>claim</u> that must not arise from employment, not the underlying act. NM Stat § 41-4A-3(D).

- <u>Objection</u>: As noted above, Defendant improperly inverts the causation instruction. Dkt. #129 at p.21. Plaintiff objects on this basis.

- <u>Objection</u>: Similar to Plaintiff's First Amendment claim, Defendant's NMCRA instruction (Dkt. #129 at p.20) improperly prompts the jury to decide questions of law that should be reserved for the Court. See arguments raised by Plaintiff above under *C*ause of Action No. 4. Defendant also has a strange circular instruction about how speech is protected if it is "protected by Article II, Section 17 of the New Mexico

[4] Similar to Defendant's Motions in Limine, Defendant seems to be using its proposed jury instructions to rehash issues where the Court already held against Defendant at the summary judgment hearing on July 13, 2026.

Constitution." Dkt. #129 at p.20. Overall, Defendant's proposed NMCRA instruction is a Frankenstein-like patchwork of Defendant's already incorrect First Amendment instruction. The parties agreed to an interstitial approach to Plaintiff's NMCRA Section 17 claim, Pre-Trial Order, Dkt. #108, at p.8. That is what Plaintiff' has tried to do in his proposed instructions.

- Objection: Defendant proposes that the County's actions must have "substantially burdened" Plaintiff's free-speech rights to be actionable under the NMCRA. Dkt. #129 at p.20. This "substantial burden" language is nowhere in federal precedent, and it is not present in the parties' federal free-speech claim. The New Mexico Constitution, like the First Amendment, prohibits retaliation—even a little retaliation—for engaging in protected speech. Given the interstitial approach, Plaintiff objects to Defendant's proposed language.

- Objection: Defendant proposes the County may have retaliated against Plaintiff "by authoriz[ing] investigations into Mr. Brown's alleged conduct and authoriz[ing] written discipline against Zane Brown and demot[ing] Zane Brown from an investigator position…" Dkt. #129 at p.20. But again, Defendant is omitting post-employment retaliation. For the same reasons as Defendant's instructions are improper under Plaintiff's Title VII claim, Defendant's proposed instruction under the NMCRA is improper.

**Cause of Action No. 5: New Mexico Human Rights Act ("NMHRA")**

- Objection: Defendant proposes that to succeed on his NMHRA claim, Plaintiff must prove he had a "public interest rather than private interest." Dkt. #129 at p.16.

This is not right. There is no public interest requirement to bring an NMHRA retaliation claim. Defendant seems to be incorporating this concept from a common law retaliation instruction/claim not at issue. *See* UJI 13-2304.

- Objection: Defendant describes protected conduct as opposing "an unlawful discriminatory practice." Dkt. #129 at p.16. Plaintiff does not suggest omitting the word "unlawful," but there should be an additional instruction telling the jury what it means to oppose an unlawful discriminatory practice. This is what Plaintiff proposed. Dkt. #122 at p.34.[5] Without such an instruction, the jury may wrongly think that discrimination against Ahmaad White must have actually been unlawful for Plaintiff to succeed on his NMHRA claim, which is not the law. The NMHRA does not require that Plaintiff prove the underlying discrimination actually occurred, or that the underlying discrimination was in fact unlawful.

---

[5] In Plaintiff's NMHRA instruction, Plaintiff proposed Brown must have "reasonably believed" the discrimination occurred. Dkt. #122 at p.34. Plaintiff proposed this instruction because, under *Goodman v. OS Rest. Servs., LLC*, 2020-NMCA-019, whether a statement is protected may turn on the employee's belief rather than an actual underlying violation. Per *Imming v. De La Vega*, No. A-1-CA-39116 (Feb. 1, 2023) (unpublished), a freestanding federal "good faith" requirement has not been clearly or universally incorporated into New Mexico law. Whatever formulation is used, Plaintiff believes it important to clarify for the jury that the discrimination does not itself need to be unlawful.

Dated: August 26, 2026

**Respectfully submitted,**

**WGLA, LLP**

By: */s/ Curtis Waldo*
Curtis Waldo
curtis@wglawllp.com
Benjamin Gubernick
ben@wglawllp.com
Telephone: 346-394-8056
Fax: 346-341-0169
717 Texas St. Suite 1200
Houston, TX 77002

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2026, I caused the foregoing document to be served on counsel of record and filed with the Court.

*/s/ Curtis Waldo*
Curtis Waldo