**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**ZANE BROWN,**

**Plaintiff,** **No. 2:23-CV-00355-DHU-GJF**

**v.**

**LEA COUNTY BOARD OF COUNTY COMMISSIONERS,**

**Defendant.**

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S FED. R. CIV. P. 12(B)(1) MOTION TO DISMISS PLAINTIFF'S COUNT II AND VI CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION (DKT. 149)**

Plaintiff Zane Brown ("Plaintiff"), through undersigned counsel, responds as follows to the Lea County Board of County Commissioners' ("Defendant") Fed. R. Civ. P. 12(b)(1) Motion to Dismiss Plaintiff's Count II and VI claims for Lack of Subject Matter Jurisdiction (Dkt. 149, the "MTD" or "Def. Mot."). As discussed below, the motion is frivolous and warrants denial.

## I. LEGAL STANDARD

A Rule 12(b)(1) subject matter jurisdiction challenge "take[s] one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations [about] subject-matter jurisdiction; or (2) a challenge to the actual facts upon which subject-matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citation omitted). The party invoking federal jurisdiction bears the burden to establish that it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## II. BACKGROUND

On January 26, 2023, Plaintiff received a right-to-sue letter from the EEOC. *See* Exhibit A to MTD.

On April 26, 2023, Plaintiff filed suit in this Court under 42 U.S.C. § 1983 and the New Mexico Whistleblower Protection Act. *See* Dkt. 1. Plaintiff alleged that LCSO had retaliated against him for "report[ing] … misconduct and discrimination" at the Lea County Sheriff's Office. *Id.* at ¶ 37. Plaintiff further alleged that he spoke out to "protect citizens and other officers from invidious discrimination." *Id.* at ¶ 46.

On July 21, 2023, Plaintiff filed an amended complaint that added more details about the alleged racial discrimination at LCSO. *See* Dkt. 3. Another amended complaint was filed on July 12, 2024, to remove an improper party. Dkt. 29.

On July 24, 2025, Plaintiff filed the operative Third Amended Complaint (Dkt. 35). This amendment added claims under Title VII and the New Mexico Human Rights Act. *Id.*

In the late afternoon on August 31, 2026, Defendant sent Plaintiff a draft of the MTD. *See* attached Exhibit 1. The email asked Plaintiff to provide "comments" by 10:00 AM the following morning. *Id.* Plaintiff responded on the evening of August 31 with a list of obvious defects in the motion. *Id.*

Most prominently, Plaintiff pointed out that the draft MTD's Title VII arguments were simply wrong. The draft MTD repeatedly said the 90-day right-to-sue deadline was jurisdictional, even though the Supreme Court had long ago held otherwise. *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982) ("We hold

that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court[.]").

The next day, Defendant brushed off Plaintiff's objection as "a mere disagreement over case law," (*id.*), and filed the MTD essentially unchanged.

## III. ARGUMENT

### A. Defendant's Title VII Arguments are Refuted by Binding Precedent.

As the Court noted at the August 31, 2026 status conference, the dispositive motion deadline has come and gone. To the extent Defendant wished to move for summary judgment on Plaintiff's Title VII claim based on an affirmative defense (such as a statute of limitations) it had to do that months ago.

The MTD sidesteps that problem by challenging the Court's subject matter jurisdiction. But in so doing, the MTD runs headlong into a more serious issue: when it comes to Title VII claims, timely filing is not jurisdictional. In *Zipes*, the Supreme Court held that In *Zipes*, the Supreme Court held that "the provision for filing charges with the EEOC should not be construed to erect a jurisdictional prerequisite to suit in the district court." 455 U.S. at 397. And in *Gonzalez-Aller Balseyro v. GTE Lenkurt, Inc.,* 702 F.2d 857, 859 (10th Cir. 1983), the Tenth Circuit ruled that the holding in *Zipes* "clearly … applies as well to this ninety-day period." *See also*, *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995) (same); *Brown v. Agen*, 2010 WL 3733026, at * 1 (D.Colo.2010) ("It is well settled that the 90–day period for filing a civil lawsuit after

final disposition of a complaint by the EEOC is … not jurisdictional but is in the nature of a statute of limitations.”).

Nonetheless, Defendant insists throughout its motion that “this Court lacks subject matter jurisdiction to adjudicate Plaintiff's Title VII … claim[] and must dismiss [it].” MTD at 2. *See also*, *id*. at 3 (“Plaintiff failure to raise Title VII or NMHRA claims until his July 21, 2023 First Amended Complaint [Doc. 3] renders these claims untimely and without subject matter jurisdiction to proceed to trial.”); *id*. at 6 (“the Court must dismiss Plaintiff's Title VII and NMHRA claims for lack of subject matter jurisdiction.”).

The MTD does not explain how its position is tenable given *Zipes*, *Gonzalez-Aller*, or *Million*. Indeed, it does not mention any of those authorities, even though Plaintiff alerted Defendant to *Zipes*. Plaintiff will not speculate on why Defendant considers it appropriate to brush off binding, on-point authority. Plaintiff will point out, however, that there is a big difference between a “mere disagreement over case law” and a disagreement *with* case law. Especially when that case law comes from the Supreme Court.

That disposes of the Rule 12(b)(1) motion as to Count II. And the Court should not convert it into a late Rule 12(c) or Rule 56 motion. Rule 12(b) motions must be filed before an answer; Rule 12(c) motions must be filed early enough not to delay trial; and dispositive motions were due in early May. The County requested no modification of the schedule and showed no good cause. It cannot evade those rules by using the wrong jurisdictional label.

**B. Plaintiff's NMHRA Claim Relates Back.**

Unlike with Title VII, the 90-day filing requirement is jurisdictional for purposes of Plaintiff's New Mexico Human Rights Act ("NMHRA") under New Mexico law. *Mitchell-Carr v. McLendon,* 1999-NMSC-025, ¶ 20. However, the County admits the original complaint was filed within ninety days of the right-to-sue letter. MTD at 1-2. And under Rule 15(c)(1)(B), an amended claim relates back if it arose from the "conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."

Here, that standard is readily met. The original complaint alleged that Brown was punished for reporting "invidious discrimination" at LCSO. Although the amended complaints supplied more detail, the actors, time period, retaliatory campaign, disciplinary acts, injuries, and theory of causation are the same. Thus, Plaintiff's NMHRA claim is timely under a straightforward application of the relation back doctrine.

Defendant disputes the doctrine's application because the "NMHRA claim['s] … underlying facts did not arise out of the same conduct, transaction, or occurrence." MTD at 3. But that is pure *ipse dixit*, and an incorrect legal standard. As the MTD concedes, the test is whether the new claim is based on facts that "differ in time and type from those the original pleading set forth." MTD at 4, citing *Hernandez v. Valley View Hosp. Ass'n*, 684 F.3d 950, 962 (10th Cir. 2012). Defendant focuses on the details of Brown's reports while ignoring the operative transaction: the same retaliatory campaign, by the same actors, during the same period, through the same disciplinary

and employment actions. The amended pleadings identify the specific racial discrimination encompassed by the original complaint's allegations of "misconduct and discrimination"; they did not introduce a new retaliatory episode.

And to the extent Defendant contends *Hernandez* somehow creates a categorical rule that an NMHRA claim can never relate back, the Tenth Circuit has explained why that argument is wrong. In *Sylvia v. Trevino,* 842 F. App'x 175 (10th Cir. 2020) (unpublished), the Court held that a claim may relate back even when the original complaint did not state that claim, so long as it contained the "basic factual predicate." *Id.* at 178. It then rejected the same reading of *Hernandez* advanced here: "*Hernandez* has very little to do with this case. It certainly does not establish a rule that retaliation claims cannot relate back." *Id.* at 179. *Hernandez* merely held that an EEOC charge is not the "original pleading"; the appellant there did not challenge the conclusion that her new allegations were discrete. *Id.* As *Brown* relies on his timely filed original complaint—not his EEOC charge—*Hernandez* is inapposite.

Finally, the MTD's repeated discussion of Walker's drunk driving is a distraction. The NMHRA claim rests on Brown's opposition to discrimination in White's hiring process, not Brown's complaint about Walker endangering the community. The sole inquiry is whether Plaintiff's NMHRA claim arises from the discrimination and retaliation alleged in Dkt. 1. It plainly does.[1]

**C. Dismissal with Prejudice is Not an Available Remedy.**

---

[1] Although the Court need not reach the issue, Plaintiff's Title VII claim relates back for the same reasons.

Finally, Defendant's repeated demands for dismissal with prejudice are simply bizarre. A court that lacks subject matter jurisdiction cannot dismiss a claim with prejudice. *See* Exhibit 1. Thus, Defendant's Rule 12(b)(1) motion is internally inconsistent—the MTD is at once arguing against subject matter jurisdiction, while demanding adjudication on the merits.

Again, Plaintiff explained that to Defendant in the August 31 conferral email. *See* Exhibit 1. Plaintiff even directed Defendant to *Herrera v. Las Cruces Public Schools*, where the Tenth Circuit affirmed dismissal of an NMHRA claim as untimely, yet remanded with instructions to dismiss it *without* prejudice. 695 F. App'x 361, 373 (10th Cir. 2017) (unpublished). But Defendant disregarded *Herrera* as "unpublished and not on-point" (Exhibit 1 at), and refused to remove its demand for dismissal with prejudice.

Of course, *Herrera* is on-point. And there are plenty of published Tenth Circuit cases that say the same thing. *See e.g.*, *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("Dismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits."). Defendant identifies no authority that permits a merits dismissal after the court determines jurisdiction is absent.

## IV. CONCLUSION

For the foregoing reasons the MTD should be denied.

Respectfully submitted,

[signature on following page]

**WGLA, LLP**

By: /s/Benjamin Gubernick
Benjamin Gubernick (SBN 145006)
E-mail: ben@wglawllp.com
Curtis Waldo (SBN 163604)
Email: curtis@wglawllp.com
Telephone (346) 277-0287
Fax: 346-341-0169
717 Texas St. Suite 1200
Houston, TX 77002

## CERTIFICATE OF SERVICE

I certify that the foregoing was served on counsel for Defendant via email on September 4, 2026.

By /s/ Benjamin Gubernick
BENJAMIN GUBERNICK

# EXHIBIT 1

Gmail **Ben Gubernick <ben@wglawllp.com>**

## Lea County adv. Brown

7 messages

---

**Julie Bauer** <jb@mynattspringer.com> Mon, Aug 31, 2026 at 5:44 PM
To: ben <ben@wglawllp.com>, curtis <curtis@wglawllp.com>
Cc: Haley Grant <hrg@mynattspringer.com>, "Benjamin J. Young" <bjy@mynattspringer.com>, Blaine Mynatt <btm@mynattspringer.com>, Brandi Breen <bb@mynattspringer.com>

Good afternoon:

Attached is Defendant Lea County Board of County Commissioners' Fed. R. Civ. P.12(B)(1) Motion to Dismiss Plaintiff's Count II and VI Claims for Lack of Subject Matter Jurisdiction for your review.

Please get back to us and provide your comments by 10:00 a.m. (MDT) tomorrow morning.

Thank you,
Julie Bauer
Paralegal
Mynatt Springer P.C.
1600 Hickory Loop, Las Cruces, NM 88005
PO Box 2699, Las Cruces, NM 88004
Office: (575) 524-8812 ext. 109 /Direct (575) 222-4049
Fax: (575) 524-0726
jb@mynattspringer.com

This message may contain confidential and/or privileged information. If you are not the addressee or authorized to receive this for the addressee, you must not use, copy, disclose, or take any action based on this message or any information herein. If you have received this message in error, please advise the sender immediately by reply e-mail and delete this message. Thank you for your cooperation.

---

**2026.08.30 12b1 MTD.pdf**
194K

---

**Ben Gubernick** <ben@wglawllp.com> Mon, Aug 31, 2026 at 5:59 PM
To: Curtis Waldo <curtis@wglawllp.com>

I'll draft a response
[Quoted text hidden]

---

**2026.08.30 12b1 MTD.pdf**
194K

---

**Ben Gubernick** <ben@wglawllp.com> Mon, Aug 31, 2026 at 6:38 PM
To: Julie Bauer <jb@mynattspringer.com>

Cc: curtis <curtis@wglawllp.com>, Haley Grant <hrg@mynattspringer.com>, "Benjamin J. Young" <bjy@mynattspringer.com>, Blaine Mynatt <btm@mynattspringer.com>, Brandi Breen <bb@mynattspringer.com>

The Title VII subject matter jurisdiction argument is just wrong. See *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) ("We hold that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."). This issue should have been raised (if at all) before the dispositive motion deadline.

I agree that a timely charge is required for subject matter jurisdiction over the NMHRA. But you're asking for dismissal with prejudice, which requires jurisdiction. This exact situation is discussed in *Herrera v. Las Cruces Pub. Schs.*, 695 F. App'x 361, 373 (10th Cir. 2017).

Your relation back argument is also wrong. The case on point is *Sylvia v. Trevino*, 842 F. App'x 175 (10th Cir. 2020). It rejects your interpretation of *Hernandez*.

I'm not exactly sure what you mean by the allegations taking "twists and turns ... as [Plaintiff] has apparently become more familiar with the law[.]" But it's unprofessional.  And ironic, given the above.

The tl;dr version is we oppose.

Ben

[Quoted text hidden]

---

**Haley Grant** <hrg@mynattspringer.com> Mon, Aug 31, 2026 at 6:51 PM
To: ben <ben@wglawllp.com>
Cc: curtis <curtis@wglawllp.com>, "Benjamin J. Young" <bjy@mynattspringer.com>, Blaine Mynatt <btm@mynattspringer.com>, Brandi Breen <bb@mynattspringer.com>, Julie Bauer <jb@mynattspringer.com>

Good Afternoon,

We'll note Plaintiff's opposition and plan to file in the morning.

Thanks,

Haley R. Grant

Attorney at Law

Mynatt Springer P.C.

1660 Hickory Loop Las Cruces, NM 88005

P.O. Box 2699 Las Cruces, NM 88004

Direct (575) 222-4418 Fax (575) 524-0726

hrg@mynattspringer.com

www.mynattspringer.com

MYNATT SPRINGER P.C.
ATTORNEYS

This e-mail message may contain personal and confidential information intended solely for the use of the individual or entity to whom it is addressed and others who have been specifically authorized to receive it. If you are not the intended recipient, dissemination, distribution or copying of this communication is strictly prohibited. Please contact the sender at (575) 524-8812 immediately if you are not the intended recipient.

[Quoted text hidden]

---

**Ben Gubernick** <ben@wglawllp.com> Mon, Aug 31, 2026 at 6:54 PM
To: Haley Grant <hrg@mynattspringer.com>
Cc: curtis <curtis@wglawllp.com>, "Benjamin J. Young" <bjy@mynattspringer.com>, Blaine Mynatt <btm@mynattspringer.com>, Brandi Breen <bb@mynattspringer.com>, Julie Bauer <jb@mynattspringer.com>

Can you guys at least fix the Title VII jurisdiction problem so we don't have to file a Rule 11 motion?
[Quoted text hidden]

---

**Haley Grant** <hrg@mynattspringer.com> Tue, Sep 1, 2026 at 11:25 AM
To: ben <ben@wglawllp.com>
Cc: curtis <curtis@wglawllp.com>, "Benjamin J. Young" <bjy@mynattspringer.com>, Blaine Mynatt <btm@mynattspringer.com>, Brandi Breen <bb@mynattspringer.com>, Julie Bauer <jb@mynattspringer.com>

I'm not sure how you get to Rule 11 sanctions for a mere disagreement over case law, but here are the issues with the case law you cited. Unless we hear from you by noon, we'll move forward with the motion to dismiss.

*Zipes* did not address the timeliness of Title VII claims filed in district court, only the timeliness of the charge of discrimination. *Zipes* is not material to the position in the motion to dismiss.

*Herrera* is also unpublished and not on point, because it addressed a facial rather than a factual attack on jurisdiction where the actual underlying facts demonstrated that the complaint was actually timely. Here, as you note, Plaintiff's claims were untimely filed. With where we are in the case, I also fail to see the practical difference of a dismissal without prejudice before trial and a dismissal of prejudice. Even if the NMHRA claims were dismissed without prejudice, they cannot be brought as untimely.

- The *Herrera* court wrote that "[t]his is an important distinction because, as it turned out, defendants' challenge to [the plaintiff]'s compliance with the limitations period was in the nature of a factual attack rather than a facial attack. A "facial attack" is based on the complaint's allegations as to subject matter jurisdiction and questions the sufficiency of the complaint *whereas a factual attack goes beyond the complaints allegations and challenges the facts upon which subject matter depends*. Here, defendants sought dismissal based only on the allegations in the complaint and the nondetermination order, which was referenced in the complaint and attached to their dismissal motion…[the plaintiff] *made additional factual allegations regarding possible mailing and receipt dates that were later than the dates she alleged in her complaint (and more favorable to her)*. Hence, we construe the defendants' motion as a factual attack on the court's subject matter jurisdiction."

*Sylvia* is also unpublished, not on point, and relies on *Hernandez*, even though the issue of relation back was not addressed on appeal.

- The court wrote, "Importantly the appellant did not argue against the district court's ruling that the retaliation claim raised new and discrete allegations that were not pled in her original complaint, so we never described the proposed amendment in greater detail." Rather, "[t]he appellant instead argued that a mention of retaliation in her EEOC charge was enough. [Citing Hernandez, the court] disagreed, reasoning that an EEOC charge is not an "original pleading," for Rule 15(c)(1)(B) purposes." Ultimately, the plaintiff "point[ed the court] to no case, however, holding or suggesting that the need to supply dates for events mentioned or implied in the original complaint creates a difference in both time and type."

[Quoted text hidden]

---

**Haley Grant** <hrg@mynattspringer.com> Tue, Sep 1, 2026 at 11:28 AM
To: ben <ben@wglawllp.com>
Cc: curtis <curtis@wglawllp.com>, "Benjamin J. Young" <bjy@mynattspringer.com>, Blaine Mynatt <btm@mynattspringer.com>, Brandi Breen <bb@mynattspringer.com>, Julie Bauer <jb@mynattspringer.com>

Also on the dispositive motions deadline, that is addressed in our legal standards section where jurisdictional arguments may be raised at any time including trial including sua sponte. Thus, the dispositive motions deadline does not apply.

Haley R. Grant

Attorney at Law

Mynatt Springer P.C.

1660 Hickory Loop Las Cruces, NM 88005

P.O. Box 2699 Las Cruces, NM 88004

Direct (575) 222-4418 Fax (575) 524-0726

hrg@mynattspringer.com

www.mynattspringer.com

MYNATT SPRINGER P.C.
ATTORNEYS

This e-mail message may contain personal and confidential information intended solely for the use of the individual or entity to whom it is addressed and others who have been specifically authorized to receive it. If you are not the intended recipient, dissemination, distribution or copying of this communication is strictly prohibited. Please contact the sender at (575) 524-8812 immediately if you are not the intended recipient.

[Quoted text hidden]