**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ZANE BROWN,

Plaintiff,

No. 2:23-CV-00355-DHU-GJF

v.

LEA COUNTY BOARD OF
COUNTY COMMISSIONERS,

Defendant.

**Verdict Form 1**
**First Amendment/New Mexico Civil Rights Act**

On the questions submitted, the jury finds as follows:

**A). Speech concerning Ahmaad White**

*Question 1*: Did Plaintiff Zane Brown express a genuine concern about racial bias in the handling of Ahmaad White's employment application?

*Answer*: Yes (Yes or No)

If the answer to Question 1 is "Yes," answer Question 2. If "No" then move on to the next subsection "Speech concerning Michael Walker."

*Question 2*: Did the County retaliate against Plaintiff Zane Brown for this speech?

*Answer*: Yes (Yes or No)

If the answer to Question 2 is "Yes," answer Question 3. If "No" then move on to the next subsection "Speech concerning Michael Walker."

*Question 3*: Was Plaintiff Zane Brown's speech a substantial motivating cause of the retaliatory action by the County?

*Answer*: Yes (Yes or No)

If the answer to Question 3 is "Yes," answer Question 4. If "No" then move on to the next subsection "Speech concerning Michael Walker."

*Question 4*: Has the County shown that it would have taken the actions against Zane Brown even if Brown had never made raised concerns about racial bias in Ahmaad White's employment application?

*Answer*: No (Yes or No)

If the answer to Question 4 is "No," move on to Question 5. If the answer to Question 4 is "Yes," then move on to the next subsection "Speech concerning Michael Walker."

*Question 5*: Did the County's retaliation against Zane Brown cause damage to Mr. Brown?

*Answer*: Yes (Yes or No)

If the answer to Question 5 is "Yes," answer Question 6. If the answer to Question 5 is "No," then move on to the next subsection "Speech concerning Michael Walker."

*Question 6*: In accordance with the damage instructions given by the court, we find the damages suffered by Zane Brown to be:

Actual Damages: $ 200,000

**B). Speech concerning Michael Walker**

*Question 1*: Did Plaintiff Zane Brown raise concerns that Michael Walker drove while intoxicated on July 2, 2022, which the County learned about?

*Answer*: Yes (Yes or No)

If the answer to Question 1 is "Yes," answer Question 2. If "No" then move on to the next Jury Instruction.

*Question 2*: Did the County retaliate against Plaintiff Zane Brown for this speech?

*Answer:* Yes (Yes or No)

If the answer to Question 2 is "Yes," answer Question 3. If "No" then move on to the next Jury Instruction.

*Question 3*: Was Plaintiff Zane Brown's speech a substantial motivating cause of the retaliatory action by the County?

*Answer*: Yes (Yes or No)

If the answer to Question 3 is "Yes," answer Question 4. If the answer to Question #3 is "No," then move on to the next Jury Instruction.

*Question 4*: Has the County shown that it would have taken the actions against Zane Brown even if Brown had never raised concerns about Michael Walker's drunk driving?

*Answer*: No (Yes or No)

If the answer to Question 4 is "No," move on to Question 5. If the answer to Question 4 is "Yes," then move on to the next Jury Instruction concerning Title VII Retaliation and do not answer Questions 5 and 6.

*Question 5*: Did the County's retaliation against Zane Brown cause damage to Mr. Brown?

*Answer*: Yes (Yes or No)

If the answer to Question 5 is "Yes," answer Question 6.

*Question 6*: In accordance with the damage instructions given by the court, we find the damages suffered by Zane Brown to be:

| |
|---|
| Actual Damages: $ 200,000 |

If the answer to either Question 5 above is "Yes," you must proceed to the Instruction for § 1983 Municipal Liability. If the answer to both Questions 5 is, "No," or if you did not reach Question 5, do not proceed to the Instruction for § 1983 Municipal Liability.